| | |
|---|---|
| 1 | BONNETT FAIRBOURN FRIEDMAN |
|   |   & BALINT, P.C. |
| 2 | ANDREW S. FRIEDMAN (AZ005425) |
|   | KEVIN HANGER (AZ027346) |
| 3 | 2901 N. Central Avenue, Suite 1000 |
|   | Phoenix, AZ  85012 |
| 4 | Telephone:  602/274-1100 |
|   | 602/274-1199 (fax) |
| 5 | afriedman@bffb.com |
|   | khanger@bffb.com |
| 6 | |
|   | [Proposed] Liaison Counsel for Plaintiff |
| 7 | |
|   | ROBBINS GELLER RUDMAN |
| 8 |   & DOWD LLP |
|   | MICHAEL J. DOWD |
| 9 | MARK SOLOMON |
|   | DANIEL S. DROSMAN |
| 10 | JASON A. FORGE |
|   | DANIELLE S. MYERS |
| 11 | 655 West Broadway, Suite 1900 |
|   | San Diego, CA  92101 |
| 12 | Telephone:  619/231-1058 |
|   | 619/231-7423 (fax) |
| 13 | miked@rgrdlaw.com |
|   | marks@rgrdlaw.com |
| 14 | dand@rgrdlaw.com |
|   | jforge@rgrdlaw.com |
| 15 | dmyers@rgrdlaw.com |
| 16 | [Proposed] Lead Counsel for Plaintiff |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| MARK SMILOVITS, Individually and on Behalf of All Others Similarly Situated,<br><br>                            Plaintiff,<br><br>      vs.<br><br>FIRST SOLAR, INC., et al.,<br><br>                            Defendants. | No. 2:12-cv-00555-DGC<br><br><u>CLASS ACTION</u><br><br>MINEWORKERS' PENSION SCHEME AND BRITISH COAL STAFF SUPERANNUATION SCHEME'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |

708072_1

## I. INTRODUCTION

Presently pending in this district is a securities class action lawsuit on behalf of all purchasers of First Solar, Inc. ("First Solar" or the "Company") securities between April 30, 2008 and February 28, 2012 (the "Class Period") against First Solar, the Company's founder, Chairman and interim CEO (Michael J. Ahearn), former CEO (Robert J. Gillette), CFO and CAO (Mark R. Widmar), former CFO (Jens Meyerhoff) and former CAO (James Zhu) for violations of the Securities Exchange Act of 1934 (the "1934 Act"). In securities class actions, the PSLRA requires district courts to "consider any motion made by a purported class member" and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

The Mineworkers' Pension Scheme and British Coal Staff Superannuation Scheme (collectively, the "Pension Schemes") should be appointed as lead plaintiff because: (1) they timely filed this Motion; (2) to their counsel's knowledge, they have the largest financial interest in the relief sought by the class; and (3) they will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension Schemes' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. STATEMENT OF FACTS

First Solar, based in Tempe, Arizona, designs and manufactures solar modules using a thin film semiconductor technology. The Company's purported novel production method was supposed to have allowed First Solar to make solar cells for less than half the cost of its competitors. While the Company's solar panels were less efficient than most traditional polysilicon manufactured panels, First Solar claimed it had been able to compete as a low-cost producer of solar modules due to the vast price differential.

The Complaint alleges that defendants issued materially false and misleading statements regarding the Company's competitive position and its prospects during the Class Period. As a result of defendants' false statements, First Solar's stock traded at artificially

inflated prices during the Class Period, reaching a high of $311.14 per share on May 16, 2008.

After the market closed on February 28, 2012, First Solar issued a press release announcing a surprising diluted earnings per share loss of $4.78 for the fourth quarter and $0.46 per share for the fiscal year. The decrease in net sales for the fourth quarter was "primarily due to the timing of revenue recognition in [the Company's] systems business and lower for module-only sales." Complaint, ¶3. In addition, the Company disclosed various charges, including a $164 million charge for warranty payments to replace equipment that cause premature power loss in certain panels. A substantial part of the fourth quarter loss was attributable to a $3.90 per share charge related to goodwill impairment, a $1.67 per share charge related to warranty expense and a $0.43 per share charge related to restructuring activities. On this news, First Solar's stock declined 11% on high volume, as indicated on the chart below:



The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were: (a) the full impact of certain manufacturing flaws on the Company's earnings; (b) that the Company was improperly recognizing revenue concerning certain products in its systems business; (c) that the Company lacked adequate

- 2 -

708072_1

1  internal and financial controls; and (d) that, as a result of the foregoing, the Company's
2  statements were materially false and misleading.

3  As the truth began to leak into the market, First Solar's artificially inflated stock
4  declined a significant amount (and has continued to decline). These revelations, and the
5  elimination of the artificial inflation from First Solar's stock price, caused real economic loss
6  to investors who purchased First Solar securities at artificially inflated prices during the
7  Class Period.

8  **III.   ARGUMENT**
9  **A.   The Pension Schemes Should Be Appointed Lead Plaintiff**

10  The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each
11  private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant
12  to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-
13  4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated
14  national business-oriented publication or wire service not later than 20 days after filing of the
15  first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court
16  shall adopt a presumption that the most adequate plaintiff is the person or group of persons
17  that –

18  (aa) has either filed the complaint or made a motion in response to a notice . . .;
19  
20  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

21  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
22  
23  15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The
24  Pension Schemes meet each of these requirements and should therefore be appointed as lead
25  plaintiff.

26  **1.   This Motion Is Timely**
27  The notice published in this action on March 16, 2012 advised class members of: (1)
28  the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and

- 3 -

708072_1

(4) the right to move the Court to be appointed as lead plaintiff within 60 days from March 16, 2012, or May 15, 2012. *See* Ex. 1 attached hereto. Because this motion is timely filed, the Pension Schemes are entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Schemes Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Schemes expended more than $33 million purchasing in excess of 211,000 shares of First Solar securities on the NASDAQ at artificially inflated prices and suffered harm of more than $24 million as the price of First Solar stock fell during the Class Period. *See* Ex. 2 attached hereto. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Pension Schemes satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pension Schemes Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The Pension Schemes satisfy these requirements at this stage of the litigation.

- 4 -

708072_1

1    The Mineworkers Pension Scheme ("MPS") and the British Coal Staff Superannuation Scheme ("BCSSS") are occupational pension schemes established by the National Coal Board in 1952 and 1947, respectively.  The MPS membership comprises industrial employees below supervisory grades and the BCSSS for supervisory industrial employees and technical, administrative and management staff.  The MPS is managed by 10 directors and the BCSSS by 8 directors.  The Pension Schemes are the sole joint owners of Coal Pension Trustees Services Limited which provides executive support, strategic advice and implementation services to the directors of both Pension Schemes.

The Pension Schemes have submitted sworn certifications confirming their desire, willingness and ability to serve as lead plaintiff.  *See* Ex. 2.  Like all class members, the Pension Schemes purchased First Solar stock on the NASDAQ during the Class Period at allegedly inflated prices and suffered damages when defendants' misconduct came to light.  *Id.*  The Pension Schemes' substantial financial interest indicates that they have the incentive to represent the claims of the class vigorously.  *Id.*  Moreover, the Pension Schemes are not subject to unique defenses and are not aware of any conflicts between its claims and those asserted by the class.  Finally, as discussed below, the Pension Schemes have selected qualified counsel experienced in securities litigation.

The Pension Schemes' common interests shared with the class, their substantial financial interest and their selection of qualified counsel demonstrates that the Pension Schemes *prima facie* satisfy the Rule 23 inquiry at this juncture.

**B.    The Court Should Approve the Pension Schemes' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 732-33; *In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703 (9th Cir. 2009).

1  Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in
2  complex litigation, particularly securities litigation. *See* Ex. 3 attached hereto. District
3  courts throughout the country, including courts in this District, have noted Robbins Geller's
4  reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys
5  to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Tsirekidze v.*
6  *Syntax-Brillian Corp.*, 2008 U.S. Dist. LEXIS 118562, at *19 (D. Ariz. 2008) (Martone, J.)
7  (finding that Robbins Geller lawyers "are more than capable of conducting this litigation in
8  the best interests of the class"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex.
9  2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys
10 of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities
11 class actions, if not the preeminent one, in the country"). As such, the Court may be assured
12 that in the event this Motion is granted, the members of the class will receive the highest
13 caliber of legal representation available from Robbins Geller. Accordingly, the Pension
14 Schemes' selection of counsel should be approved.

## IV.  CONCLUSION

16 The Pension Schemes have satisfied each of the PSLRA's requirements for
17 appointment as lead plaintiff. As such, the Pension Schemes respectfully request that the
18 Court appoint them as Lead Plaintiff, approve their selection of counsel and grant such other
19 relief as the Court may deem just and proper.

20 DATED:  May 15, 2012           Respectfully submitted,

                                 BONNETT FAIRBOURN FRIEDMAN
                                   & BALINT, P.C.
                                 ANDREW S. FRIEDMAN (AZ005425)
                                 KEVIN HANGER (AZ027346)

                                         s/ KEVIN HANGER
                                         KEVIN HANGER

                                 2901 N. Central Avenue, Suite 1000
                                 Phoenix, AZ  85012
                                 Telephone:  602/274-1100
                                 602/274-1199 (fax)

                                 [Proposed] Liaison Counsel for Plaintiff

- 6 -

708072_1

| | |
|---|---|
| 1 | |
| 2 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>MICHAEL J. DOWD |
| 3 | MARK SOLOMON<br>DANIEL S. DROSMAN |
| 4 | JASON A. FORGE<br>DANIELLE S. MYERS |
| 5 | 655 West Broadway, Suite 1900<br>San Diego, CA  92101 |
| 6 | Telephone:  619/231-1058<br>619/231-7423 (fax) |
| 7 | |
| 8 | [Proposed] Lead Counsel for Plaintiff |

708072_1

- 7 -

CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 15, 2012.

      s/ KEVIN HANGER
      KEVIN HANGER

BONNETT FAIRBOURN FRIEDMAN
    & BALINT, P.C.
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602/274-1100
602/274-1199 (fax)

708072_1

# Mailing Information for a Case 2:12-cv-00555-DGC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Maureen Beyers**
  mbeyers@omlaw.com,ljensen@omlaw.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com,mzehel@pomlaw.com

- **Jordan Eth**
  jeth@mofo.com,adavis@mofo.com,nurbina@mofo.com

- **Jennifer Lynn Kroll**
  jkroll@martinbonnett.com,jkroll1@cox.net

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com

- **Susan Joan Martin**
  smartin@martinbonnett.com,tmahabir@martinbonnett.com,mblawfirm@aol.com

- **Anna Erickson White**
  awhite@mofo.com,tvanvoris@mofo.com,avickery@mofo.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)