1 | Jordan Eth (*Admitted pro hac vice*)
2 | Anna Erickson White (*Admitted pro hac vice*)
  | MORRISON & FOERSTER LLP
3 | 425 Market Street, 32nd Floor
  | San Francisco, California 94105-2482
4 | (415) 268-7000
  | JEth@mofo.com
5 | AWhite@mofo.com

6 | Maureen Beyers, No. 017134
  | OSBORN MALEDON, P.A.
7 | 2929 North Central Avenue
  | Phoenix, AZ 85012-2793
8 | (602) 640-9000
  | mbeyers@omlaw.com

9 | Attorneys for Attorneys for Defendants
  | First Solar, Inc., Michael J. Ahearn, Robert J. Gillette,
10 | Mark R. Widmar, Jens Meyerhoff, James Zhu,
  | James F. Nolan, Michael Sweeney, J. Thomas Presby, Paul H.
11 | Stebbins, Craig Kennedy, José H. Villarreal, and William J. Post

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, Individually and on behalf of all other persons similarly situated, | Case No. 2:12-CV-00555-PHX-DGC |
| Plaintiff, | **MOTION TO TRANSFER RELATED CASE** |
| v. | |
| First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, and James Zhu, | |
| Defendants. | |
| Kathleen Morris, Derivatively on Behalf of Nominal Defendant First Solar, Inc., | Case No.: 2:12-CV-01031-PHX-GMS |
| Plaintiff, | |
| v. | |
| Michael J. Ahearn, Robert J. Gillette, | |

|   |   |
|---|---|
| 1 | Craig Kennedy, William J. Post, J. |
| 2 | Thomas Presby, Michael Sweeney, José H. Villarreal, James F. Nolan and Paul |
| 3 | H. Stebbins, |
| 4 |         Defendants, |
| 5 |   |
| 6 | -and- |
| 7 | First Solar, Inc., |
| 8 |         Nominal Defendant. |

Pursuant to L.R. Civ. 42.1(a), Defendants First Solar, Inc., ("First Solar" or the "Company"), Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, James F. Nolan, Michael Sweeney, J. Thomas Presby, Paul H. Stebbins, Craig Kennedy, José H. Villarreal, and William J. Post (collectively, the "Individual Defendants") hereby move to transfer and assign a third shareholder derivative action, No. 12-1031-PHX-GMS ("*Morris v. Ahearn*"), to this Court, which is already presiding over a related putative securities class action, *Smilovits v. First Solar, Inc.*, No. 12-555-PHX-DGC (the "Securities Class Action").  On May 15, 2012, Defendants moved to transfer and assign two other related shareholder derivative actions, No. 12-769-PHX-ROS ("*Tindall v. Ahearn*") and No. 12-819-PHX-JWS ("*Nederhood v. Ahearn*"), to this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Local Rule 42.1(a) provides that "[a]ny party may file a motion to transfer the case or cases involved to a single Judge whenever two or more cases are pending before different Judges and any party believes that such cases:  (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different judges."  "A transfer

is proper if transferring satisfies any one of the factors provided in LRCiv 42.1(a)." *Smith v. Sperling*, No. 11-0722-PHX-PGR, 2011 U.S. Dist. LEXIS 104903, at *5 (D. Ariz. Sept. 14, 2011). As explained below, the Securities Class Action and *Morris v. Ahearn* satisfy several of these factors. To avoid substantial duplication and to promote judicial economy, *Morris v. Ahearn* should be transferred to this Court.[1]

The Securities Class Action was filed in this Court on March 15, 2012. It alleges that First Solar and the Individual Defendants, between April 30, 2008 and February 28, 2012, violated the federal securities laws by issuing false and misleading statements about the Company's business operations in press releases, SEC filings, and analyst calls. (Securities Class Action Compl. (DE 1) ¶ 5.) In particular, the Securities Class Action alleges that the Company and the Individual Defendants issued knowingly false statements about its efforts to remediate a deviation in the manufacturing process (referred to as a "manufacturing excursion") that occurred from June 2008 to June 2009 and the effect of the manufacturing excursion on the Company's earnings. (*Id.* ¶¶ 20-64.)

*Morris v. Ahearn* was filed on May 17, 2012.[2] Like the Securities Class Action, *Morris v. Ahearn*—a purported derivative action filed on First Solar's behalf—alleges that current and former officers and directors of the Company issued or caused to be issued many of the same misleading statements about the manufacturing excursion as alleged in the Securities Class Action. (*Morris* Compl. ¶¶ 4-7, 33, 34-73; 110-14.) Indeed, the Complaint in *Morris v. Ahearn* specifically

---

[1] Pursuant to L.R. Civ. 42.1(a), Defendants' Motion to Transfer "shall be filed in the case with the lowest case number assigned to a District Judge who shall hear and decide the motion." As *Smilovits v. First Solar, Inc.*, No. 12-555-PHX-DGC has the lowest case number, this Court shall hear and decide the Motion. A notice of filing motion to transfer, with a copy of the motion attached, will be filed concurrently in *Morris v. Ahearn*.

[2] For the Court's convenience, the complaint in *Morris v. Ahearn* is attached as Exhibit A.

3

4226800

1 references the Securities Class Action Complaint as a source for its allegations.
2 (*Morris* Compl. ¶ 2.) Moreover, three of the defendants named in the Securities Class
3 Action (First Solar, Ahearn, and Gillette) also are named as defendants in *Morris v.*
4 *Ahearn* (First Solar is named as the nominal defendant).
5      The substantial overlap in legal and factual issues and the substantial overlap in
6 parties weigh in favor of transferring *Morris v. Ahearn* to this Court. *See* L.R. Civ.
7 42.1(a)(1), (2), (4); *see also Smith v. Sterling*, 2011 U.S. Dist. LEXIS 104903, at *7-8
8 (granting defendants' motion to transfer derivative action due to similarity of the
9 claims to federal securities class action and because the cases involved substantially
10 the same parties). Transfer and assignment of *Morris v. Ahearn* to this Court would
11 promote judicial economy and eliminate duplication of labor. *See* L.R. Civ.
12 42.1(a)(5), (d). Therefore, Defendants respectfully request that that the Court issue an
13 order transferring and assigning *Morris v. Ahearn*, No. 12-1031-PHX-GMS, to the
14 Honorable David G. Campbell.[3]
15 . . .
16 . . .
17 . . .
18
19
20
21
22
23
24
25 [3] Defendants are seeking transfer and reassignment only. They are not seeking to consolidate *Morris v. Ahearn* with the Securities Class Action. They will seek,
26 however, to consolidate *Morris v. Ahearn* with the other two pending, related derivative actions, *Tindall v. Ahearn*, No. 12-769-PHX-ROS and *Nederhood v.*
27 *Ahearn*, No. 12-819-PHX-JWS. Defendants anticipate moving to stay all three derivative actions pending resolution of the Securities Class Action.
28

DATED this 29th day of May, 2012.

                    OSBORN MALEDON, P.A

                    By: s/ Maureen Beyers
                        Maureen Beyers
                        2929 N. Central Ave.
                        Phoenix, Arizona 85012

                        Jordan Eth
                        Anna Erickson White
                        MORRISON & FOERSTER LLP
                        425 Market Street, 32nd Floor
                        San Francisco, California 94105-2482

*Attorneys for Defendants First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, James F. Nolan, Michael Sweeney, J. Thomas Presby, Paul H. Stebbins, Craig Kennedy, José H. Villarreal, and William J. Post*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2012, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.


s/ Lindsay B. Jensen

4226800