OSBORN
MALEDON

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2793

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone   602.640.9000
Facsimile    602.640.9050

1  Jordan Eth (CA SBN 121617) (*Admitted pro hac vice*)
2  Anna Erickson White (CA SBN 161385) (*Admitted pro hac vice*)
   MORRISON & FOERSTER LLP
3  425 Market Street, 32nd Floor
   San Francisco, California  94105-2482
4  (415) 268-7000
   JEth@mofo.com
   AWhite@mofo.com
5
   Maureen Beyers, No. 017134
6  OSBORN MALEDON, P.A.
   2929 North Central Avenue, 21st Floor
7  Phoenix, Arizona 85012-2793
   (602) 640-9000
8  mbeyers@omlaw.com

9  Attorneys for Defendants
   First Solar, Inc., Michael J. Ahearn, Robert J. Gillette,
10 Mark R. Widmar, Jens Meyerhoff, James Zhu,
   David Eaglesham, James F. Nolan, Michael Sweeney,
11 J. Thomas Presby, Paul H. Stebbins, Craig Kennedy,
   José H. Villarreal, William J. Post, and Bruce Sohn
12

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, and James Zhu,<br><br>Defendants. | Case No.   2:12-CV-00555-PHX-DGC<br><br>**REPLY IN SUPPORT OF MOTION TO TRANSFER** |

| | |
|---|---|
| Clifford Tindall, Derivatively on Behalf of First Solar, Inc., | Case No.: 2:12-CV-00769-PHX-ROS |
| Plaintiff, | |
| v. | |
| Michael J. Ahearn, Mark R. Widmar, David Eaglesham, James F. Nolan, Michael Sweeney, J. Thomas Presby, Paul H. Stebbins, Craig Kennedy, José H. Villarreal, William J. Post, Robert J. Gillette, Jens Meyerhoff, James Zhu, and Bruce Sohn, | |
| Defendants, | |
| -and- | |
| First Solar, Inc., a Delaware corporation, | |
| Nominal Defendant. | |
| Britt Nederhood, derivatively on behalf of First Solar, Inc., | Case No.: 2:12-CV-00819-PHX-JWS |
| Plaintiff, | |
| v. | |
| Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Craig Kennedy, James F. Nolan, William J. Post, J. Thomas Presby, Paul H. Stebbins, Michael Sweeney, Jose H. Villarreal, | |
| Defendants, | |
| -and- | |
| First Solar, Inc., | |
| Nominal Defendant. | |

| | |
|---|---|
| Kathleen Morris, Derivatively on Behalf of Nominal Defendant First Solar, Inc., | Case No.: 2:12-CV-01031-PHX-JAT |
| Plaintiff, | |
| v. | |
| Michael J. Ahearn, Robert J. Gillette, Craig Kennedy, William J. Post, J. Thomas Presby, Michael Sweeney, José H. Villarreal, James F. Nolan and Paul H. Stebbins, | |
| Defendants, | |
| -and- | |
| First Solar, Inc., | |
| Nominal Defendant. | |
| Eng Kwang Tan and Eric Feigin, Derivatively on Behalf of Nominal Defendant First Solar, Inc., | Case No.: 2:12-CV-01144-PHX-NVW |
| Plaintiff, | |
| v. | |
| Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Craig Kennedy, James F. Nolan, William J. Post, J. Thomas Presby, Paul H. Stebbins, Michael Sweeney, José H. Villarreal, | |
| Defendants, | |
| -and- | |
| First Solar, Inc., | |
| Nominal Defendant. | |

As Defendants explained in their Motion to Transfer, four pending shareholder derivative actions (the "Derivative Actions") should be transferred to this Court, which is currently presiding over a related, earlier-filed putative securities class action (the "Securities Class Action").  The Securities Class Action and the Derivative Actions arise from substantially the same events, involve substantially the same parties, and would entail duplication of efforts if heard by different judges.  LRCiv 42.1(a)(1), (2), (5).  Consistent with past rulings by courts in this District, any one of these grounds serves as a basis for transferring the Derivative Actions to this Court.

Plaintiffs' opposition (the "Opposition" or "Opp.") does not seriously dispute the similarities between the two sets of actions, but instead stresses artificial and irrelevant distinctions between them.  Plaintiffs' main argument—that Defendants are seeking transfer to somehow take advantage of the automatic stay of discovery in the Securities Class Action pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and thereby delay proceedings in the Derivative Actions—has no basis and is irrelevant to the transfer issue.  It also makes no sense.  Defendants will move for or stipulate to a stay no matter which court hears the Derivative Actions, and their reasons for staying the Derivative Actions will be the same in any court.

For the reasons set forth in Defendants' Motion to Transfer, and as explained in further detail below, the Derivative Actions should be transferred to this Court.

**I.    Procedural Posture of the Actions.**

Four separate derivative actions have been filed in this District, and each was assigned to a different judge.[1]  Defendants have moved to transfer all four of those actions to this Court. (Dkt. Nos. 20, 43, and 61; collectively, Defendants' "Motion to Transfer.")  On May 29, 2012, plaintiffs in one of the four Derivative Actions—

---

[1] The four different derivative actions are (i) *Tindall v. Ahearn, et al.*, No. 2:12-cv-00769-PHX-ROS; (ii) *Nederhood v. Ahearn, et al.*, No. 2:12-cv-00819-PHX-JWS; (iii) *Morris v. Ahearn, et al.*, No. 2:12-cv-01031-PHX-JAT; and (iv) *Tan v. Ahearn, et al.*, No. 2:12-cv-01144-PHX-NVW.

1  *Nederhood v. Ahearn, et al.*, No. 2:12-cv-00819-PHX-JWS—filed an Opposition to
2  Defendants' Motion to Transfer. (Dkt. No. 44.) Plaintiffs in two of the other three
3  derivative actions have since filed joinders, "join[ing] in and fully adopt[ing] Plaintiff
4  Nederhood's opposition to defendants' motions." (Dkt. Nos. 45, 48.) The arguments
5  set forth below, which respond specifically to the Opposition filed by the *Nederhood*
6  Plaintiffs, apply with equal force to all four of the Derivative Actions. Thus, through
7  this Reply, Defendants respond to the *Nederhood* Opposition and the two joinders.
8        On June 1, 2012, the plaintiffs in the four Derivative Actions filed a motion to
9  consolidate those actions and assign them to Judge Silver. (Attached as Exhibit A.)
10  Although Defendants do not oppose consolidation of the Derivative Actions, they
11  believe that these cases should be transferred to and consolidated in this Court, which
12  already presides over the earlier-filed Securities Class Action, to avoid duplication
13  and promote judicial efficiency. *See* LRCiv 42.1(a), (d).

**II.  The Securities Class Action and the Derivative Actions Meet the Standard for Transfer Under LRCiv 42.1.**

16        As Defendants explained in their Motion to Transfer, "LRCiv 42.1(a)(1) does
17  not require that each of its subsections be shown before a transfer is proper
18  thereunder." *Gagan v. Estate of Sharar*, No. 99-1427, 2008 U.S. Dist. LEXIS, at *7
19  (D. Ariz. July 18, 2008). Rather, the Court has broad discretion to grant a motion to
20  transfer if *any* of the criteria of that rule are met. *Smith v. Sperling*, No. 11-0722,
21  2011 U.S. Dist. LEXIS 104903, at *4 (D. Ariz. Sept. 14, 2011). Transfer is proper
22  here under at least three of those criteria—the Securities Class Action and the
23  Derivative Actions arise from substantially the same events, involve substantially the
24  same parties, and would entail duplication of efforts if heard by different judges.
25  LRCiv 42.1(a)(1), (2), (5).

### A. The Actions "Arise from Substantially the Same Transaction or Event."

Plaintiffs admit, as they must, that the "shareholder derivative case and the securities fraud class action are 'related' in the sense that both cases share some common facts." (Opp. at 2.) This is an understatement. A simple comparison of the Complaint in the Securities Class Action and the *Nederhood* Complaint, for example, shows that they arise from the same events. Indeed, as often happens, the filing of the Securities Class Action prompted filing of the Derivative Actions.

The Securities Class Action alleges that, from April 30, 2008 until February 28, 2012, current and former officers and directors of First Solar made materially false and misleading statements in 32 of First Solar's SEC filings, press releases, and conference calls. (Securities Class Action Compl. (Dkt. No. 1.) ¶¶ 20-59.) The Securities Class Action alleges that these statements were false and misleading because the defendants misrepresented and failed to disclose the following: "(1) the full impact of the manufacturing excursion on the Company's earnings; (2) the Company was improperly recognizing revenue concerning certain products in its systems business; [and] (3) the Company lacked internal and financial controls." (*Id.* ¶ 59.)

Just like the Securities Class Action, the *Nederhood* Complaint alleges that, beginning on April 30, 2008, "First Solar's management caused the Company to make false and misleading statements about the Company's business, operations, and prospects." (*Nederhood* Compl. (Exhibit B to Motion to Transfer) ¶ 6.) The *Nederhood* Complaint alleges that the ***exact same statements from the exact same*** 32 SEC filings, press releases, and conference calls were false and misleading. (*Id.* ¶¶ 28-67.) The *Nederhood* Complaint further alleges that these statements were false and misleading for, almost verbatim, the exact same reasons as alleged in the Securities Class Action: the defendants' failure to disclose "(1) the full impact of the manufacturing remediation program on the Company's earnings; (2) the Company

was improperly recognizing revenue concerning certain products in its systems business; and (3) the Company lacked adequate internal and financial controls." (*Id.* ¶ 67.)

Indeed, Plaintiffs' own complaints make explicit that the Derivative Actions are based upon the same facts as the Securities Class Action. (*Nederhood* Compl. ¶ 83 ("[A]s a result of the Individual Defendants' illegal actions and course of conduct, the Company is now the subject of a class action lawsuit that alleges violations of securities laws."), ¶ 91 ("The improper statements have devastated First Solar's credibility. First Solar is now the subject of a class action lawsuit, alleging violations of securities laws in connection with the improper financial reporting, false statements, and material omissions.").) The Derivative Actions and the Securities Class Action "arise from substantially the same transaction or event." LRCiv 42.1(a). For this reason alone, the Derivative Actions should be transferred to this Court.

Plaintiffs nonetheless argue that the two actions are different because the Derivative Actions involve claims for breach of state law fiduciary duties and the Securities Class Action is based upon violations of the federal securities laws and thus governed by the PSLRA. (Opp. at 5.) That the two actions allege different causes of action, or whether or not the PSLRA applies, however, says nothing about whether the actions are based upon "substantially the same transaction or event," the question presented by LRCiv 42(a)(1). *Smith v. Sperling*, 2011 U.S. Dist. LEXIS 104903, at *7 ("Although both cases involve claims based on different theories due to who is bringing the claims, the claims are based on substantially the same facts."). At bottom, the central inquiry in both actions is whether First Solar's current and former officers and directors made or caused to be made false and misleading statements about the Company's business from 2008 to the present. *See* LRCiv 42.1(a)(4).

Plaintiffs also attempt to distinguish the Derivative Actions from the Securities Class Action on the ground that the Derivative Actions include allegations regarding certain defendants' stock sales. (Opp. at 6.) But the Securities Class Action

1    Complaint—which will be superseded by an amended complaint—*does include this*
2    *allegation.* (Securities Class Action Compl. ¶ 78 ("Defendants were personally
3    motivated to make false statements and omit material information necessary to make
4    the statements not misleading *in order to personally benefit from the sale of First*
5    *Solar securities from their portfolios.*") (emphasis added).)  In any event, the
6    inclusion of claims based upon stock sales does not change the fact that the actions
7    are based upon "substantially the same" facts. *See* LRCiv 42.1(a).

        **B.**       **The Two Cases "Involve Substantially the Same Parties."**

9    Because there is substantial overlap among the parties in the Securities Class
10   Action and the Derivative Actions, LRCiv 42.1(a)(2) is also satisfied. As Defendants
11   explained in the Motion to Transfer, each of the six defendants named in the
12   Securities Class Action is also named as a defendant in the Derivative Actions (First
13   Solar is a nominal defendant). (Mot. to Tr. at 4.) Plaintiffs claim that, because the
14   *Nederhood* Complaint adds seven defendants not named in the Securities Class
15   Action (First Solar's directors), and because Plaintiffs purport to bring this lawsuit on
16   behalf of First Solar, the parties are substantially different and transfer is improper.
17   (Opp. at 6.) This is not the standard.

18   LRCiv 42.1(a)(2) requires "substantial[]" overlap in the parties, not identical
19   parties. *See Parra v. Bashas' Inc.*, No. 02-0591, 2009 U.S. Dist. LEXIS 33832, at
20   *13 (D. Ariz. Apr. 15, 2009). That there are additional defendants, or that First
21   Solar's procedural posture may be different, "does not negate the existing substantial
22   similarity of the parties." *Smith*, 2011 U.S. Dist. LEXIS 104903, at *8 ("LRCiv
23   42.1(a) does not require the parties to be identical in identity, number and position.").
24   Thus, LRCiv 42.1(a)(2) serves as an independent ground upon which to transfer the
25   Derivative Actions.

5

4243731

1
2
    **C.    The Cases "Would Entail Substantial Duplication of Labor if Heard by Different Judges."**

3    Plaintiffs argue that, unless the Derivative Actions and Securities Class Action
4 are consolidated, time and effort would not be saved by transferring the Derivative
5 Actions to this Court. (Opp. at 7.) As discussed above, though, the actions arise from
6 the same facts. (*Supra* Section II.A.) The Securities Class Action and the Derivative
7 Actions all allege wrongdoing related to complex accounting determinations in
8 connection with warranty costs, as well as the Company's revenue recognition
9 practices, over a period of nearly four years. (*E.g.*, Securities Class Action Compl.
10 ¶ 5; *Nederhood* Compl. ¶ 6.) Assigning all these cases to the same judge will, at a
11 minimum, prevent two different judges from having to conduct a detailed review of
12 the same issues. *E.g.*, *Parra*, 2009 U.S. Dist. LEXIS 33832, at *15 ("The purpose of
13 assigning related cases to the same judge is to promote judicial efficiency and to avoid
14 the necessity of a new judge learning a complex factual scenario from the
15 beginning.") (quotation marks and citation omitted).

16    Moreover, given that the cases involve substantially similar inquiries—whether
17 the defendants issued or caused to be issued false and misleading statements regarding
18 the Company's business operations—litigating the actions before the same judge
19 avoids the risk of potentially inconsistent rulings. Further, to the extent any of the
20 actions do proceed past the motion to dismiss stage, proceedings could be more
21 effectively coordinated before the same judge. All of these efficiencies would result
22 irrespective of whether the cases are consolidated.[2]

---

26    [2] If Plaintiffs were correct that transfer should occur only when actions are consolidated, there would be no reason for this Court to have two separate local rules
27 governing transfer and consolidation. *See* LRCiv 42.1(a) and LRCiv 42.1(b). *See also Parra*, 2009 U.S. Dist. LEXIS 33832, at *9 (distinguishing between transfer and
28 consolidation).

### D. Courts in this District Regularly Transfer Derivative Actions in These Circumstances.

Where, as here, securities class actions and derivative actions involve substantially the same facts, courts in this District routinely apply LRCiv 42.1(a) to transfer derivative proceedings to the judge hearing the related securities class action. *E.g.*, *Smith*, 2011 U.S. Dist. LEXIS 104903, at *8 (transferring derivative action to Judge before whom first-filed securities class action was pending); *Commc'n Workers of Am. Plan for Emps. Pensions and Death Benefits v. CSK Auto Corp.*, No. 2:06-cv-01503-PHX-DGC (D. Ariz. Jan. 4, 2007 Order) (same, noting "[t]he claims arise from substantially the same transaction or event and proceeding before two different judges would entail substantial duplication of labor"); *Karpov v. Insight Enters., Inc.*, No. 2:09-cv-00856-PHX-SRB (D. Ariz. Aug. 25, 2009 Order) (same).

The two cases to which Plaintiffs cite in their Opposition are inapposite, as neither was decided under LRCiv 42.1(a). In any event, both cases support transfer under LRCiv 42.1(a) In *Hodges v. Akeena Solar, Inc.*, No. 09-2735 (N.D. Cal. July 9, 2010 Order), the court found that the securities class and derivative actions "concern substantially the same transaction and events." That is enough to support a transfer in this District under LR Civ 42.1(a).[3] And in *Countrywide*, the *Hemberger* derivative action was transferred to a related derivative action (*Applebaum v. Mozilo*, No. 2:07-cv-05567 (C.D. Cal.)), and that derivative action *ultimately was transferred* to the Judge hearing the lead securities action (No. 2:07-cv-05295 (C.D. Cal.)).[4]

---

[3] Unlike LR Civ 42.1(a), the local rule at issue in *Akeena* required that the actions concern substantially the same parties, transactions, and events *and* that it appear likely that there would be duplication of efforts if the two actions were conducted in front of two judges. Because the court found that both elements had not been met and the securities action was filed more than a year earlier than the derivative action, and had already proceeded beyond the motion to dismiss stage, the court declined to transfer the action.

[4] *See Hemberger v. Mozilo*, No. 2:07-cv-05855 (C.D. Cal. Oct. 15, 2007 Order) and *Applebaum v. Mozilo*, No. 2:07-cv-05567 (C.D. Cal. Dec. 13, 2007 Order). The *Hemberger* action was voluntarily dismissed before the *Applebaum* action was transferred to the securities action.

### III. Plaintiffs' Arguments of Motive and Prejudice Are Incorrect and Irrelevant to Whether the Derivative Actions Should be Transferred Under LRCiv 42(a).

Plaintiffs suggest that Defendants seek to transfer the Derivative Actions to this Court to take advantage of the automatic discovery stay of the PSLRA, which governs the Securities Class Action. (Opp. at 1, 4, 7.) Plaintiffs also argue that a stay will prejudice the shareholder plaintiffs. (Opp. at 7.) Plaintiffs' arguments regarding motive and prejudice, however, are irrelevant to the criteria identified in LRCiv 42.1(a). In addition, Plaintiffs are just wrong.

First, Defendants intend to seek a stay of the Derivative Actions in favor of the Securities Class Action (to the extent the parties do not agree) no matter where this case ends up. The Court's determination on transfer thus has no bearing on the stay issue. This same argument was considered, and rejected, by Judge Teilborg in *Smith*. 2011 U.S. Dist. LEXIS 104903, at *8 ("The Court finds there is no evidence that Defendants are trying to delay the litigation process in [the derivative action] by transferring.").

Plaintiffs hint, nonetheless, that the PSLRA's stay provisions as they apply to the Securities Class Action may unfairly influence the Court's decision to stay the Derivative Action. The Derivative Action, however, faces its own procedural and substantive hurdles that prevent discovery unless and until Plaintiffs proceed beyond the pleading stage. *E.g.*, *In re Openwave Sys. S'Holder Derivative Litig.*, 503 F. Supp. 2d 1341, 1351-53 (N.D. Cal. 2007) ("Rule 23.1 reflects a Congressional intent that derivative actions pass certain hurdles before being allowed to proceed with the normal course of litigation, including discovery."). Plaintiffs, for example, must first establish that they have standing to bring the Derivative Actions on behalf of First Solar. Moreover, one of the four Derivative Actions that Plaintiffs seek to consolidate includes claims under Sections 14(a) and 20(a) of the Securities Exchange Act. Thus,

1 the PSLRA—including its stay of discovery—may apply to the Derivative Actions
2 anyway. *E.g.*, *In re Marvell Tech. Grp., Ltd. Derivative Litig.*, No. 06-3894, 2007
3 WL 1545194, at *4 (N.D. Cal. May 29, 2007) (applying PSLRA discovery stay to
4 derivative actions claiming violations of the Exchange Act).
5       Second, Plaintiffs' prejudice argument loses sight of the fact that the
6 Derivative Actions are purportedly brought on behalf of the Company, not the
7 individual shareholders. Thus, it is First Solar's best interests—and not any
8 individual shareholder's—that are paramount. In that regard, it is in the Company's
9 best interests for all of these actions to proceed before the same Judge, allowing the
10 Company to avoid any unnecessary expense in defending the action.

**IV.   Conclusion.**

12       For the reasons set forth in Defendants' Motion to Transfer, and as explained
13 in further detail above, Defendants respectfully request that the Derivative Actions be
14 transferred to this Court. The criteria of LRCiv 42.1(a) for transferring a case are met,
15 and judicial economy would be best served by having this Court—which already
16 presides over the earlier-filed putative securities class action—preside over the
17 Derivative Actions. *See* LRCiv 42.1(d).
18 . . .
19 . . .
20 . . .

DATED this 8th day of June, 2012.

                    OSBORN MALEDON, P.A


By: s/ Maureen Beyers
    Maureen Beyers
    2929 N. Central Avenue, 21st Floor
    Phoenix, Arizona 85012

    Jordan Eth
    Anna Erickson White
    MORRISON & FOERSTER LLP
    425 Market Street, 32nd Floor
    San Francisco, California 94105-2482

Attorneys for Defendants
First Solar, Inc., Michael J. Ahearn,
Robert J. Gillette, Mark R. Widmar,
Jens Meyerhoff, James Zhu, David
Eaglesham, James F. Nolan, Michael
Sweeney, J. Thomas Presby, Paul H.
Stebbins, Craig Kennedy, José H.
Villarreal, William J. Post, and
Bruce Sohn

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 8, 2012, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.


s/ Lindsay B. Jensen