# EXHIBIT A

1   Jonathan A. Dessaules, SBN 019439
    DESSAULES LAW GROUP
2   2700 North Central Avenue, Suite 1250
    Phoenix, AZ 85004
3   Telephone: (602) 274-5400
    Facsimile: (602) 274-5401
4   jdessaules@dessauleslaw.com

5   Brian J. Robbins
    George C. Aguilar
6   Jay N. Razzouk
    ROBBINS UMEDA LLP
7   600 B Street, Suite 1900
    San Diego, CA 92101
8   Telephone:  (619) 525-3990
    Facsimile:  (619) 525-3991
9   brobbins@robbinsumeda.com
    gaguilar@robbinsumeda.com
10  jrazzouk@robbinsumeda.com

11  Attorneys for Plaintiff Clifford Tindall

12  [Additional counsel on signature page]

13
                 UNITED STATES DISTRICT COURT
14                  DISTRICT OF ARIZONA

15  Clifford Tindall, Derivatively on Behalf of   )
    First Solar, Inc.,                            )
16                                                )
                           Plaintiff,             )  Case No.: CV 12-00769-PHX-ROS
17           v.                                   )
                                                  )  MOTION TO CONSOLIDATE
18  Michael J. Ahearn, Mark R. Widmar,            )  RELATED ACTIONS AND FOR
    David Eaglesham, James F. Nolan, Michael      )  APPOINTMENT OF A LEADERSHIP
19  Sweeney, J. Thomas Presby, Paul H.            )  STRUCTURE AND MEMORANDUM
    Stebbins, Craig Kennedy, José H.              )  OF POINTS AND AUTHORITIES IN
20  Villarreal, William J. Post, Robert J.        )  SUPPORT THEREOF
    Gillette, Jens Meyerhoff, James Zhu, and      )
21  Bruce Sohn,                                   )
                                                  )  Judge: Honorable Roslyn O. Silver
22                         Defendants,            )
                                                  )
23  -and-                                         )
                                                  )
24  First Solar, Inc., a Delaware corporation,    )
                                                  )
25                  Nominal Defendant.            )
                                                  )
26  [Additional captions on next page]

27

28
        MOTION TO CONSOLIDATE RELATED ACTIONS AND
        FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

| | | |
|---|---|---|
| Britt Nederhood, derivatively on behalf of First Solar, Inc., | ) ) | |
| Plaintiff, | ) ) ) | Case No.: CV 12-00819-PHX-JWS |
| v. | ) ) | |
| Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Craig Kennedy, James F. Nolan, William J. Post, J. Thomas Presby, Paul H. Stebbins, Michael Sweeney, Jose H. Villarreal, | ) ) ) ) ) ) ) ) | Judge: Honorable John W. Sedwick |
| Defendants, | ) ) | |
| -and- | ) ) | |
| First Solar, Inc., | ) ) | |
| Nominal Defendant. | ) ) | |
| Kathleen Morris, Derivatively on Behalf of Nominal Defendant First Solar, Inc., | ) ) ) | |
| Plaintiff, | ) ) | Case No.: CV 12-01031-PHX-JAT |
| v. | ) ) | |
| Michael J. Ahearn, Robert J. Gillette, Craig Kennedy, William J. Post, J. Thomas Presby , Michael Sweeney, José H. Villarreal, James F. Nolan and Paul H. Stebbins, | ) ) ) ) ) | Judge: Honorable James A. Teilborg |
| Defendants. | ) ) | |
| -and- | ) ) | |
| First Solar, Inc. | ) ) | |
| Nominal Defendant. | ) ) | |

- 1 -

MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

|  |  |
|---|---|
| Eng Kwang Tan and Eric Feigin, derivatively on behalf of First Solar, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Craig Kennedy, James F. Nolan, William J. Post, J. Thomas Presby, Paul H. Stebbins, Michael Sweeney, Jose H. Villarreal,<br><br>Defendants,<br><br>-and-<br><br>First Solar, Inc.,<br><br>Nominal Defendant. | Case No.: CV 12-01144-PHX-NVW<br><br>Judge: Honorable Neil V. Wake |

Plaintiffs Clifford Tindall, Britt Nederhood, Kathleen Morris, Eng Kwang Tan, and Eric Feigin ("Plaintiffs") hereby move this Court for an order: (i) consolidating the four above-captioned related shareholder derivative actions (the "Related Actions")[1] filed in this Court on behalf of nominal defendant First Solar, Inc. ("First Solar" or the "Company") pursuant to Rule 42 of the Federal Rules of Civil Procedure; (ii) appointing Robbins Umeda LLP ("Robbins Umeda") and Chapin Fitzgerald Sullivan & Bottini LLP ("Chapin Fitzgerald") as Co-Lead Counsel for the consolidated action; (iii) appointing Glancy Binkow & Goldberg LLP ("Glancy Binkow") and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") to the Executive Committee; and (iv) appointing the Dessaules Law Group as Liaison Counsel for the consolidated action.

---

[1] The Related Actions are: (i) *Tindall v. Ahearn, et al.*, Case No. CV 12-00769-PHX-ROS, filed April 12, 2012 ("*Tindall* Action"); (ii) *Nederhood v. Ahearn, et al.*, Case No. CV 12-00819-PHX-JWS, filed April 19, 2012 ("*Nederhood* Action"); (iii) *Morris v. Ahearn, et al.*, Case No. CV 12-01031-PHX-JAT, filed May 17, 2012 ("*Morris* Action"); and *Tan, et al. v. Ahearn, et al.*, Case No. CV 12-01144-PHX-NVW, filed on May 30, 2012 ("*Tan* Action").

- 2 -

MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

1  This Motion is supported by the following Memorandum of Points and Authorities, the

2  exhibits attached hereto, the [Proposed] Order Consolidating Related Actions and

3  Appointing a Leadership Structure, the complete files and records in these actions, and

4  such oral argument as the Court may consider in deciding this Motion.

5  **MEMORANDUM OF POINTS AND AUTHORITIES**

6  **I.    INTRODUCTION**

7       Plaintiffs respectfully request that this Court consolidate the four above-captioned

8  related shareholder derivative actions (and any subsequent related derivative actions)

9  filed on behalf of First Solar in this Court and appoint Robbins Umeda and Chapin

10  Fitzgerald as Co-Lead Counsel, Glancy Binkow and Wolf Haldenstein to the Executive

11  Committee, and the Dessaules Law Group as Liaison Counsel.

12       First, the Related Actions should be consolidated.  The Related Actions involve

13  common questions of law and fact concerning substantially the same breaches of

14  fiduciary duties and violations of law by substantially the same officers and directors of

15  First Solar named as defendants in the actions.  Moreover, the Related Actions each ask

16  the Court to find that Plaintiffs are excused from making a pre-suit demand on the

17  Company's Board of Directors ("Board").  Consolidation of the Related Actions is

18  appropriate to facilitate the prompt and efficient administration of justice.

19       In addition to consolidation, this Court should appoint Robbins Umeda and Chapin

20  Fitzgerald as Co-Lead Counsel, Glancy Binkow and Wolf Haldenstein to the Executive

21  Committee, and the Dessaules Law Group as Liaison Counsel to assure the orderly

22  prosecution of the consolidated action.  Robbins Umeda and Chapin Fitzgerald are

23  qualified to serve as Co-Lead Counsel due to their experience litigating shareholder

24  derivative actions and achieving beneficial results for corporations and their shareholders.

25  In addition, Plaintiffs have filed quality pleadings and demonstrated that they and their

26  counsel will vigorously prosecute the derivative claims on behalf of First Solar.  Glancy

27  Binkow and Wolf Haldenstein are also law firms experienced in derivative litigation and

28

- 3 -

1   are well qualified to advise and assist the proposed Co-Lead Counsel on an Executive

2   Committee. Finally, the Dessaules Law Group, an experienced and respected local law

3   firm, is well suited for appointment as Liaison Counsel.

4       For these reasons and the reasons discussed below, Plaintiffs respectfully request

5   that the Court consolidate the Related Actions, appoint Robbins Umeda and Chapin

6   Fitzgerald as Co-Lead Counsel, appoint Glancy Binkow and Wolf Haldenstein to the

7   Executive Committee, and appoint the Dessaules Law Group as Liaison Counsel.

8   **II.    FACTUAL BACKGROUND**

9       The Related Actions are brought on behalf of nominal defendant First Solar

10  against certain of its officers and directors for breaches of fiduciary duties and violations

11  of law which have exposed the Company to hundreds of millions of dollars in potential

12  liability for violations of state and federal law and obligations to restate its previous

13  financial statements.

14      First Solar is America's largest solar panel company. Tindall Cpt. ¶1.[2] Despite the

15  challenges facing the solar industry, First Solar has consistently reported explosive

16  growth in its financial statements. *Id.*, ¶3. While the Company was reporting massive

17  growth, however, it was also selling thousands of defective solar panels which the

18  Company would have to replace. *Id.*  However, the Individual Defendants[3] did not

19

20  [2] "Tindall Cpt." refers to plaintiff Clifford Tindall's Verified Shareholder Derivative
    Complaint for Violations of the Securities and Exchange Act of 1934, Breach of
21  Fiduciary Duty, Waste of Corporate Assets, and Unjust Enrichment, filed April 12, 2012.
    "Nederhood Cpt." refers to plaintiff Britt Nederhood's Verified Shareholder Derivative
22  Complaint [*Nederhood* Action Dkt. #1], filed April 19, 2012. A copy of the Nederhood
    Complaint was also filed as Exhibit B to Defendants' Motion to Transfer filed in this
23  action on May 15, 2012 [Dkt. #11-3]. "Morris Cpt." refers to plaintiff Kathleen Morris's
    Verified Shareholder Derivative Complaint [*Morris* Action Dkt. #1], filed May 17, 2012.
24  "Tan Cpt." refers to plaintiffs Eng Kwang Tan and Eric Feigin's Verified Shareholder
    Derivative Complaint [*Tan* Action Dkt. #1], filed on May 30, 2012.
25

26  [3] "Individual Defendants" refers to Michael J. Ahearn, Mark R. Widmar, David
    Eaglesham, James F. Nolan, Michael Sweeney, J. Thomas Presby, Paul H. Stebbins,
27  Craig Kennedy, Jose H. Villarreal, William J. Post, Robert J. Gillette, Jens Meyerhoff,

28
MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

1   disclose any information about the manufacturing deficiencies from 2008 until over a

2   year after the related warranty obligations should have been accrued and disclosed. *Id.*,

3   ¶¶4, 83-85. When the Individual Defendants did finally discuss this material

4   development, they misled the public regarding the nature and extent of the required

5   remediation, terming the manufacturing debacle in 2008 and 2009: the "***manufacturing***

6   ***excursion***." *Id.*

7        While the Company processed thousands of defective-product claims, several of

8   the Individual Defendants took advantage of their knowledge of adverse inside

9   information to sell over $386 million of their own personally held First Solar stock. *Id.*,

10   ¶¶6, 113-30. Beginning in the fourth quarter of 2011, the Individual Defendants began to

11   reveal the Company's true poor performance and business health, yet they still have not

12   come fully clean regarding the full scope of the Company's condition. *Id.*, ¶7; *see*

13   *generally id.*, ¶¶83-107.

14        The financial results that were published in the Company's annual report filed on

15   February 29, 2012, revealed that the cost of the remediation was far beyond the

16   misleading cost figures that the Individual Defendants reiterated to the public in previous

17   quarters. *Id.*, ¶¶8, 87. The disclosure that the Company began addressing these

18   manufacturing flaws in 2009 and that the "root cause was identified and subsequently

19   mitigated in June of 2009," was more than two years too late, and the Company's

20   previous representations were improper. *Id.*

21   **III. PROCEDURAL HISTORY**

22        Plaintiff Clifford Tindall filed his shareholder derivative complaint on behalf of

23   First Solar in this District on April 12, 2012, and the action was assigned to the

24   Honorable Roslyn O. Silver, U.S. District Judge. Plaintiff Britt Nederhood filed his

25

26   James Zhu, and Bruce Sohn. The Individual Defendants and nominal defendant First
     Solar are referred to herein collectively as "Defendants."

27

28

MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

1   shareholder derivative complaint on behalf of First Solar on April 19, 2012.   The

2   *Nederhood* Action has been assigned to the Honorable John W. Sedwick.   On May 17,

3   2012, plaintiff Kathleen Morris filed a shareholder derivative complaint on behalf of First

4   Solar.   The *Morris* Action has been assigned to the Honorable James A. Teilborg.   On

5   May 30, 2012, plaintiffs Eng Kwang Tan and Eric Feigin filed a shareholder derivative

6   complaint on behalf of First Solar.   The *Tan* Action has been assigned to the Honorable

7   Neil V. Wake.[4]

8          On May 15, 2012, Defendants filed a motion to transfer the *Tindall* and

9   *Nederhood* Actions to the Court where the related federal securities fraud class action,

10   *Smilovits v. First Solar, Inc., et al.*, No. CV 12-0555-PHX-DGC ("Class Action"), filed

11   March 15, 2012, is pending.   *See* Notice of Filing Motion to Transfer [Dkt. #11].   On

12   May 29, 2012, plaintiff Nederhood filed an opposition to Defendants' motion [Class

13   Action Dkt. #44, *Nederhood* Action Dkt. #21] recommending that the Related Actions all

14   be assigned to and consolidated before the Honorable Roslyn O. Silver, who is currently

15   assigned to the first-filed Related Action.   The same day, plaintiff Tindall filed a joinder

16   in support of plaintiff Nederhood's opposition [Class Action Dkt. #45, *Tindall* Action

17   Dkt. #17].   Also on May 29, 2012, Defendants filed a motion to transfer the *Morris*

18   Action as well [Class Action Dkt. #43].   Plaintiff Morris will also be filing a joinder to

19   plaintiff Nederhood's opposition.

20   **IV.    CONSOLIDATION OF THE RELATED ACTIONS IS PROPER**

21          The power to consolidate related actions falls within the broad inherent authority

22   of every court "to control the disposition of the causes on its docket with economy of

23

---

24   [4] Pursuant to LRCiv 42.1(b), this motion will also be filed in the *Nederhood*, *Morris*, and
     *Tan* Actions.   However, as this is the lowest numbered case of the Related Actions, this
25   Court will hear and decide this motion. ("A motion to consolidate pursuant to Rule 42(a),
     Federal Rules of Civil Procedure … shall be heard by the District Judge assigned the
26   lowest case number.")

27

28                                      - 6 -

1 | time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S.

2 | 248, 254 (1936). In addition, Federal Rule of Civil Procedure 42(a) ("Rule 42(a)")

3 | provides that "[i]f actions before the court involve a common question of law or fact, the

4 | court may: (1) join for hearing or trial any or all matters at issue in the actions; (2)

5 | consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

6 | "The district court has broad discretion under this rule to consolidate cases pending in the

7 | same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877

8 | F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to consolidate actions,

9 | the Court should weigh "the saving of time and effort consolidation would produce

10 | against any inconvenience, delay, or expense." *Huene v. U.S.*, 743 F.2d 703, 704 (9th

11 | Cir. 1984); *see also Hacker v. Peterschmidt*, No. C06-03468, 2006 WL 2925683, at *2-3

12 | (N.D. Cal. Oct. 12, 2006) (consolidating shareholder derivative actions because they had

13 | common questions of law or fact and consolidation would avoid unnecessary cost or

14 | delay); *Sparano v. Lief*, No. 10cv2079 BTM (BLM), 2011 WL 830109, at *1 (S.D. Cal.

15 | Mar. 3, 2011) (consolidating shareholder derivative actions because the cases involved

16 | common questions of law and fact and no party had objected to consolidation).

17 | Here, the Related Actions involve common questions of law and fact, as well as

18 | substantially the same defendants.[5] *See* Tindall Cpt., ¶¶1-10, 15-29; Nederhood Cpt.,

19 | ¶¶1-7, 11-23; Morris Cpt., ¶¶2-7, 13-21; Tan Cpt., ¶¶1-7, 12-24. Plaintiffs all allege

20 | certain officers and directors of First Solar breached their fiduciary duties in connection

21 | with the dissemination of misleading statements about the manufacturing deficiencies and

22 | the subsequent required remediation. *See* Tindall Cpt., ¶¶165-74; Nederhod Cpt., ¶¶111-

23 |

24 | [5] Each of the Related Actions names defendants Michael J. Ahearn, James F. Nolan,
Michael Sweeney, J. Thomas Presby, Paul H. Stebbins, Craig Kennedy, José H.
25 | Villarreal, William J. Post, and Robert J. Gillette. The *Tindall*, *Nederhood*, and *Tan*
Actions both also name Mark R. Widmar, Jens Meyerhoff, and James Zhu as defendants.
26 | In addition, the *Tindall* Action names David Eaglesham and Bruce Sohn as defendants.

27 |

28 |

MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

1  16; Morris Cpt., ¶¶115-17; Tan Cpt., ¶¶112-17.  Similarly, all four Plaintiffs allege that

2  they are excused from making a pre-suit demand on the Board with regard to the alleged

3  misconduct.  *See* Tindall Cpt., ¶¶139-53; Nederhood Cpt., ¶¶99-110; Morris Cpt., ¶¶86-

4  109; Tan Cpt., ¶¶99-111.  In addition, Plaintiffs seek substantially similar relief from

5  virtually the same defendants on behalf of First Solar, including damages sustained as a

6  result of defendants' breaches of fiduciary duties, restitution from defendants who have

7  been unjustly enriched, and the implementation of corporate governance reforms

8  designed to prevent recurrence of the wrongdoing.  *See* Tindall Cpt., Prayer; Nederhood

9  Cpt., Prayer; Morris Cpt., Prayer, Tan Cpt., Prayer.

10  Given the common questions of law and fact, consolidating the Related Actions

11  will serve judicial efficiency by preventing unnecessary duplication of efforts, including

12  briefing and arguing motions, initiating and conducting discovery, employing experts,

13  arranging for litigation support services, and coordinating the management of the

14  voluminous documentary evidence expected for depositions and trial.  All parties will

15  benefit from the efficiencies, coordination of effort, and consistency of adjudication that

16  consolidate the Related Actions.[6]

17  For the foregoing reasons, Plaintiffs respectfully request that this Court

18  consolidate the Related Actions.[6]

19

20

21  [6] Although the Related Actions involve a similar set of facts as the Class Action,

22  Plaintiffs do not believe consolidation of the two types of actions is appropriate here. Some courts have recognized that "while federal securities and derivative claims have

23  occasionally been consolidated for pre-trial purposes … allowing these actions to proceed separately appears to be the more common approach." *In re Bear Stearns Companies,*

24  *Inc. Sec., Derivative, & Emp. Ret. Income Sec. Act (Erisa) Litig.*, No. 08 M.D.L. 1963

25  (RWS), 2009 WL 50132, at *5 (S.D.N.Y. Jan. 5, 2009) (denying defendants' informal request to consolidate the derivative action with the securities actions) *amended on denial*

26  *of reconsideration*, 2009 WL 2168767 (S.D.N.Y. July 16, 2009).

27

28  - 8 -
MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

## V. PLAINTIFFS' REQUEST THE APPOINTMENT OF THEIR PROPOSED LEADERSHIP STRUCTURE IN FURTHERANCE OF CONSOLIDATION

It is well established that the court may appoint a leadership structure to coordinate the prosecution of complex litigation. *See, e.g.*, *Hacker*, 2006 WL 2925683, at \*2-3 ("Upon consolidation, pursuant to Rule 42(a), the district court, 'if it sees fit, may appoint one or more attorneys as liaison counsel, lead counsel, or trial counsel for the consolidated cases and accordingly assign the designated lawyers specific responsibilities.'") (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Federal Rules of Civil Procedure* §2385 (2006)); *Sparano*, 2011 WL 830109, at \*1-3 (appointing lead counsel in related shareholder derivative actions); *In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988) ("[i]n complex cases, it is well established that the district judge may create a Plaintiffs' Lead Counsel").[7] The benefits of appointing a lead counsel in consolidated derivative actions are clear: "'The benefit achieved by consolidation and the appointment of general counsel, i.e., elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation.'" *Sparano*, 2011 WL 830109, at \*2 (quoting *MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958); *see also Manual for Complex Litigation* §10.22 (4th ed. 2004) ("[i]nstituting special procedures for coordination of counsel early in the litigation will help to avoid" problems, including: waste of time and money, confusion and misdirection of the litigation, and burden on the court).

---

[7] Here, as throughout, all emphasis is deemed added and citations and footnotes are omitted unless otherwise noted.

- 9 -

MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

A.    **The Relevant Factors Support Appointing Robbins Umeda and Chapin Fitzgerald as Co-Lead Counsel**

In addition to ensuring judicial efficiency and the orderly prosecution of the derivative claims brought on behalf of First Solar, the relevant factors favor appointing Plaintiffs' proposed Co-Lead Counsel.  While no specific statutory framework exists for the appointment of lead counsel, courts generally have considered various factors, including the quality of the plaintiffs' pleadings, counsel's relevant qualifications and experience, and counsel's access to the resources necessary to prosecute the claims at issue. *TCW Tech. Ltd. P'ship v. Intermedia Commc'ns*, No. 18336, 2000 WL 1654504, at *4 (Del. Ch. Oct. 17, 2000); *Bernhard v. TD Bank, N.A.*, Civ. No. 08-4392 (RBK/AMD), 2009 WL 3233541, at *5 (D.N.J. Oct. 5, 2009) (the criteria for selecting lead counsel include the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling complex litigation, "the types of claims asserted in the action [,] counsel's knowledge of the applicable law [,] and the resources counsel will commit to representing the class"); *Millman*, 2004 WL 2284505, at *3 (criteria include "'experience and prior success record, the number, size, and extent of involvement of represented litigants, the advanced stage of proceedings in a particular suit, and the nature of the causes of action alleged'").  The "'guiding principle'" when selecting lead counsel is who will "'best serve the interest of the plaintiffs.'" *Id.* at *3.

As shown below, each of these factors weighs in favor of the establishment of Plaintiffs' proposed leadership structure.

1.    **Counsel's Qualifications, Experience, and Access to the Necessary Resources Support the Appointment of Robbins Umeda and Chapin Fitzgerald as Co-Lead Counsel**

Robbins Umeda and Chapin Fitzgerald have both achieved excellent results in the field of shareholder derivative litigation. *See* firm resumes of Robbins Umeda and Chapin Fitzgerald, attached hereto as Exhibits A & B, respectively.  Robbins Umeda has achieved impressive results in representing shareholders in courts throughout the country. For example, Robbins Umeda served as lead counsel in *In re Cardinal Health Derivative*

- 10 -

*Litigation*, No. 02-CVG-11-639, in the Common Pleas Court of Delaware County, Ohio. *See* Exhibit A at 2. After several years of litigation, numerous successful efforts to defeat motions, and extensive discovery, the firm negotiated a resolution that produced substantial benefits, including $70 million to be paid to the company and expansive corporate governance—one of the most valuable derivative settlements that the firm is aware of. *Id.* In *In re OM Group, Inc. Derivative Litigation*, No. 1:03-cv-0020, in the Northern District of Ohio, Robbins Umeda was appointed sole lead counsel and secured $29 million for OM Group, the termination of the company's long term CEO, the addition of two shareholder nominated directors, and a number of other targeted corporate governance reforms. *Id.* at 3. Further, as co-lead counsel in *In re Tenet Healthcare Corp. Derivative Litigation*, Case No. 01098905, a shareholder derivative action in Superior Court of California, County of Santa Barbara, Robbins Umeda negotiated a settlement that resulted in $51.5 million in cash for the nationwide health care services and hospital operating company, as well as sweeping corporate governance and remedial measures designed to ensure the independence and accountability of the company's board of directors. *Id.*

Chapin Fitzgerald also has extensive experience in shareholder derivative litigation and has obtained significant victories on behalf of shareholders across the country. Mr. Bottini, along with Robbins Umeda, served as co-lead counsel in *In re Brocade Communications Systems, Inc. Derivative Litigation,* (Santa Clara, Calif. Sup. Ct. Case No 1:05cv041683). The *Brocade* case was one of the highest-profile derivative cases in the United States and involved the backdating of stock options by the Company's former CEO Gregory Reyes and former V.P. of Human Resources Stephanie Jensen, both of whom were convicted of criminal securities violations in related criminal actions before the United States District Court for the Northern District of California. As a result of Mr. Bottini and Robbins Umeda's vigorous prosecution of the action, Brocade formed a Special Litigation Committee, which thoroughly investigated the claims. Moreover,

- 11 -

MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

1   based on Mr. Bottini and Robbins Umeda's exceptional work over a two-year period,

2   Brocade's Special Litigation Committee hired both Mr. Bottini's firm and Robbins

3   Umeda as co-counsel, along with Dewey & LeBoeuf LLP.  Ultimately, over $24 million

4   was recovered for the company as a result of the litigation.  *See* Exhibit B.

5   The experience and prior success of Robbins Umeda and Chapin Fitzgerald

6   unquestionably demonstrates the firms' competence to lead this litigation.  *See, e.g.*, *In re*

7   *Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (the "most persuasive"

8   factor in choosing lead counsel may be proposed counsel's "experience in, and knowledge

9   of, the applicable law in this field").

10
11
    **2.      The Quality of Plaintiffs' Pleadings and Its Vigorous Prosecution of Derivative Claims on Behalf of First Solar to Date Support Appointing Plaintiffs' Proposed Co-Lead Counsel**

12  The high quality of Plaintiffs' pleadings further supports the appointment of

13  Robbins Umeda and Chapin Fitzgerald as Co-Lead Counsel.  *See TCW Tech.*, 2000 WL

14  1654504, at *4 (courts consider quality of pleadings when appointing lead counsel).

15  Plaintiffs have filed comprehensive complaints detailing the wrongdoing giving rise to

16  the Related Actions and explaining why making a pre-suit demand on the Board would

17  be a futile effort.  *See, e.g.*, Tindall Cpt., ¶¶59-82, 113-31, 139-53; Nederhood Cpt., ¶¶27-

18  67, 73-74, 99-110; Morris Cpt., ¶¶34-73, 86-109; Tan Cpt., ¶¶28-68, 74-75, 100-111.

19  Although Plaintiffs' complaints reflect substantial investigation by counsel, counsel

20  continue their investigative efforts in anticipation of preparing and filing a consolidated

21  complaint.

22  Additionally, in an effort to avoid any needless waste of resources and ensure the

23  consistent prosecution of the pending derivative claims on First Solar's behalf, Plaintiffs

24  have cooperated with each other to arrange the proposed leadership structure and file the

25  instant motion.  This underscores the efforts of Plaintiffs' counsel to serve the best

26  interests of the Company by joining forces and pooling resources to vigorously prosecute

27  this case in an efficient, effective manner.

28

- 12 -

MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

**B.** **Glancy Binkow and Wolf Haldenstein Should Be Appointed to an Executive Committee**

As the proposed Executive Committee for plaintiffs, Glancy Binkow and Wolf Haldenstein will be available to assist and advise Co-Lead Counsel in the prosecution of the consolidated action. Glancy Binkow and Wolf Haldenstein are qualified and competent firms, experienced in the area of shareholder derivative actions, and able to provide valuable assistance to Co-Lead Counsel, if and when necessary. *See* Glancy Binkow firm resume, attached hereto as Exhibit C; Wolf Haldenstein firm resume, attached hereto as Exhibit D.

**C.** **The Dessaules Law Group Is Well Qualified to Serve as Liaison Counsel**

The Dessaules Law Group, located in Phoenix, has substantial experience in the litigation of complex civil actions like the Related Actions, and their attorneys have achieved favorable results in both state and federal court cases throughout Arizona. Given its experience and knowledge of local rules and procedures, the Dessaules Law Group is well qualified to serve as Liaison Counsel for the consolidated action. *See* Dessaules Law Group firm resume, attached hereto as Exhibit E.

**VI. CONCLUSION**

In sum, consolidating the Related Actions and appointing Plaintiffs' proposed leadership structure will ensure the orderly prosecution of the Related Actions, prevent duplication of effort by counsel, and conserve the Court's resources. Plaintiffs, therefore, respectfully request that the Court grant this Motion, consolidate the Related Actions, and appoint Robbins Umeda and Chapin Fitzgerald as Co-Lead Counsel, Glancy Binkow and Wolf Haldenstein to an Executive Committee, and the Dessaules Law Group as Liaison Counsel.

Dated: June 1, 2012                          ROBBINS UMEDA LLP

                                             s/George C. Aguilar
                                             GEORGE C. AGUILAR

- 13 -

MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

Brian J. Robbins*
George C. Aguilar*
Jay N. Razzouk*
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsumeda.com
gaguilar@robbinsumeda.com
jrazzouk@robbinsumeda.com

*Admitted *pro hac vice*

*[Proposed] Co-Lead Counsel for Plaintiffs
and Counsel for Plaintiff Clifford Tindall*

Jonathan A. Dessaules (#019439)
DESSAULES LAW GROUP
2700 North Central Avenue, Suite 1250
Phoenix, AZ 85004
Telephone: (602) 274-5400
Facsimile: (602) 274-5401
jdessaules@dessauleslaw.com

*[Proposed] Liaison Counsel for Plaintiffs
and Counsel for Plaintiff Clifford Tindall*

Dated: June 1, 2012

CHAPIN FITZGERALD SULLIVAN
  & BOTTINI LLP


s/Keith M. Cochran (w/permission)
KEITH M. COCHRAN


Francis A. Bottini, Jr.
Keith M. Cochran*
550 West "C" Street, Suite 2000
San Diego, CA 92101
Telephone: (619) 241-4810
Facsimile: (619) 995-5318
fbottini@cfsblaw.com
kcochran@cfsblaw.com

*admitted *pro hac vice*

*[Proposed] Co-Lead Counsel and Counsel
for Plaintiffs Britt Nederhood, Eng Kwang
Tan,* and *Eric Feigin*

Hart L. Robinovitch (#020910)
ZIMMERMAN REED, PLLP
14646 N. Kierland Blvd., Suite 145

- 14 -

MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

Scottsdale, AZ 85254
Telephone: (480) 348-6400
Facsimile: (480) 348-6415
Hart.Robinovitch@zimmreed.com

*Counsel for Plaintiff Britt Nederhood*

Dated: June 1, 2012                    GLANCY BINKOW & GOLDBERG LLP

                                       s/Ex Kano S. Sams, II (w/ permission)
                                       EX KANO S. SAMS II

                                       Lionel Z. Glancy
                                       Ex Kano S. Sams II*
                                       Michael M. Goldberg
                                       1925 Century Park East, Suite 2100
                                       Los Angeles, CA 90067
                                       Telephone: (310) 201-9150
                                       Facsimile: (310) 201-9160
                                       lglancy@glancylaw.com
                                       mmgoldberg@glancylaw.com
                                       esams@glancylaw.com

                                       *admitted *pro hac vice*

                                       *[Proposed] Executive Committee for
                                       Plaintiffs and Counsel for Plaintiff
                                       Kathleen Morris*

                                       Edwin D. Fleming
                                       Jake D. Curtis
                                       BURCH & CRACCHIOLO, P.A.
                                       702 E. Osborn Road, Suite 200
                                       Phoenix, AZ 85011
                                       Telephone: (602) 274-7611
                                       efleming@bcattorneys.com
                                       jcurtis@bcattorneys.com

                                       *Counsel for Plaintiff Kathleen Morris*

Dated: June 1, 2012                    MITCHELL & ASSOCIATES

                                       s/Robert D. Mitchell (w/ permission)
                                       Robert D. Mitchell

                                       Robert D. Mitchell (#011922)
                                       Sarah K. Deutsch (#026229)
                                       Viad Corporate Center, Suite 2030
                                       1850 North Central Avenue
                                       Phoenix, Arizona 85004
                                       Telephone: (602) 468-1411
                                       Facsimile: (602) 468-1311

- 15 -

MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

robertmitchell@mitchell-attorneys.com
sarahdeutsch@mitchell-attorneys.com

*Counsel for Plaintiffs Eng Kwang Tan and Eric Feigin*

Betsy Manifold
Francis M. Gregorek
WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
gregorek@wfafh.com

*[Proposed] Executive Committee for Plaintiffs and Counsel for Plaintiffs Eng Kwang Tan* and *Eric Feigin*

733106

- 16 -

MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT OF A LEADERSHIP STRUCTURE

1

**CERTIFICATE OF SERVICE**

2     I hereby certify that on June 1, 2012, I electronically transmitted the attached

3 document to the Clerk's Office using the CM/ECF System which will send notification of

4 such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

5     I further certify that I served the attached document via e-mail on the following:

6 Jordan Eth                                        Maureen Beyers
  Anna Erickson White                              OSBORN MALEDON, P.A.
7 MORRISON & FOERSTER LLP                          2929 North Central Avenue
  425 Market Street, 32nd Floor                    Phoenix, AZ 85012-2793
8 San Francisco, CA 94105-2482

9

10                                                 s/ George C. Aguilar

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    - 17 -