1   BONNETT FAIRBOURN FRIEDMAN
        & BALINT, P.C.
2   ANDREW S. FRIEDMAN (AZ005425)
    KEVIN HANGER (AZ027346)
3   2901 N. Central Avenue, Suite 1000
    Phoenix, AZ  85012
4   Telephone:  602/274-1100
    602/274-1199 (fax)
5   afriedman@bffb.com
    khanger@bffb.com
6
    [Proposed] Liaison Counsel for Plaintiff
7
    ROBBINS GELLER RUDMAN
8       & DOWD LLP
    MICHAEL J. DOWD
9   MARK SOLOMON
    DANIEL S. DROSMAN
10  JASON A. FORGE
    DANIELLE S. MYERS
11  655 West Broadway, Suite 1900
    San Diego, CA  92101
12  Telephone:  619/231-1058
    619/231-7423 (fax)
13  miked@rgrdlaw.com
    marks@rgrdlaw.com
14  dand@rgrdlaw.com
    jforge@rgrdlaw.com
15  dmyers@rgrdlaw.com

16  [Proposed] Lead Counsel for Plaintiff

17              UNITED STATES DISTRICT COURT

18                  DISTRICT OF ARIZONA

19  MARK SMILOVITS, Individually and on    )  No. 2:12-cv-00555-DGC
    Behalf of All Others Similarly Situated, )
20                                          )  CLASS ACTION
                               Plaintiff,   )
21                                          )  MINEWORKERS' PENSION SCHEME
         vs.                                )  AND BRITISH COAL STAFF
22                                          )  SUPERANNUATION SCHEME'S
    FIRST SOLAR, INC., et al.,              )  REPLY MEMORANDUM OF LAW IN
23                                          )  FURTHER SUPPORT OF THEIR
                               Defendants.  )  MOTION FOR APPOINTMENT AS
24  _____  )  LEAD PLAINTIFF AND IN RESPONSE
                                               TO DEFENDANTS' RESPONSE TO
25                                             MOTIONS FOR APPOINTMENT OF
                                               LEAD PLAINTIFF AND LEAD
26                                             PLAINTIFF'S COUNSEL

27

28

719465_1

1   **I.      INTRODUCTION**

2          Defendants responded to the pending lead plaintiff motions, claiming to "take no

3   position as to whom should be appointed lead plaintiff or what firm should serve as lead

4   plaintiff's counsel." *See* Dkt. No. 62 at 2-3.  Promptly contradicting themselves, defendants

5   then take positions about "whether [the] appointment of multiple law firms is permitted

6   under the Reform Act" and that because the Pension Schemes "reside in foreign countries"

7   there might be "certain procedural and practical difficulties." *Id.*  Defendants' response

8   should be ignored at this stage because: (i) they lack standing to weigh in and influence the

9   Court;[1] (ii) defendants themselves have multiple law firms representing them, as is proper

10  when a national firm utilizes the assistance of liaison counsel with offices in the district

11  where an action is pending;[2] and (iii) the "considerations urged regarding geographic

12  hurdles," namely, that the Pension Schemes' are located in England, "can be minimized by

13  modern transportation and communication facilities." *In re Vista Care, Inc. Sec. Litig.*, No.

14  CIV 04-1661, Order at 8 (D. Ariz. Feb. 15, 2005) (Martone, J.) (Ex. B attached hereto).

15         As the Third Circuit Court of Appeals recognized, "defendants will rarely have the

16  best interests of the class at heart," and even less so when they attempt to influence the

17  Court's determination of the "most adequate plaintiff" at the lead plaintiff stage. *In re Merck*

18  *& Co. Sec. Litig.*, 432 F.3d 261, 267 (3d Cir. 2005).  Thus, the Court should decline to

19  consider their improper response here.

20  **II.     ARGUMENT**

21         **A.      Defendants Lack Standing at This Stage of the Proceedings**

22         The PSLRA is unequivocal: the most adequate plaintiff presumption "may be rebutted

23  ***only*** upon proof ***by a member of the purported plaintiff class***."   15 U.S.C. §78u-

24  _____

25  [1]    *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (presumption may be rebutted "***only*** upon proof by a
    member of the purported plaintiff class" – not defendants).  All emphasis is added and citations

26  omitted here and throughout unless otherwise indicated.

    [2]    *Berger v. Styling Tech. Corp.*, No. CIV 99-2109, Order at 7 (D. Ariz. Aug. 25, 2000) (Silver,

27  J.) ("Involvement of local counsel is warranted to coordinate filings with this Court.") (Ex. A
    attached hereto).

28

1    4(a)(3)(B)(iii)(II). Thus, "[d]efendants do not have standing to challenge the appointment of

2    lead plaintiffs or their selection of lead counsel." *Dutton v. Harris Stratex Networks, Inc.*,

3    2009 U.S. Dist. LEXIS 48455, at *4 n.2 (D. Del. 2009); *see also* Complaint, ¶65 ("***Excluded***

4    ***from the Class are defendants*** . . . .").[3]

5        That defendants lack standing to challenge lead plaintiff selection "makes sense

6    because defendants will rarely have the best interests of the class at heart." *Merck*, 432 F.3d

7    at 267; *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890,

8    895 (7th Cir. Ill. 1981) ("[w]hen it comes, for instance, to determining whether 'the

9    representative parties will fairly and adequately protect the interests of the class,' . . . it is a

10    bit like permitting a fox, although with a pious countenance, to take charge of the chicken

11    house"); *McNamara v. Bre-X Minerals, Ltd.*, 2003 U.S. Dist. LEXIS 25641, at *52 (E.D.

12    Tex. 2003) ("It is in a defendant's best interests to object to class counsel who are, in fact,

13    best suited to protect the class and represent its interests, so that the defendant can seek new

14    class counsel who will more readily compromise the claims of the class.").[4]

15

---

16    [3]     *See also Merck*, 432 F.3d at 267 ("weight of authority falls against" defendants' "ability to challenge lead plaintiff selection"); *Prissert v. Emcore Corp.*, 2010 U.S. Dist. LEXIS 86598, at *8

17    (D.N.M. 2010) ("Defendants, therefore, lack standing to object to the adequacy or typicality of the proposed lead plaintiffs at this preliminary stage of the litigation."); *Blake Partners, Inc. v.*

18    *Orbcomm, Inc.*, 2008 U.S. Dist. LEXIS 43061, at *12 (D.N.J. 2008) ("[d]efendants lack standing to formally oppose" the lead plaintiff motion); *In re Surebeam Corp. Sec. Litig.*, 2003 U.S. Dist.

19    LEXIS 25022, at *26 n.5 (S.D. Cal. 2004) ("Defendants lack standing to object to the adequacy or typicality of the presumptive lead plaintiff."); *Bell v. Ascendant Solutions, Inc. Litig.*, 2002 U.S. Dist.

20    LEXIS 6850, at *9-*10 (N.D. Tex. 2002) (same); *In re Lucent Techs., Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 486 n.18 (D.N.J. 2001) (same); *Netsky v. Capstead Mortg. Corp.*, 2000 U.S. Dist. LEXIS

21    9941, at *32-*33 (N.D. Tex. 2000) (same); *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d, 401, 409-10 (S.D. Tex. 2000) (same); *In re Lucent Techs. Inc. Sec. Litig.*, 194 F.R.D. 137, 150 (D.N.J.

22    2000) (same); *In re Party City Sec. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999) (same); *In re Nice Sys., Ltd. Sec. Litig.*, 188 F.R.D. 206, 218 (D.N.J. 1999) (same); *In re Milestone Sci. Sec. Litig.*, 183

23    F.R.D. 404, 414 (D.N.J. 1998) (same); *In re Cephalon Sec. Litig.*, 1998 U.S. Dist. LEXIS 12321, at *17 (E.D. Pa. 1998) (same); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 550 (N.D. Tex. 1997) ("The

24    statute is clear that only *potential plaintiffs* may be heard regarding appointment of a Lead Plaintiff.") (emphasis in original).

25    [4]     A handful of courts have indicated that while defendants clearly lack standing to object to the

26    appointment of a lead plaintiff, "the court may still consider *sua sponte* the issues argued" by defendants. *Johnson v. Pozen, Inc.*, 2008 U.S. Dist. LEXIS 12004, at *3 n.2 (M.D.N.C. 2008). This

27    option appears to be self-contradictory. *Sua sponte* means "on its own motion" or "[w]ithout prompting." *Black's Law Dictionary* 1464 (8th ed. 2004). Thus, a court should decline to *sua*

28    *sponte* consider ***defendants'*** arguments when it would enable defendants to improperly evade the

1        Pragmatically, neither the Court, the class nor defendants are prejudiced by

2   defendants' lack of standing at this stage because "the Rule 23 inquiry is not as searching as

3   it would be on a motion for class certification; the prospective lead plaintiff need only make

4   a prima facie showing that it meets the typicality and adequacy factors." *Schriver v. Impac*

5   *Mortg. Holdings, Inc*., 2006 U.S. Dist. LEXIS 40607, at *15-*16 (C.D. Cal. 2006); *see also*

6   *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000).[5]  By filing

7   the initial complaint and seeking appointment as lead plaintiff, the Pension Schemes have

8   demonstrated their typicality and adequacy at this stage.  Tellingly, ***defendants do not***

9   ***suggest that the Pension Schemes are not typical or adequate***.[6]  In limiting objections to

10   class members only, Congress recognized that defendants will have their bite at the

11   proverbial apple at class certification.  There is no compelling reason to ignore the statutory

12   language and consider defendants' challenges here.  *See Blake Partners*, 2008 U.S. Dist.

13   LEXIS 43061, at *24 (defendants are not precluded from objecting to the issue of lead

14   plaintiff as the class certification stage); *Netsky*, 2000 U.S. Dist. LEXIS 9941, at *32-*33

15

---

16   statute's plain language.  Moreover, while district courts are clearly empowered to ensure
17   compliance with the PSLRA, there is no justifiable reason here to give credence to defendants'
     concerns, particularly because this Court may revisit the lead plaintiff appointment should the need
18   arise.  *See, e.g.*, *In re NYSE Specialists Sec. Litig*., 240 F.R.D. 128, 134-36 (S.D.N.Y. 2007) (citing
     cases).

19   [5]    The qualifications for appointment as lead plaintiff and class representative differ.  First,
20   "having the largest financial interest in the action is only a factor for appointment as lead plaintiff
     and not as class representative."  *NYSE Specialists*, 240 F.R.D. at 135 n.9; *see generally* 15 U.S.C.
21   §78u-4(a)(3)(B)(iii)(I)(bb); Fed. R. Civ. P. 23; *In re Oxford Health Plans Inc. Sec. Litig.*, 191 F.R.D.
     369, 375 (S.D.N.Y. 2000) ("there is no requirement in Rule 23 concerning the amount of loss . . .
22   necessary to qualify as a class representative").  Second, "courts have concluded that although lead
     plaintiffs must meet the requirements of Rule 23, '[t]he Rule 23 analysis for purposes of appointing a
23   lead plaintiff is significantly less detailed than the Rule otherwise requires.'"  *NYSE Specialists*, 240
     F.R.D. at 135 n.9.  Indeed, "'one need only make a "preliminary showing" that the Rule's typicality
24   and adequacy requirements have been satisfied.'"  *Id.*  This difference between the *prima facie*
     demonstration at lead plaintiff and the enhanced Rule 23 scrutiny at class certification further
25   illustrates the rationale underlying defendants' lack of standing at this stage.

26   [6]    Defendants also do not dispute that the Pension Schemes timely complied with each of the
     PSLRA's procedural prerequisites to appointment as lead plaintiff.  This is significant because the
27   few courts which have considered defendants' objections at the lead plaintiff stage did so only as to
     failure to meet the PSLRA's ***procedural*** requirements, not ***substantive*** ones.  *See, e.g.*, *Merck*, 432
28   F.3d at 267 (defendants may challenge procedural defects).

719465_1

(defendants "retain the right to challenge the Rule 23 requirements at the class certification stage"); *Lucent*, 194 F.R.D. at 150 (same).

Only class members may be heard at this juncture.  As such, defendants' response should not be considered in connection with the Court's "most adequate plaintiff" determination.

### B.      Even if Defendants' "Response" Was Proper, Their Stated Concerns Ring Hollow and Should Be Rejected

#### 1.      Lead Plaintiffs Select Counsel, Not Defendants

Defendants' first concern is "whether appointment of multiple firms is permitted under the Reform Act."  Dkt. No. 62 at 2.  This argument lacks merit.  Defendants have one national firm and one local firm representing them.  Plaintiffs and the class are entitled to the same type of services, and, in fact, it would be improper for lead counsel to practice in this Court without admitted attorneys or offices in the District.  *See* LRCiv 83.1(a) ("Admission to and continuing membership in the bar of this Court is limited to attorneys who are active members in good standing of the State Bar of Arizona."); *Berger*, CIV 99-2109, Order at 7 ("Involvement of local counsel is warranted to coordinate filings with this Court.").

Moreover, and unlike defendants' attorneys' fees which are free-from-scrutiny, the PSLRA requires the Court to award only "reasonable" attorneys' fees and expenses.  15 U.S.C. §78u-4(a)(6).  And, the Ninth Circuit has made it doubly clear that it is the lead plaintiff – not the Court, and certainly not defendants – who selects lead counsel.  *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("[T]he district court has no authority to select for the class what it considers to be the best possible lawyer or the lawyer offering the best possible fee schedule.  Indeed, the district court does not select class counsel at all."); *In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009) ("It would be difficult for the statute to be more clear that it is the lead plaintiff who selects lead counsel, not the district court.").

Ultimately, a "'court may disturb the lead plaintiff's choice of counsel only if it appears necessary to "protect the interests of the class.""'  *Teamsters Local 617 Pension &*

1  *Welfare Funds v. Apollo Group, Inc.*, 2007 U.S. Dist. LEXIS 67354, at *22 (D. Ariz. 2007)

2  (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)).   Here, there is no need to disturb the

3  Pension Schemes' selection of Robbins Geller to serve as lead counsel and Bonnett

4  Fairbourn to serve as liaison counsel.  *See id.* (approving of lead plaintiff's selection of lead

5  and liaison counsel "but cautions that this must not result in the duplication of any expenses

6  to the class"); *see also* 15 U.S.C. §78u-4(a)(6) (requiring court to assess reasonableness of

7  attorneys' fee award in securities cases).

8           **2.**        **There Are No Procedural or Practical Difficulties if the Pension Schemes Are Appointed as Lead Plaintiff**

9

10  Defendants also express concern about unspecified "procedural and practical

11  difficulties" if the Pension Schemes are appointed lead plaintiff.  *See* Dkt. No. 62 at 3.

12  Defendants' failure to identify a single supposed "difficulty" is telling.

13  For good reason, there are none.  There is a daily direct flight between London and

14  Phoenix, and countless other daily multi-stop flights between the two cities.[7]  Defendants are

15  well aware that phones, email and the internet work as seamlessly in London as they do in

16  New York and Phoenix.  As Judge Martone appropriately recognized in rejecting a similar

17  argument, the "considerations urged regarding geographic hurdles can be minimized by

18  modern transportation and communication facilities."  *Vista Care*, No. CIV 04-1661, Order

19  (Ex. B) at 8.[8]

20  Defendants' generalizations in this regard are similarly without merit.

21

22

23

24  _____

25  [7]     *See generally* http://www.kayak.com for daily flight schedules on all airlines between Phoenix and London.  By contrast, there are **no** non-stop flights between Phoenix and Albany (where NYSTRS is located).

26  [8]     It is ironic that defendants singled out the Pension Schemes as presenting "difficulties" when

27  it was NYSTRS who, despite being in the U.S., was unable to ensure that its entire set of opposition papers was timely filed on June 1, 2012.

28

1

## III.    CONCLUSION

2

Defendants lack standing to weigh in at this stage of the litigation.  They will have

3

their bite at the apple at the class certification stage.  Moreover, their unspecified concerns do

4

not actually exist.  Defendants' response should not be considered here.

5

DATED:  June 11, 2012                              Respectfully submitted,

6

ROBBINS GELLER RUDMAN
  & DOWD LLP

7

MICHAEL J. DOWD
MARK SOLOMON

8

DANIEL S. DROSMAN
JASON A. FORGE

9

DANIELLE S. MYERS

10

                   s/ DANIELLE S. MYERS

11

                 DANIELLE S. MYERS

12

655 West Broadway, Suite 1900
San Diego, CA  92101

13

Telephone:  619/231-1058
619/231-7423 (fax)

14

[Proposed] Lead Counsel for Plaintiff

15

BONNETT FAIRBOURN FRIEDMAN
  & BALINT, P.C.

16

ANDREW S. FRIEDMAN (AZ005425)
KEVIN HANGER (AZ027346)

17

2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012

18

Telephone:  602/274-1100
602/274-1199 (fax)

19

20

[Proposed] Liaison Counsel for Plaintiff

21

22

23

24

25

26

27

28

719465_1

| | |
|---|---|
| 1 | <div align="center">CERTIFICATE OF SERVICE</div> |
| 2 | I hereby certify that on June 11, 2012, I authorized the electronic filing of the |
| 3 | foregoing with the Clerk of the Court using the CM/ECF system which will send notification |
| 4 | of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, |
| 5 | and I hereby certify that I caused to be mailed the foregoing document or paper via the |
| 6 | United States Postal Service to the non-CM/ECF participants indicated on the attached |
| 7 | Manual Notice List. |
| 8 | I certify under penalty of perjury under the laws of the United States of America that |
| 9 | the foregoing is true and correct.  Executed on June 11, 2012. |

                                          s/ DANIELLE S. MYERS
                                        DANIELLE S. MYERS

                                        ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                        655 West Broadway, Suite 1900
                                        San Diego, CA  92101-3301
                                        Telephone:  619/231-1058
                                        619/231-7423 (fax)

                                        E-mail:   dmyers@rgrdlaw.com

# Mailing Information for a Case 2:12-cv-00555-DGC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George C Aguilar**
  gaguilar@robbinsumeda.com,notice@robbinsumeda.com

- **Stephen Richard Basser**
  sbasser@barrack.com

- **Maureen Beyers**
  mbeyers@omlaw.com,ljensen@omlaw.com

- **Willie Briscoe**
  wbriscoe@thebriscoelawfirm.com

- **Luke Brooks**
  lukeb@rgrdlaw.com

- **Jeremy James Christian**
  jjc@tblaw.com,jxw@tblaw.com,sab@tblaw.com

- **Keith Michael Cochran**
  kcochran@cfsblaw.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com,mzehel@pomlaw.com

- **Jonathan Adam Dessaules**
  jdessaules@dessauleslaw.com,hpeters@dessauleslaw.com

- **Michael J Dowd**
  miked@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Daniel S Drosman**
  dand@rgrdlaw.com,tholindrake@rgrdlaw.com

- **Jordan Eth**
  jeth@mofo.com,adavis@mofo.com,nurbina@mofo.com

- **Jason A Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Richard W Gonnello**
  rgonnello@faruqilaw.com

- **Bryan Jens Gottfredson**
  Bryan.Gottfredson@sackstierney.com,karen.sorensen@sackstierney.com

- **Salvatore Jo Graziano**
  salvatore@blbglaw.com,errol.hall@blbglaw.com

- **Joseph P Guglielmo**
  jguglielmo@scott-scott.com

- **Kevin Richard Hanger**
  khanger@bffb.com,rcreech@bffb.com,nserden@bffb.com

- **Jennifer Lynn Kroll**
  jkroll@martinbonnett.com,jkroll1@cox.net

- **Jeffrey S Leonard**
  jeffrey.leonard@sackstierney.com,wendy.peterson@sackstierney.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com

- **Peter S Linden**
  plinden@kmllp.com

- **Susan Joan Martin**
  smartin@martinbonnett.com,tmahabir@martinbonnett.com,mblawfirm@aol.com

- **Michael Craig McKay**
  mmckay@schneiderwallace.com,efilings@schneiderwallace.com,egallegos@schneiderwallace.com

- **Danielle S Myers**
  danim@rgrdlaw.com

- **Patrick Powers**
  patrick@powerstaylor.com,sarah@powerstaylor.com

- **Ira Michael Press**
  ipress@kmllp.com

- **Jay N Razzouk**
  jrazzouk@robbinsumeda.com

- **Brian J Robbins**
  brobbins@robbinsumeda.com,notice@robbinsumeda.com,rsalazar@robbinsumeda.com

- **Hart Lawrence Robinovitch**
  AZDocketing@zimmreed.com,stacy.bethea@zimmreed.com

- **David R Scott**
  drscott@scott-scott.com,efile@scott-scott.com

- **Mark Solomon**
  marks@rgrdlaw.com

- **Edward M Varga , III**
  evarga@kmllp.com

- **Samuel M Ward**
  sward@barrack.com,lxlamb@barrack.com

- **Daxton Reese Watson**
  dwatson@mackazlaw.com,bcorpora@mackazlaw.com

- **Anna Erickson White**
  awhite@mofo.com,tvanvoris@mofo.com,avickery@mofo.com

- **Garrett Webster Wotkyns**
  gwotkyns@schneiderwallace.com,efilings@schneiderwallace.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`