# EXHIBIT B

NOT FOR PUBLICATION

FILED ___ LODGED
RECEIVED ___ COPY

JUN 2 9 2005

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

In re: TASER INTERNATIONAL SECURITIES LITIGATION,

No. CV05-0115-PHX-SRB

ORDER APPOINTING LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

On March 11, 2005, the deadline for filing Motions for Appointment of Lead Plaintiff, 13 motions were filed. Six have been formally withdraw: The Kayne Movants, Ohanessian, Spagnuolo, Giordano, Ponte and Logan Capital Management, Caro, Wiell and Jones, The Mur Group, The Guzman Group, and Generic Trading of Philadelphia. Four other motions, while not formally withdrawn, are no longer being pursued. No responses or replies were filed after the filing of the initial motions. Those that the Court has concluded are no longer being urged are: The Hadler Group, Richey and Simons, The TASER Investors Group, and The Toth Group. The three remaining Motions for Appointment of Lead Counsel are the motions of Eli Wilamowsky, The Sorrell Group, and The Kraker Group. Additionally, the Kayne Movants, in their Notice of Withdrawal of their Motion for Appointment of Lead Counsel, recommend against the appointment of Wilamowsky contending that he belatedly informed the Court that he engaged in short-selling of TASER stock during the proposed class period. Defendants filed a response to the Motions for Appointment of Lead Plaintiff

1  advising the Court that they take no position with respect to the appointment of lead plaintiff
2  or approval of lead plaintiff's counsel. The Court notes that the only issue before the Court
3  concerns the appointment of lead plaintiff. None of the memoranda challenge the
4  qualifications of the counsel selected by any of the three still seeking appointment as lead
5  plaintiff.

6        Proposed lead plaintiff Wilamowsky claims the largest loss of over $3 million.
7  Proposed lead plaintiff The Sorrell Group claims a loss of over $2 million and proposed lead
8  plaintiff The Kraker Group claim losses of approximately $1.05 million. The objections to
9  Wilamowsky expressed by The Sorrell Group and The Kraker Group are his short-selling of
10 TASER stock during the proposed class period and the assertion that he is a day trader. The
11 objections to The Sorrell Group's motion include that its loss is not the largest loss of the
12 parties seeking appointment as lead plaintiff, the assertion that The Sorrell Group, comprised
13 of five members, is a lawyer-made group of unrelated investors, the claim that the Sorrel
14 family reaped a profit from its class period transactions, that three of the five members
15 purchased TASER stock after disclosure of the alleged fraud, and the claim that one of the
16 members of The Sorrell Group is a day-trader of TASER securities. The Kraker Group was
17 opposed on the basis that its loss is not the largest loss suffered and the group of eleven is
18 unwieldy.[1]

19       The movants agree on the general legal principles for selection of lead plaintiff.
20 Section 21D(a)(3)(B)(iii)(I) of the Private Securities Litigation Reform Act of 1995
21 (PSLRA), adopts a rebuttable presumption about who is the most adequate person or group
22 to serve as lead plaintiff. The presumptive lead plaintiff 1) has either filed the complaint or
23 a motion for appointment; 2) has the largest financial interest in the relief sought by the class;
24 and 3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
25 Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). A party may rebut the presumption by

---

[1] The Court need not address the lead plaintiff challenges to The Sorrel Group and The Kraker Group because of its conclusion that Wilamowsky should serve as lead plaintiff.

providing proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). For purposes of satisfying the requirements of Rule 23 of the Federal Rules of Civil Procedure, only typicality and adequacy are relevant for purposes of a motion for appointment of lead counsel. *In re Cavanaugh*, 306 F.3d 726, 731 (9th Cir. 2002). Typicality under Rule 23(a)(3) is satisfied if the proposed lead plaintiff suffered the same injuries as the proposed class members as a result of the same course of conduct by the defendant and has claims based on the same legal issues. Adequacy is satisfied if the proposed lead plaintiff has no interests antagonistic to those of the class. Wilamowsky unquestionably meets parts one and two of the test. His appointment as lead plaintiff is challenged on the claims that he will not fairly and adequately protect the interests of the class and that he is not typical.

The parties opposing Wilamowsky's appointment claim that as a short-seller of TASER stock he is both inadequate and atypical. Wilamowsky acknowledges that he sold 90,000 shares of TASER stock short from May to August 2004. These parties also allege that he is atypical because he is a professional day-trader. Wilamowsky's declaration states that he was employed by a brokerage firm that specializes in day trading, is no longer employed with that firm, his TASER investment was his own personal investment, and he did not engage in day-trading of TASER. Wilamowsky may have been employed by a securities firm as a day-trader during the proposed class period but there is no evidence that Wilamowsky day-traded TASER shares. The Court rejects the contention that Wilamowsky is inappropriate to serve as lead plaintiff because he is an atypical day-trader. The parties have failed to show how his professional employment as a day-trader at a securities firm makes him atypical when he was not day-trading TASER stock for his own account.

The other challenge to Wilamowsky concerns his short-selling of TASER stocks between May and August 2004. An examination of Wilamowsky's certification of his transactions in TASER stock filed March 11, 2005 shows that he sold 90,000 shares short

between May 21, 2004 and August 2, 2004, purchased shares to cover the short-selling in September 2004, and then purchased without any further sales 300,000 shares through November 2004. In response to the claim that short-selling should disqualify him as lead plaintiff, Wilamowsky submitted a declaration explaining that he sold TASER short between May and August 2004 because of news reports about TASER stun-gun sales in England being placed on hold which he concluded might have an adverse effect on TASER's stock-price in the short term. When the hold was lifted on September 15, 2004 he purchased the 90,000 shares he had sold short plus an additional 300,000 shares. At the end of the class period he still retained those 300,000 shares (now 600,000 shares after a stock-split).

In the Court's view the short selling during May, June, July, and August of 2004 does not disqualify Wilamowsky to serve as lead plaintiff. The Court agrees that Wilamowsky's trading pattern is similar to that seen in *Danis v. USN Communications, Inc.*, 189 FRD 391, 396 (N.D.Ill. 1999). The Court also agrees with the rationale of the District Judge in that case that Wilamowsky's initial short selling followed by ordinary stock purchases during the class period on which the loss was suffered make these later purchases typical.

The Court finds that opponents to Wilamowsky's motion have failed to come forward with evidence that Wilamowsky is atypical and inadequate within the meaning of Rule 23, Federal Rules of Civil Procedure. Wilamowsky is entitled to the statutory presumption. The Court finds that the presumption had not been rebutted because the competing proposed lead plaintiffs have failed to provide proof that Wilamowsky will not fairly and adequately protect the interests of the class or is subject to unique defenses that render him incapable of adequately representing the class.

IT IS ORDERED granting Proposed Lead Plaintiff Wilamowsky's Motion for Appointment as Lead Plaintiff and Approval of his Selection of Lead Counsel. (Doc. 33-2).

IT IS FURTHER ORDERED appointing Eli Wilamowsky as Lead Plaintiff in this case.

IT IS FURTHER ORDERED approving his selection of lead counsel Bernstein, Liebhard & Lifshitz and appointing Mitchell Law Office, P.C. as liaison counsel for the class. (Doc. 33-3).

IT IS FURTHER ORDERED denying all pending Motions for Appointment of Lead Counsel, to Consolidate, and Selection of Lead Counsel that have not been previously withdrawn. (Docs. 17-1, 17-2, 33-1, 36-1, 39-1, 39-2, 41-1, 41-2, 44-1, 44-2, 44-3, 49-1, 49-2).

IT IS FURTHER ORDERED that Lead Plaintiff shall file a consolidated complaint within sixty (60) days from the date of this order. Defendants shall respond to the consolidated complaint within forty-five (45) days after service.

DATED this 28th day of June, 2005.

_____
Susan R. Bolton
United States District Judge