# EXHIBIT C

☒ FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 1 5 2005

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT.

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Vista Care, Inc. )<br>Securities Litigation  )<br>                     )<br>                     )<br>                     )<br>                     )<br>_____) | No. CIV 04-1661 PHX FJM<br><br>(Consolidated)<br><br>**ORDER** |

This is an action for securities fraud brought on
behalf of shareholders of Vistacare, Inc. (Plaintiffs)
against Vistacare, Inc. and a few of Vistacare's officers
and directors (Defendants).  Before the court are Plaintiff
Slomovic's (BWK Group) Motion for Appointment as Lead
Plaintiff and for Approval of Their Selection of Lead
Counsel (doc. 15), Plaintiff Schneider's Response (doc. 28),
BWK Group's Reply (doc. 33); Plaintiff Schneider's Motion
for Appointment as Lead Plaintiff and Approval of His
Selection of Lead Counsel (doc. 17), Plaintiff BWK Group's
Response (doc. 30), Plaintiff Schneider's Reply (doc. 38);
Plaintiff Salustro's (Duhon Group) Motion for Appointment as
Lead Plaintiff and for Approval of Their Selection of Lead
Counsel (doc. 20), Plaintiff Schneider's Response (doc. 28),
Plaintiff BWK Group's Response (doc. 30); Plaintiff BWK
Group's Supplemental Submission in Furtherance of its Motion

59

1  for Appointment as Lead Counsel and Selection of Lead

2  Counsel (doc. 48), Plaintiff Schneider's Response (doc. 50),

3  Plaintiff BWK Group's Reply (doc. 51);   Plaintiff

4  Schneider's Motion to Strike BWK Group's Supplemental Reply

5  (doc. 54), Plaintiff BWK Group's Response (doc. 56), and

6  Plaintiff Schneider's Reply (Opposition) (doc. 58).  The

7  ferocity of the motion practice is not justified by the

8  relative modesty of the claims.  We have law firms here

9  competing for fees.

10      The first of three groups claiming lead plaintiff

11  status consists of Baden-Wurttembergische

12  Kapitalanlagegesellschaft mbH (BWK), Daniel Magnusson, and

13  Abraham L. Slomovics (collectively referred to as BWK

14  Group).  The second group consists of Dave Schneider,

15  individually and as Trustee of the Schneider Family Trust

16  (Schneider Group).   The third group consists of Robert

17  Duhon, Donald Erwin, Jeffrey Krebs, Robert Sagwell and Emma

18  Salustro (collectively known as Duhon Group).

19                              I.

20      Vistacare provides hospice services in the United

21  States.  Plaintiffs allege that during the class period,

22  from November 6, 2003 through August 5, 2004, Vistacare

23  experienced record growth for several quarters before

24  announcing on August 5, 2004 that it would accrue $6.2

25  million in a single quarter for its Medicare cap reserve.

26  The next day, Vistacare's stock price allegedly dropped 18%

27  from its August 4, 2004 level. Plaintiffs allege that

28                             -2-

1  Defendants violated the Securities Act of 1934 and rules

2  promulgated pursuant to that Act.

3                              II.

4      This action is governed by the Private Securities

5  Litigation Reform Act of 1995 (PSLRA). 15 U.S.C. § 78u-4.

6  The court (Judge Carroll) consolidated all related actions

7  in this matter on December 20, 2004 (doc. 49). See 15

8  U.S.C. § 78u-4(a)(3)(B)(ii).

9      The PSLRA sets forth the procedure that governs

10  appointment of the lead plaintiff in class action suits

11  arising under the Securities and Exchange Act of 1934. *See*

12  *generally* 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i). This

13  procedure requires the initial plaintiff to publish a notice

14  to the class informing the class members of their right to

15  file a motion for appointment as lead plaintiff. 15 U.S.C. §

16  78u-4(a)(3)(A)(I).  Here, the law firm of Milberg, Weiss,

17  Bershad & Schulman, on behalf of its clients, published the

18  first notice in *Business Wire* on August 12, 2004.

19      The PSLRA also provides that within 90 days after

20  publication of notice, the district court shall consider the

21  class members' motions and appoint as lead plaintiff the

22  member or members of the class that the court determines

23  most capable of adequately representing the interests of the

24  class members. 15 U.S.C. § 78u-4(3)(B)(I). The docket shows

25  that Judge Carroll recused himself on January 13, 2005, and

26  the case was reassigned to the undersigned.  (doc. 52).

27

28                              -3-

When making the determination of "most adequate plaintiff," the PSLRA provides that:

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
>> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>>
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The above presumption may only be rebutted by proof that the presumptive lead plaintiff (1) will not fairly and adequately protect the interests of the class, or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Although the Schneider Group makes spirited arguments, our role has been seriously circumscribed by *In re Cavanaugh*, 306 F.3d 726 (9th Cir.2002).

### III.

All three groups have filed timely motions to be appointed lead plaintiff. 15 U.S.C. § 78u-

-4-

1  4(a)(3)(B)(iii)(I)(aa).  We must then determine which of the

2  groups has "the largest financial interest in the relief

3  sought by the class." 15 U.S.C. § 78u-

4
5  4(a)(3)(B)(iii)(I)(bb). This finding is only for the purpose

6  of resolving lead plaintiff motions and is not an ultimate

7  determination of liability or damages.  The PSLRA "provides

8  in categorical terms that the *only* basis on which a court

9  may compare plaintiffs competing to serve as lead is the

10  size of their financial stake in the controversy."

11
12 *Cavanaugh*, 306 F.3d at 732.

13      The BWK group asserts a combined financial interest of

14 $153,316.01.  After all the extensive briefing on this

15 issue, we find that BWK, a member of the BWK group, has made

16 a sufficient showing that it is authorized to bring this

17 action on behalf of its individual investors, and thus the

18
19 losses claimed will be considered for purposes of

20 determining a lead plaintiff.  The Schneider Group asserts a

21 combined financial interest of $23,710.  The Duhon Group

22 asserts a combined financial loss of $3,089.  The BWK

23 group's loss of $153,316.01 far exceeds the losses suffered

24 by the other two moving groups.

25
26
27
28                          -5-

Having the largest financial interest, the BWK group must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  The parties agree that the requirements of Rule 23 which affect the choice of a lead plaintiff are, "(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23.

BWK satisfies both requirements.  The claims are typical of the proposed class because each shareholder allegedly experienced an 18% decrease in the value of his or her shares and could bring a claim under the Securities Act of 1934.  And, the BWK Group will fairly and adequately protect the interests of the entire class.

The presumption that the BWK Group should be appointed lead plaintiff may be rebutted by a member of the class by showing that the presumptively most adequate plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that renders

-6-

such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In attempting to rebut the presumption that the BWK Group is the most adequate plaintiff, the Schneider Group argues that the $136,230 lost by BWK is a small percentage of the investment companies' $20 billion total holdings, and thus it would not have the same incentive as those whose losses are a greater percentage of their total holdings. Although only a small percentage of BWK's total holdings was lost, $136,230 is not trivial.  Additionally, the congressional goal of increasing the role of institutional investors as managers of securities class actions is achieved by appointing BWK Group.  *See* House Conf. Rep. 104-369, 104 cong. 1st Sess., 33-35 (1995), U.S.Code Cong. & Admin. News, 104 Cong. 1st Sess. 732-34 (1995).  *See also In re Cendant Corp. Litigation*, 264 F.3d 201, 243-44 (3d Cir. 2001).  Moreover, the BWK Group includes two individual investors who would have the same incentive as other individual investors.   The BWK group, including  BWK investment corporation and two individual investors, when taken as a whole has shown sufficient adequacy and incentive to be named the lead plaintiff.

1    The Schneider Group also argues that the BWK Group is

2  subject to unique defenses that render it incapable of

3  adequately representing the class.  The Schneider Group

4  argues that the outcome of this case would not have *res*

5  *judicata* effect because BWK's investors could bring actions

6

7  in their individual capacities as the real parties in

8  interest.  They argue that it is highly unlikely that a

9  German court would respect the binding effect of a judgment

10

11  on members of the class.  Finally the Schneider Group argues

12  that appointing the BWK Group as lead plaintiff would

13  subject the class to the unique defense of lack of subject

14  matter jurisdiction.  We disagree.  No matter who is named

15  lead plaintiff, the issue of *res judicata* remains, as BWK

16  will be part of the class.  Nor are there subject matter

17  jurisdiction issues unique to the BWK Group.  The BWK Group

18  has both a foreign investment firm, as well as domestic

19  investors included as lead plaintiff.   The considerations

20  urged regarding geographic hurdles can be minimized by

21  modern transportation and communication facilities.

22

23    Because the presumption that the BWK Group's losses

24  make it the most adequate lead plaintiff has not been

25  rebutted, the court therefore must appoint the BWK Group to

26  serve as Lead Plaintiff.  *See In re Cavanaugh, supra.*

27

28                              - 8 -

With appointment as lead plaintiff comes the right to
select lead counsel.   "The most adequate Plaintiff shall,
subject to the approval of the court, select and retain
counsel to represent the class."   15 U.S.C. § 78u-
4(a)(3)(B)(v).   The court finds Milberg, Weiss, Bershad &
Schulmann, LLP, and Bonnett, Fairbourn, Friedman and Balint,
P.C. qualified to represent the class and proceed with this
litigation.   Therefore, the court approves BWK Group's
selection of counsel.

Although tardy, we will not strike Plaintiff BWK
Group's supplemental reply.   Given the delay inherent in the
resolution of these motions, no good purpose would be
served.

IV.

IT IS THEREFORE ORDERED, GRANTING Plaintiff Slomovic's
(BWK Group) Motion for Appointment as Lead Plaintiff and for
Approval of his Selection of Lead Counsel (doc. 15).

IT IS FURTHER ORDERED, DENYING Plaintiff Schneider's
Motion for Appointment as Lead Plaintiff and for Approval of
his Selection of Lead Counsel (doc. 17).

1       IT IS FURTHER ORDERED, DENYING Plaintiff Salustro's

2  Motion for Appointment as Lead Plaintiff and for Approval of

3  his selection of Lead Counsel (doc. 20).

4

5       IT IS FURTHER ORDERED, DENYING Plaintiff Schneider's

6  Motion to Strike BWK's Supplemental Reply (doc. 54).

7

8       An order scheduling a Rule 16 conference shall issue

9  forthwith.

10

11       DATED this _4_ day of February, 2005.

12

13

14

15                             Frederick J. Martone

16                       United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28