# EXHIBIT D

FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 18 2005

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STANLEY SVED, on Behalf of Himself and All Other Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MATRIXX INITIATIVES, INC., CARL J. JOHNSON and WILLIAM J. HEMELT,<br><br>Defendants. | No. CIV-04-0886-PHX-MHM<br><br>**ORDER** |
| JAMES V. SIRACUSANO, Individually and on Behalf of Himself and All Other Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MATRIXX INITIATIVES, INC., CARL J. JOHNSON and WILLIAM J. HEMELT,<br><br>Defendants. | No. CIV-04-1012-PHX-MHM |

This is a securities fraud case brought pursuant to the Private Securities Litigation Reform Act of 1995. Currently before the Court are Plaintiffs' competing motions for appointment of lead plaintiff, appointment of lead counsel, and appointment of liaison counsel. Having reviewed the motions, the Court orders as follows:

## I. Factual Background

Defendant-Matrixx Initiatives Inc., develops and markets over-the-counter pharmaceuticals. Zicam, Matrixx's wholly-owned subsidiary, produces Zicam Cold Remedy. Between October 22, 2003 and February 6, 2004 ("class period"), Plaintiffs purchased thousands of Matrixx shares. Plaintiffs allege that Matrixx and its officers violated the Securities and Exchange Act by issuing materially false and misleading statements concerning Zicam. Specifically, Plaintiffs assert Matrixx knew that Zicam may cause users to suffer a total and permanent loss of smell, known as anosmia. Further, Plaintiffs assert that while Matrixx warned investors that there was a potential for such lawsuits, Matrixx materially misled investors by not alerting them that such lawsuits had already been filed.

On April 27, 2004 Plaintiff's Stanley Sved, et. al. ("Sved-group") filed a complaint against Defendants, alleging securities fraud. The Sved-group consists of four individual investors. The case was assigned to this Court under case number CIV-04-0886. On May 19, 2004, Plaintiff's James Siracusano, et. al. ("NECA-fund") filed a complaint against Defendants, alleging securities fraud. NECA-fund is an institutional investor. The case was assigned to the Honorable Stephen M. McNamee under case number CIV-04-1012.

On July 12, 2004 the Sved-group filed a motion to consolidate CIV-04-886 and CIV-04-1012, appoint lead plaintiff, appoint lead counsel, and appoint liaison counsel. Also on July 12, 2004, NECA-fund filed a motion to consolidate CIV-04-886 and CIV-04-1012, appoint lead plaintiff, appoint lead counsel, and appoint liaison counsel. On October 27, 2004, the Court granted Plaintiffs' motion to consolidate, consolidating CIV-04-886 and CIV-04-1012.

## II. Legal Standard

The procedures for a private class action alleging securities fraud are dictated by the Private Securities Litigation Reform Act ("PSLRA"). See 15 U.S.C. § 78u-4 (2004). First, the Court must determine whether consolidation is appropriate. Id. at (3)(B)(ii).

- 2 -

Next the Court should designate lead plaintiff and lead counsel, "as soon as practicable" after the decision on consolidation. Id. at § 78u-4 (a)(3)(B)(ii). Under the PSLRA, appointing lead plaintiff is a three step process. Id. The first step requires the plaintiff to publicize the lawsuit, the claims made, and the purported class period. Id. at (3)(A). In step two, the Court must determine the "presumptively most adequate plaintiff." Id. at (a)(3)(B)(iii)(I). Finally, the third step provides an opportunity for other movants to rebut the presumptive most adequate plaintiff's showing that it satisfies Rule 23(a)'s typicality and adequacy requirements. § 78u-4(a)(3)(B)(iii)(II).

### III. Discussion

The Court should designate lead plaintiff and lead counsel, "as soon as practicable" after the decision on consolidation. 15 U.S.C. § 78u-4 (a)(3)(B)(ii). The first step under the PSLRA requires the plaintiff to publicize the lawsuit, the claims made, and the purported class period. Id. at (3)(A). Where there are multiple actions, only the first plaintiff is required to publicize the lawsuit. Id. The Sved-group filed the first complaint on April 29, 2004. The Sved-group publicized notice regarding this lawsuit in the *Investors Business Daily* on May 11, 2004, as required by section 78u-4 (a)(3)(A). Both Plaintiffs applied to the Court for appointment as lead plaintiff within sixty days of the publication, on July 12, 2004. Additionally, as required by the PSLRA, both Plaintiffs provided a sworn certification stating, among other provisions, that they reviewed the allegations in the complaint and are willing to serve as a representative on behalf of the class. Id. at (a)(2)(A). Therefore, both Plaintiffs fulfilled the PSLRA's publication requirements.

In step two, the Court must determine the "presumptively most adequate plaintiff." Id. at (a)(3)(B)(iii)(I). To determine the presumptively most adequate plaintiff, the Court must identify the plaintiff with "the largest financial interest in the relief sought by the class." Id. at (a)(3)(B)(iii)(I)(bb). Then the Court should preliminarily determine whether, based on information provided in the pleadings, that plaintiff fulfills Rule 23(a) requirements, in

particular those of typicality and adequacy.[1] In re Cavanaugh, 306 F.3d 726, 730 (9th Cir. 2002). If the plaintiff with the greatest financial interest in the relief sought by the class satisfies Rule 23(a) requirements, then that plaintiff becomes the presumptively most adequate plaintiff. Id.; FED. R. CIV. P. 23(a) (2004).

In this action, NECA-fund is the presumptively most adequate Plaintiff. NECA-fund asserts the greatest financial interest, $26,292.13, whereas the Sved-group alleges losses of $24,844. While the differences in financial losses between plaintiffs is minimal, the NECA-fund furthers "the underlying assumption of the PSLRA's lead plaintiff provisions that the greater resources and litigation experience possessed by institutional investors makes them better equipped to serve as lead plaintiffs in securities class actions." Armour v. Network Assoc., Inc., 171 F. Supp.2d 1044, 1048 (N.D. Cal. 2001).

Moreover, based on information in NECA-fund's pleadings, they satisfy a preliminary inquiry into Rule 23's typicality and adequacy requirements. A plaintiff satisfies the typicality requirement when the plaintiff has: (1) suffered the same injuries as the absent class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues. Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). NECA-fund purchased Matrixx shares during the class period, in reliance upon the alleged materially false and misleading statements by Defendants, and suffered damages as a result of those statements. Therefore, NECA-fund's claims are typical of absent class members.

Secondly, a plaintiff satisfies Rule 23(a)'s adequacy requirement by establishing: (1) plaintiff has the ability and incentive to represent the claims of the class; (2) the lead plaintiff's attorney is qualified, experienced, and capable of conducting the proposed

---

[1] Rule 23(a) has four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. See FED. R. CIV. P. 23(a). If a plaintiff fails to satisfy (1) and (2), the numerosity and commonality criteria, then plaintiff would be precluded from certification as a class action. See Cavanaugh, 306 F.3d at 730. Therefore, the Court will defer examination of the numerosity and commonality requirements until lead plaintiff files a motion for class certification. Id.

litigation; and (3) the plaintiff does not have interests antagonistic to those of the class. Walters v. Reno, 145 F.3d 1032, 1046 (9th Cir. 1998). NECA-fund, as an institutional investor, has the financial resources and litigation experience to represent the class. Furthermore, NECA-fund has retained competent, experienced counsel. Additionally, NECA-fund does not have interests antagonistic to the class. Therefore, NECA-fund preliminarily satisfies Rule 23(a)'s typicality and adequacy requirements.

Finally, for the third step of appointing lead plaintiff, other plaintiffs may rebut the presumptive lead plaintiff's showing that it satisfies Rule 23(a)'s typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Once the court designates the presumptive lead plaintiff, the inquiry is not whether another movant might better protect the class' interests, instead, the question is whether another movant can prove that the presumptive lead plaintiff will not fairly and adequately represent the class. In re Cendant Corp. Litig., 264 F.3d 201, 268 (3d. Cir. 2001).

Here, the Sved-group asserts that appointing some of the Sved-group movants and NECA-fund as co-lead plaintiffs would "better reflect the diversity of the class." The Sved-group cites In re Oxford Health Plans, Inc. Sec. Litig., in support of their proposition that a court may appoint co-lead plaintiffs to better reflect the diversity of a class. 182 F.R.D. 42 (S.D.N.Y. 1998). In Oxford Health Plans, two institutional investors and a group of individual investors, alleging millions in losses, moved for appointment of lead plaintiff. At issue was which movant fulfilled the PSLRA's lead plaintiff requirements. After expressing concern over the institutional investors' ability to bear the costs and expenses of litigation, the court appointed all three movants as co-lead plaintiff. Specifically, the court commented, "not all institutional investors are similarly situated . . . ColPERA enters the litigation already burdened . . ." Id. at 46-47.

The PSLRA lead plaintiff provisions require a court to appoint a lead plaintiff that preliminarily satisfies Rule 23 (a)'s typicality and adequacy requirements. See Cavanaugh, 306 F.3d at 730. A plaintiff satisfies Rule 23(a)'s adequacy requirement, in pertinent part, by

- 5 -

establishing they have the ability to represent the claims of the class. Walters, 145 F.3d at 1046. In Oxford Health the court expressed concern over the institutional investors' ability to finance the costly litigation. Therefore, as required by the PSLRA the court in Oxford Health appointed co-lead plaintiffs for the purpose of ensuring that they satisfied Rule 23(a)'s adequacy requirements.

The PSLRA provides a presumption that the court should designate the most adequate lead plaintiff, which can only be rebutted by a showing that the lead plaintiff does not meet Rule 23(a) requirements. Cendant Corp., 264 F.3d at 268. In the instant case, instead of rebutting Neca-fund's showing that it satisfies Rule 23(a)'s typicality and adequacy requirements, the Sved-group merely suggests joining the two lead plaintiff groups would better represent the class. Furthermore, unlike in Oxford Health, in the present case there is no concern that Neca-fund is unable to finance the expenses of litigation. Therefore, the Sved-group fails to establish evidence rebutting the presumption that NECA-fund is the presumptively most adequate plaintiff.

Finally, the Court notes that any potential conflict of interest regarding NECA-fund's selection of lead and liaison counsel has been resolved. Previously, NECA-fund's choice of lead and liaison counsel also represented plaintiffs in a proposed nationwide class action on behalf of all purchasers of various Zicam products. This class action is a product liability dispute, seeking personal injury damages caused by Zicam products. Both Neca-fund's proposed lead and liaison counsel have withdrawn as counsel in the Zicam product liability class action. Therefore, as the potential conflict of interest has been resolved, the Court determines Neca-fund has fulfilled Rule 23(a) requirements. See In re Cavanaugh, 306 F.3d at 732-33.

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiff NECA-Fund's motion to be appointed lead plaintiff, to appoint lead counsel, and to appoint liaison counsel is granted. (Dkt. # 3-2, 3-3, 6-2, 6-3).

**IT IS FURTHER ORDERED** that Plaintiff Sved-group's motion to be appointed lead plaintiff, to appoint lead counsel, and to appoint liaison counsel is denied. (Dkt. # 7-2, 7-3, 10-2, 10-3).

**IT IS FURTHER ORDERED** that Defendants motion to substitute attorneys is granted. (Dkt. # 17-1).

**IT IS FURTHER ORDERED** directing the Clerk of Court to designate Plaintiff James V. Siracusano, individually and on behalf of all others similarly situated, as named Plaintiff in this action.

**IT IS FURTHER ORDERED** that the Court intends to resolve class certification on an expeditious basis. Accordingly, the Court sets a hearing regarding setting a schedule for class certification for Thursday, February 17, 2005 at 3:00 p.m.. The Court directs Neca-Fund and Defendant to meet and confer regarding a proposed schedule for class certification, addressing deadlines for discovery and related issues. The parties should submit to the Court, preferably a joint proposed class certification scheduling order, or if necessary separate scheduling orders, no later than February 10, 2005. The proposed order(s) shall not exceed fifteen pages if jointly filed or ten pages if filed separately, and shall otherwise comply with L. R. CIV. PRO. 7.1.

DATED this ___ day of January, 2005.

Mary H. Murguia
United States District Judge