1   BONNETT FAIRBOURN FRIEDMAN
       & BALINT, P.C.
2   ANDREW S. FRIEDMAN (AZ005425)
    KEVIN HANGER (AZ027346)
3   2901 N. Central Avenue, Suite 1000
    Phoenix, AZ  85012
4   Telephone:  602/274-1100
    602/274-1199 (fax)
5   afriedman@bffb.com
    khanger@bffb.com
6
    [Proposed] Liaison Counsel for Plaintiff
7
    ROBBINS GELLER RUDMAN
8       & DOWD LLP
    MICHAEL J. DOWD
9   MARK SOLOMON
    DANIEL S. DROSMAN
10  JASON A. FORGE
    DANIELLE S. MYERS
11  655 West Broadway, Suite 1900
    San Diego, CA  92101
12  Telephone:  619/231-1058
    619/231-7423 (fax)
13  miked@rgrdlaw.com
    marks@rgrdlaw.com
14  dand@rgrdlaw.com
    jforge@rgrdlaw.com
15  dmyers@rgrdlaw.com
16  [Proposed] Lead Counsel for Plaintiff

17              UNITED STATES DISTRICT COURT

18                  DISTRICT OF ARIZONA

19  MARK SMILOVITS, Individually and on    )  No. 2:12-cv-00555-DGC
    Behalf of All Others Similarly Situated, )
20                                          )  CLASS ACTION
                              Plaintiff,    )
21                                          )  DECLARATION OF GERARD C. LANE
          vs.                               )  IN FURTHER SUPPORT OF THE
22                                          )  MINEWORKERS' PENSION SCHEME'S
    FIRST SOLAR, INC., et al.,              )  AND BRITISH COAL STAFF
23                                          )  SUPERANNUATION SCHEME'S
                              Defendants.   )  MOTION FOR APPOINTMENT AS
24                                          )  LEAD PLAINTIFF
25
26
27
28

1    I, Gerard C. Lane, declare as follows:

2        1.    I have personal knowledge of the matters stated herein and, if called upon, I

3    could and would competently testify thereto.

4        2.    I am the Chief Operating Officer of Coal Pension Trustees Services Limited

5    ("CPT"), which serves as the joint executive of both the Mineworkers' Pension Scheme

6    ("MPS") and the British Coal Staff Superannuation Scheme ("BCSSS"). MPS and BCSSS

7    expended more than $33 million in connection with their purchases of 211,000 First Solar,

8    Inc. ("First Solar") shares on the NASDAQ at artificially inflated prices and suffered harm of

9    more than $24 million.

10       3.    I have reviewed the submissions filed with the Court by other investors who

11   purchased First Solar shares who are also seeking lead plaintiff status in this case, including

12   the Memorandum of Law in Opposition to the Competing Motions for Appointment of Lead

13   Plaintiffs and in Further Support of the Motion of the New York State Teachers' Retirement

14   System ("NYSTRS") for Its Appointment as Lead Plaintiff (NYSTRS Opposition), and the

15   supporting declarations filed by NYSTRS. I submit this declaration to respond to assertions

16   made by NYSTRS in its submissions.

17       4.    The MPS and the BCSSS are closely related and coordinated entities. The

18   MPS and the BCSSS are occupational pension schemes established by the National Coal

19   Board in 1952 and 1947, respectively, for employees in the then-government owned coal-

20   mining industry. The MPS' membership comprises industrial employees below supervisory

21   grades, while the BCSSS' membership is comprised of supervisory industrial employees and

22   technical, administrative and management staff in the mining industry. The MPS and the

23   BCSSS are each managed by a board of trustees and its executive, CPT (collectively, the

24   "Pension Schemes").

25       5.    The Pension Schemes have a long history of working collaboratively together,

26   efficiently and effectively. CPT is jointly owned by the MPS and the BCSSS and provides

27   both the MPS and the BCSSS with executive support, investment and risk management,

28   finance, accounting and strategic advice, management of relationships with legal advisors

- 1 -

1  and external auditors, implementation services and office facilities to the trustees of both
2  funds.  The MPS and the BCSSS also jointly own several companies which act as their
3  investing entities.

4      6.      If appointed lead plaintiff, the MPS and the BCSSS will vigorously prosecute
5  this action to provide fair and adequate representation to the members of the class.  The
6  Pension Schemes have already taken affirmative steps to actively direct this case, and will
7  continue to work with counsel to obtain the largest recovery for the proposed class consistent
8  with good faith and meritorious advocacy.  The Pension Schemes will continue to stay
9  informed about the case going forward by, among other things, reviewing the progress and
10  status of the case and attending major hearings and trial.  The Pension Schemes intend to
11  continue to direct counsel on the best course of action after receiving the advice of counsel
12  with respect to major litigation events, such as important motions, settlement discussions,
13  trial preparation and/or trial.

14      7.      In its opposition, NYSTRS speculates about the ability of the Pension Schemes
15  "to work collaboratively to prosecute this case and supervise counsel."  NYSTRS Opposition
16  at 8.  NYSTRS cites as support the fact that the MPS has moved independently of the
17  BCSSS for appointment as lead plaintiff in cases on two previous occasions.  Opposition at
18  9.  The NYSTRS Opposition cites as further support selected statements attributed to the
19  BCSSS trustee Phillip Read which NYSTRS believes establish that the Pension Schemes are
20  in "sharp disagreement."  *Id.*

21      8.      Contrary to NYSTRS' conjecture, the BCSSS did not join the MPS in seeking
22  appointment as lead plaintiff in a few earlier cases simply because it was determined that the
23  BCSSS' losses were insufficient to warrant the BCSSS moving for a lead position in contrast
24  to the losses suffered by the MPS in those cases.  Here, the losses suffered by the MPS and
25  the BCSSS at the hands of First Solar were of a magnitude that warranted the MPS and the
26  BCSSS moving together to be appointed lead plaintiff.

27      9.      The "sharp disagreement" NYSTRS speculates about is similarly non-existent.
28  NYSTRS' support for that contention is that, while the MPS has moved for lead plaintiff

1   status in securities class actions independently in the past, a trustee of the BCSSS harbors the

2   belief that this and other such cases equate to "stealing from shareholders." NYSTRS

3   Opposition at 9. The source for NYSTRS' recitation are comments attributed to Mr. Read at

4   a 2010 conference. Unfortunately, NYSTRS failed to mention that Mr. Read (one of eight

5   trustees that comprise the BCSSS board) went on to state that there was a difference between

6   the risk shareholders take on knowingly as part of the investing process and risks that are

7   fraudulently concealed. In the latter case, Mr. Read reportedly said it is "absolutely right" to

8   punish the wrongdoer. *See* Exhibit A attached hereto. In fact, no individual trustee objected

9   to the Pension Schemes' decision to prosecute this case.

10          10.     Prior to the filing of this litigation, the Pension Schemes undertook deliberate

11   steps in initiating this case. The statements made by the First Solar defendants, the extent of

12   the insider sales, and the information provided by the law firms with whom we were

13   discussing the case, convinced us that the case is meritorious and worthy of vigorous

14   prosecution. We believe it is important to select and retain lead counsel with a proven track

15   record of handling this type of complex case and who would operate pursuant to the Pension

16   Schemes' direction and oversight. To this end, we jointly invited and considered carefully

17   and extensively presentations and written proposals by multiple law firms that were

18   investigating the conduct of First Solar and its officers and directors. Over the past several

19   months, I and my colleagues have met with and/or reviewed all of the submissions of each of

20   those law firms, including Robbins Geller. The Pension Schemes ultimately selected

21   Robbins Geller on the basis of its proven track record, its capacity to fully and effectively

22   prosecute complex securities fraud cases, and its willingness to agree to an attorneys' fee

23   structure that we believe will generate the maximum net recovery for the class.

24          11.     The NYSTRS Opposition expresses doubt as to the Pension Schemes'

25   negotiation of a fee agreement and their intent to monitor counsel's expenses. NYSTRS

26   Opposition at 9. However, even before its motion was filed, the Pension Schemes

27   understood that a lead plaintiff should ensure that lead counsel efficiently handles the

28   litigation and that any resulting fees and expenses are fair and reasonable, relative to the size,

1   complexity and risk of the particular litigation.  For that reason, and although the Pension

2   Schemes are aware that any award of attorneys' fees and expenses are subject to court

3   approval, competitive submissions from counsel were sought and obtained before the

4   Schemes moved for appointment as lead plaintiff.  Subject to the Court's review and ultimate

5   approval, and without waiving any relevant privilege, the Pension Schemes aggressively

6   negotiated an agreement with counsel that provides for attorneys' fees materially below what

7   we understand is the benchmark in this Circuit.  The Pension Schemes believe that the fee

8   agreement negotiated here properly aligns counsel's interests with those of the class and

9   simultaneously incentivizes counsel to obtain the maximum possible net recovery for the

10  class.

11          12.     NYSTRS also has asserted that the United Kingdom Department of Energy and

12  Climate Change ("DECC") has "control" over the Pension Schemes and that it is "involved

13  with their investment strategy."  NYSTRS Opposition at 2, 10.  These statements are

14  incorrect.  As set forth in the respective 2005 Report & Accounts for the MPS and the

15  BCSSS, the United Kingdom government relinquished "control" over its right to notification

16  of investment decisions and strategies in 2005.  Attached hereto as Exhibits B and C are

17  extracts of those 2005 Report & Accounts in which it is confirmed that the government "was

18  obliged to give up its powers to obtain systematic prior notification of investment decisions

19  and to control the appointment of certain investment managers.  [It was] determined that the

20  appropriate course of action would be to remove the provisions of the Scheme which enabled

21  them to override Trustee investment decisions and to require approval of investment

22  managers."  As is further reflected in the 2005 Report & Accounts, the regulations were

23  amended to require the Trustees to make investment decisions solely in the best interests of

24  Scheme members and others receiving benefits.  Moreover, a government civil servant

25  would no longer be appointed as a trustee of the MPS or the BCSSS and the power to

26  appoint trustees would be transferred from the DECC to the management committees

27  themselves (which are comprised of all of the trustees) further distancing the DECC's

28  involvement with the Pension Schemes.

- 4 -

13.    Accordingly, and contrary to the assertions made by NYSTRS, the DECC has no "control" over investment decisions made by the Pension Schemes and has no involvement with their investment strategies. The MPS and the BCSSS are empowered and authorized to act as lead plaintiffs in this case without reference whatsoever to any government agency and intend to prosecute the case together with their chosen counsel to the maximum extent possible to achieve the very best recovery that is attainable for the class.

14.    In that regard, I note that NYSTRS appears to have decided to avoid international discovery into First Solar's certification by the DECC, describing it as "an unnecessary burden." NYSTRS Opposition at 12. For our part, the Pension Schemes have instructed counsel to pursue aggressively all relevant discovery reasonably calculated to aid the prosecution and outcome of the litigation.  To the extent that involves propounding discovery to elicit details of relevant misrepresentations made by First Solar to government or private agencies, in the U.S. or elsewhere, we will instruct counsel to do so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 9 , 2012.

Mineworkers Pension Scheme
and British Coal Staff Superannuation Scheme

By: Gerard C. Lane
Chief Operating Officer

- 5 -

CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 11, 2012.

  s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

# Mailing Information for a Case 2:12-cv-00555-DGC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George C Aguilar**
  gaguilar@robbinsumeda.com,notice@robbinsumeda.com

- **Stephen Richard Basser**
  sbasser@barrack.com

- **Maureen Beyers**
  mbeyers@omlaw.com,ljensen@omlaw.com

- **Willie Briscoe**
  wbriscoe@thebriscoelawfirm.com

- **Luke Brooks**
  lukeb@rgrdlaw.com

- **Jeremy James Christian**
  jjc@tblaw.com,jxw@tblaw.com,sab@tblaw.com

- **Keith Michael Cochran**
  kcochran@cfsblaw.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com,mzehel@pomlaw.com

- **Jonathan Adam Dessaules**
  jdessaules@dessauleslaw.com,hpeters@dessauleslaw.com

- **Michael J Dowd**
  miked@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Daniel S Drosman**
  dand@rgrdlaw.com,tholindrake@rgrdlaw.com

- **Jordan Eth**
  jeth@mofo.com,adavis@mofo.com,nurbina@mofo.com

- **Jason A Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Richard W Gonnello**
  rgonnello@faruqilaw.com

- **Bryan Jens Gottfredson**
  Bryan.Gottfredson@sackstierney.com,karen.sorensen@sackstierney.com

- **Salvatore Jo Graziano**
  salvatore@blbglaw.com,errol.hall@blbglaw.com

- **Joseph P Guglielmo**
  jguglielmo@scott-scott.com

- **Kevin Richard Hanger**
  khanger@bffb.com,rcreech@bffb.com,nserden@bffb.com

- **Jennifer Lynn Kroll**
  jkroll@martinbonnett.com,jkroll1@cox.net

- **Jeffrey S Leonard**
  jeffrey.leonard@sackstierney.com,wendy.peterson@sackstierney.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com

- **Peter S Linden**
  plinden@kmllp.com

- **Susan Joan Martin**
  smartin@martinbonnett.com,tmahabir@martinbonnett.com,mblawfirm@aol.com

- **Michael Craig McKay**
  mmckay@schneiderwallace.com,efilings@schneiderwallace.com,egallegos@schneiderwallace.com

- **Danielle S Myers**
  danim@rgrdlaw.com

- **Patrick Powers**
  patrick@powerstaylor.com,sarah@powerstaylor.com

- **Ira Michael Press**
  ipress@kmllp.com

- **Jay N Razzouk**
  jrazzouk@robbinsumeda.com

- **Brian J Robbins**
  brobbins@robbinsumeda.com,notice@robbinsumeda.com,rsalazar@robbinsumeda.com

- **Hart Lawrence Robinovitch**
  AZDocketing@zimmreed.com,stacy.bethea@zimmreed.com

- **David R Scott**
  drscott@scott-scott.com,efile@scott-scott.com

- **Mark Solomon**
  marks@rgrdlaw.com

- **Edward M Varga , III**
  evarga@kmllp.com

- **Samuel M Ward**
  sward@barrack.com,lxlamb@barrack.com

- **Daxton Reese Watson**
  dwatson@mackazlaw.com,bcorpora@mackazlaw.com

- **Anna Erickson White**
  awhite@mofo.com,tvanvoris@mofo.com,avickery@mofo.com

- **Garrett Webster Wotkyns**
  gwotkyns@schneiderwallace.com,efilings@schneiderwallace.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`