IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, and James Zhu,<br><br>Defendants. | No. CV12-0555 PHX DGC<br><br>**ORDER** |

Defendants have filed motions to transfer several shareholder derivative suits to the undersigned judge pursuant to Local Rule of Civil Procedure 42.1. Docs. 20, 43, 61. The motions are fully briefed, and no party has requested oral argument. The Court will grant the motions.

Local Rule 42.1(a) provides:

> Any party may file a motion to transfer the case or cases involved to a single Judge whenever two or more cases are pending before different Judges and any party believes that such cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

LRCiv 42.1(a).

Transfer may occur if only one of the factors identified in the local rule is satisfied. *Smith v. Sperling*, No. 2011 WL 4101508 at *1 (D. Ariz., Sep. 14, 2011). In this case, the first factor is satisfied because the derivative actions arise out of substantially the same events as this case.

This case and all of the derivative cases are based on alleged misrepresentations and omissions made by Defendant First Solar, Inc. and its officers and directors. The misrepresentations and omissions include the cost to remedy certain manufacturing problems in products made between June of 2008 and June of 2009. All of the cases allege that the true costs were understated when first disclosed in 2009, were concealed until 2012, and caused a significant drop in the value of First Solar stock when finally revealed in February of 2012. The misrepresentations and omissions also include First Solar's method of recognizing revenue for certain products, and the lack of adequate internal controls. The complaints in this case and the derivative actions rely on the same misrepresentations and omissions, often citing the same communications by First Solar and officers and directors.

The facts underlying this case and the derivative cases are complex. The Court concludes that significant judicial resources will be saved if only one judge is required to master those facts. As a result, the Court will grant the motion to transfer.

Upon transfer, the Court intends to consolidate the derivative actions with each other, but not with this securities fraud class action, as proposed in the motion filed at Doc. 18 in case 12-CV-00769-PHX-ROS. The Court will hold a case management conference with counsel for plaintiffs and defendants in the derivative actions on **August 7, 2012, at 3:00 p.m.** The purpose of the conference will be to discuss the proposals for a leadership structure as set forth in the consolidation motion, a schedule for amending pleadings and briefing motions to dismiss, and other case management issues. Counsel for plaintiffs shall file a memorandum by August 2, 2012, explaining why two firms should be designated as lead counsel instead of one, the division of labor

between the proposed co-lead counsel to avoid duplication, the role of the proposed executive committee and its members, and any other matters plaintiffs wish to raise at the case management conference. Counsel for defendants may file a memorandum on these same issues. In addition, proposed plaintiffs' lead counsel and defense counsel shall confer before the conference regarding a schedule for the initial stages of this case and to decide which items from the attached list they can agree to implement in this case.

**IT IS ORDERED:**

1. Defendants' motions to transfer (Docs. 20. 43, 61) are **granted**.
2. The following cases are transferred to the undersigned judge: 12-CV-00769-PHX-ROS, 12-CV-00819-PHX-JWS, 12-CV-01031-PHX-JAT, 12-CV-01144-PHX-NVW.
3. The Clerk shall file a copy of this order in each of the transferred cases.
4. The Court will hold a case management conference on **August 7, 2012 at 3:00 p.m.** as set forth above.

Dated this 17th day of July, 2012.

_____
David G. Campbell
United States District Judge