# EXHIBIT 5

# DECLARATION OF GEORGETTE GILLEN

I, Georgette Gillen, declare as follows:

1. From September 2008 through August 2011, I was employed as a Financial Planning and Analysis Manager for First Solar, Inc. I worked out of Perrysburg, Ohio. Among other things, I was responsible for calculating the cost-per-watt calculations. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. In March of this year, I received an unsolicited letter from First Solar, which reminded me of my nondisclosure agreement and encouraged me not to speak with anyone about First Solar in the event that anyone contacted me.

3. In May of this year, I was contacted by an investigator who identified himself as working with plaintiffs' counsel concerning a securities class-action case against First Solar, which I later learned is the case of Smilovits v. First Solar, Inc., et al., 2:12-cv-00555-DGC (U.S. Dist. Ct. AZ). During that call, I confirmed my former employment with First Solar, and I answered only the investigator's most general questions due to the nondisclosure agreement.

4. Over the next several weeks, I received a few additional calls from the investigator and attorneys with the law firm on whose behalf he was working. I understand now that that law firm, Robbins Geller Rudman & Dowd, is the firm representing the shareholders in the Smilovits class-action case against First Solar. During those discussions, I expressed my willingness to speak with them, but also expressed my concerns about the nondisclosure agreement. The lawyers from Robbins Geller made it clear that, because they do not represent me, they could not provide legal advice to me with respect to the

- 1 -

757956_1

nondisclosure agreement. During each of these calls, I answered only the most general questions, due to the nondisclosure agreement.

5. I am currently represented by an attorney with respect to my rights and obligations under the nondisclosure agreement. To date, I still have answered only the most general questions to plaintiffs' counsel and investigator, due to the nondisclosure agreement.

6. I have been provided with a copy of and have read the First Amended Complaint filed in <u>Smilovits v. First Solar, Inc., et al.</u>, 2:12-cv-00555-DGC (U.S. Dist. Ct. AZ). I believe that I possess information that is relevant to certain of the allegations in that complaint and that I could provide additional detailed and relevant information. Due to my nondisclosure agreement, however, I feel constrained from speaking about this information.

7. I have not been offered, nor do I hope or want to receive, anything in exchange for the information that I am willing to provide. I have no desire or intention to disclose to anyone any sort of trade secret or any information whatsoever that could be used by a First Solar competitor to help compete against First Solar. I was not involved in any technical or scientific aspect of First Solar's business. I was in the Financial Planning and Analysis Department. Any comments that I would make would therefore be limited based on my personal knowledge to practices relating to First Solar's handling of its cost-per-watt metric.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 4 day of Sept., 2012, at Milwaukee, Wisconsin.

_____
GEORGETTE GILLEN