Jordan Eth (CA SBN 121617) (*Admitted pro hac vice*)
Anna Erickson White (CA SBN 161385) (*Admitted pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000
JEth@mofo.com
AWhite@mofo.com

Maureen Beyers, Arizona Attorney No. 017134
OSBORN MALEDON, P.A.
2929 North Central Avenue
Phoenix, AZ 85012-2793
(602) 640-9000
mbeyers@omlaw.com

Attorneys for Defendants
First Solar, Inc., Michael J. Ahearn, Robert J. Gillette,
Mark R. Widmar, Jens Meyerhoff, James Zhu,
Bruce Sohn, and David Eaglesham

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, Individually and on behalf of all other persons similarly situated, | Case No.   CV12-00555-PHX-DGC |
| Plaintiff, | **CLASS ACTION** |
| vs. | **FIRST SOLAR, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |
| First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Bruce Sohn, and David Eaglesham, | |
| Defendants. | |

sf-3244538

Defendant First Solar, Inc. ("First Solar" or the "Company"), together with Defendants Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Bruce Sohn, and David Eaglesham (the "Individual Defendants" and, collectively with First Solar, the "Defendants"), hereby submit their Answer, Affirmative Defenses, and Demand for Jury Trial in response to Plaintiffs' First Amended Complaint for Violation of the Federal Securities Laws (the "Complaint").

**PRELIMINARY STATEMENT**

Mr. Gillette served as First Solar's Chief Executive Officer from October 1, 2009, through October 25, 2011.  To the extent the allegations in the Complaint relate to events before October 1, 2009, or after October 25, 2011, unless specified otherwise herein, Mr. Gillette lacks sufficient knowledge and information to form a belief regarding the truth of such allegations and on that basis denies all such allegations.

Mr. Widmar began serving as First Solar's Chief Financial Officer on April 4, 2011; and as First Solar's Chief Accounting Officer on May 1, 2012.  To the extent the allegations in the Complaint relate to events before April 4, 2011, unless specified otherwise herein, Mr. Widmar lacks sufficient knowledge and information to form a belief regarding the truth of such allegations and on that basis denies all such allegations.

Mr. Sohn served as First Solar's President from March 12, 2007, through April 30, 2011.  To the extent the allegations in the Complaint relate to events after April 30, 2011, unless specified otherwise herein, Mr. Sohn lacks sufficient knowledge and information to form a belief regarding the truth of such allegations and on that basis denies all such allegations.

Unless otherwise indicated, the statements herein pertain to the period between April 30, 2008, and February 28, 2012.  Except as expressly admitted, Defendants deny each and every allegation contained in the Complaint.

1.     Answering paragraph 1 of the Complaint, Defendants admit that Plaintiffs purport to have filed a putative securities class action against First Solar and certain

1

sf-3244538

individuals on behalf of all persons who purchased or otherwise acquired the publicly traded securities of First Solar between April 30, 2008, and February 28, 2012 (the "putative Class Period"), and who Plaintiffs allege were damaged by the conduct asserted in the Complaint.  Defendants further admit that the Complaint purports to assert claims against First Solar and certain individuals for violations of the Securities Exchange Act of 1934 (the "1934 Act").  Except as expressly admitted, Defendants deny the allegations contained in paragraph 1 of the Complaint.

2.     Answering paragraph 2 of the Complaint, Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.     Answering paragraph 3 of the Complaint, Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.     Answering paragraph 4 of the Complaint, Defendants state that historical information regarding the prices at which the Company's common stock was traded is publicly available and deny any allegations in paragraph 4 of the Complaint that are inconsistent with such historical information.  To the extent paragraph 4 refers to information regarding trades executed by the Individual Defendants, the Individual Defendants state that information regarding trades has been publicly disclosed on Forms 4, filed with the Securities and Exchange Commission (the "SEC"), and deny any allegations that are inconsistent with such publicly disclosed information.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.     Answering paragraph 5 of the Complaint, Defendants state that paragraph 5 consists of legal arguments and conclusions to which no response is required.

6.     Answering paragraph 6 of the Complaint, Defendants state that paragraph 6 consists of legal arguments and conclusions to which no response is required.

7.     Answering paragraph 7 of the Complaint, Defendants state that paragraph 7 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 7 are deemed factual allegations to which a response is

sf-3244538

required, Defendants admit that First Solar is headquartered at 350 West Washington Street, Suite 600, Tempe, Arizona 85281. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8. Answering paragraph 8 of the Complaint, Defendants state that paragraph 8 consists of legal arguments and conclusions to which no response is required. To the extent the allegations in paragraph 8 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Answering paragraph 9 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegation that Plaintiffs Mineworkers' Pension Scheme and British Coal Staff Superannuation Scheme purchased First Solar securities during the putative Class Period, and on that basis deny that allegation. Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

10. Answering paragraph 10 of the Complaint, Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Answering paragraph 11 of the Complaint, Defendants admit that Mr. Ahearn is a founder of First Solar. Defendants further admit that Mr. Ahearn was the Company's Chairman of the Board during the putative Class Period. Defendants further admit that Mr. Ahearn was Interim Chief Executive Officer of the Company from October 25, 2011, through May 2, 2012. To the extent paragraph 11 refers to information regarding trades executed by Mr. Ahearn, Defendants state that information regarding trades has been publicly disclosed on Forms 4, filed with the SEC, and deny any allegations that are inconsistent with such publicly disclosed information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Answering paragraph 12 of the Complaint, Defendants admit that Mr. Gillette was the Company's Chief Executive Officer ("CEO") from October 1, 2009,

3

through October 25, 2011.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.   Answering paragraph 13 of the Complaint, Defendants admit that Mr. Widmar began serving as First Solar's Chief Financial Officer ("CFO") on April 4, 2011.

14.   Answering paragraph 14 of the Complaint, Defendants admit that Mr. Meyerhoff was the Company's CFO from June 1, 2006, through June 30, 2010.  To the extent paragraph 14 refers to information regarding trades executed by Mr. Meyerhoff, Defendants state that information regarding trades has been publicly disclosed on Forms 4, filed with the SEC, and deny any allegations that are inconsistent with such publicly disclosed information.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.   Answering paragraph 15 of the Complaint, Defendants admit that Mr. Zhu was the Company's Chief Accounting Officer from November 2, 2009, through April 30, 2012.  Defendants further admit that Mr. Zhu was the Company's Interim CFO from July 1, 2010, through April 3, 2011.  Defendants further admit that Mr. Zhu served as the Company's Vice President and Corporate Controller from June 4, 2007, through November 1, 2009.  To the extent paragraph 15 refers to information regarding trades executed by Mr. Zhu, Defendants state that information regarding trades has been publicly disclosed on Forms 4, filed with the SEC, and deny any allegations that are inconsistent with such publicly disclosed information.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.   Answering paragraph 16 of the Complaint, Defendants admit that Mr. Sohn was the Company's President from March 12, 2007, through April 30, 2011.  To the extent paragraph 16 refers to information regarding trades executed by Mr. Sohn, Defendants state that information regarding trades has been publicly disclosed on Forms 4, filed with the SEC, and deny any allegations that are inconsistent with such publicly

4

sf-3244538

disclosed information.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.    Answering paragraph 17 of the Complaint, Defendants admit that Mr. Eaglesham was the Company's Chief Technology Officer from November 16, 2009, through April 30, 2012.  Defendants further admit that Mr. Eaglesham was the Company's Vice President of Technology from June 5, 2006, through November 15, 2009.  To the extent paragraph 17 refers to information regarding trades executed by Mr. Eaglesham, Defendants state that information regarding trades has been publicly disclosed on Forms 4, filed with the SEC, and deny any allegations that are inconsistent with such publicly disclosed information.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.    Answering paragraph 18 of the Complaint, Defendants state that paragraph 18 consists of a statement to which no response is required.

19.    Answering paragraph 19 of the Complaint, Defendants state that paragraph 19 consists of legal arguments, characterizations, and conclusions to which no response is required.  To the extent the allegations in paragraph 19 are deemed factual allegations to which a response is required, Defendants admit that, for those Individual Defendants who served as officers of the Company, during their time as officers they participated in the management of the Company.  Defendants further state that the Individual Defendants (a) had, from time to time, access to non-public information about First Solar; and (b) received copies of various documents filed with the SEC, press releases, and presentations, prior to or shortly after their issuance.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 19 of the Complaint.

20.    Answering paragraph 20 of the Complaint, Defendants state that paragraph 20 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 20 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 20 of the Complaint.

5

21. Answering paragraph 21 of the Complaint, Defendants admit that (a) the Company produces solar modules using a thin layer of cadmium telluride semiconductor material; (b) the Company manufactures solar modules on high-throughput production lines; (c) the Company's solar panels have lower conversion efficiency as compared to polysilicon modules in many cases; (d) to compete effectively on the basis of levelized cost of electricity, the Company's modules need to maintain a certain cost advantage per watt compared to crystalline silicon-based modules with higher conversion efficiency; and (e) the cost-per-watt metric is one way in which the Company measures reductions in its manufacturing costs. Defendants state that they lack sufficient knowledge and information to form a belief regarding the importance of cost-per-watt to investors and on that basis deny such allegations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 21 of the Complaint.

Answering footnote 1 of the Complaint, Defendants admit that cost per watt is measured as: (applicable manufacturing costs in a given quarter) $\div$ (total watts produced for sale in that same quarter).

22. Answering paragraph 22 of the Complaint, Defendants admit that throughout the putative Class Period the Company issued Forms 10-K and 10-Q. To the extent paragraph 22 of the Complaint refers to information that appears in certain Forms 10-K and 10-Q issued during the putative Class Period, Defendants admit that the Company disclosed the information in the filings, and deny any characterizations of the filings that are inconsistent with their content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 22 of the Complaint.

Answering footnote 2 of the Complaint, Defendants admit that throughout the putative Class Period the Company issued Forms 10-K and 10-Q. To the extent footnote 2 of the Complaint refers to information that appears in various Forms 10-K and 10-Q issued during the putative Class Period, Defendants admit that the Company disclosed the information in the filings, and deny any characterizations of the filings that are

6

sf-3244538

inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in footnote 2 of the Complaint.

23.    Answering paragraph 23 of the Complaint, Defendants admit that throughout the putative Class Period the Company issued Forms 10-K and 10-Q.  To the extent paragraph 23 of the Complaint refers to information that appears in certain Forms 10-K and 10-Q issued during the putative Class Period, Defendants admit that the Company disclosed the information in the filings, and deny any characterizations of the filings that are inconsistent with their content.   Except as expressly admitted, Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.    Answering paragraph 24 of the Complaint, Defendants admit that the 2010 annual bonus program included eight performance metrics: (i) total module watts produced, (ii) module conversion efficiency, (iii) module manufacturing cost per watt at the end of the fourth quarter, (iv) balance of systems cost per watt, (v) achievement of identified project development milestones (with points assigned to each milestone and a score assigned based on the number of milestones achieved), (vi) the timely "go live" of First Solar's enterprise resources planning system, (vii) the timely start-up of First Solar's fifth and sixth manufacturing plants in Kulim, Malaysia (referred to as KLM 5 and 6) and (viii) operating income.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.    Answering paragraph 25 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 25 about information allegedly provided to Plaintiffs' counsel by CW-6 and on that basis deny such allegations.

26.    Answering paragraph 26 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 26 about information allegedly provided to Plaintiffs' counsel by CW-10 and on that basis deny such allegations.  Defendants admit that certain employees and former employees of First Solar have entered into confidentiality agreements with the

7

Company. Defendants further admit that First Solar sent a letter to certain current and former employees who had entered into such agreements, reminding those employees of their obligation to maintain the confidentiality of "confidential, proprietary, trade secret, or privileged information regarding First Solar." Except as expressly admitted, Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Answering paragraph 27 of the Complaint, Defendants state that characterizations of the requirements of Generally Accepted Accounting Principles ("GAAP") and SEC Rules are legal conclusions and characterizations to which no response is required. Defendants further state that to the extent paragraph 27 of the Complaint refers to information that appears in GAAP and SEC Rules, Defendants deny any characterizations that are inconsistent with their content. Defendants admit that cost per watt is measured as: (applicable manufacturing costs in a given quarter) ÷ (total watts produced for sale in that quarter). Defendants further admit that the cost-per-watt calculation for each quarter includes estimated warranty costs for units produced in that quarter. Except as explicitly admitted, Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Answering paragraph 28 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 28 about information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 28 of the Complaint.

Answering footnote 3 of the Complaint, Defendants admit that First Solar warranted to the original purchasers of its solar modules that solar modules installed in accordance with agreed-upon specifications will produce at least 90% of their initial nameplate power output rating during the first 10 years following their installation and at least 80% of their initial nameplate power output rating during the following 15 years.

29.     Answering paragraph 29 of the Complaint, Defendants admit that First Solar held earnings conference calls on or about July 29, 2010, and February 28, 2012.

sf-3244538

To the extent paragraph 29 refers to information from the audio recordings of the conference calls, Defendants admit that the Company disclosed the information contained in the recordings, and deny any characterizations of the recordings that are inconsistent with their content. Defendants further admit that on or about August 2, 2010, the Company issued its 2Q10 Form 10-Q. To the extent paragraph 29 of the Complaint refers to information that appears in the 2Q10 Form 10-Q, Defendants admit that the Company disclosed the information contained in the filing, and deny any characterizations of the filing that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.    Answering paragraph 30 of the Complaint, Defendants admit that Photovoltaik-Magazin published an article on or about May, 2011, titled "The Recall," which speaks for itself. Defendants further state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 30 about information allegedly provided to reporter Sandra Enkhardt and on that basis deny such allegations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.    Answering paragraph 31 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 31 about information allegedly provided to Plaintiffs' counsel by CW-2 and on that basis deny such allegations. Defendants admit that First Solar maintains a facility in Perrysburg, Ohio. Defendants deny any remaining allegations contained in paragraph 31 of the Complaint.

32.    Answering paragraph 32 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 32 about the information purportedly posted by Solateur114 to a Photovoltaik Forum in September 2011, and on that basis deny such allegations. Defendants further state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 32 about the information

9

allegedly provided to Plaintiffs' counsel by CW-11 and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 32 of the Complaint.

Answering footnote 4 of the Complaint, Defendants state that footnote 4 consists of a statement to which no response is required.

33. Answering paragraph 33 of the Complaint, Defendants admit that on or about November 18, 2009, First Solar sent a letter its customers, which speaks for itself, and deny any characterizations of the letter that are inconsistent with its content. Defendants deny any remaining allegations contained in paragraph 33 of the Complaint.

Answering footnote 5 of the Complaint, Defendants state that footnote 5 consists of a statement to which no response is required. To the extent the allegations in footnote 5 are deemed factual allegations to which a response is required, Defendants admit that on or about November 18, 2009, First Solar sent a letter to its customers, which speaks for itself, and deny any characterizations of the letter that are inconsistent with its content.

34. Answering paragraph 34 of the Complaint, Defendants state that paragraph 34 consists of a characterization of the allegations of the Complaint to which no response is required. To the extent the allegations in paragraph 34 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 34 of the Complaint. Defendants further state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 34 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations.

35. Answering paragraph 35 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 35 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 35 of the Complaint.

10

sf-3244538

36. Answering paragraph 36 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 36 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 36 of the Complaint.

37. Answering paragraph 37 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 37 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 37 of the Complaint.

38. Answering paragraph 38 of the Complaint, Defendants deny the allegations contained in paragraph 38 of the Complaint.

Answering the chart following paragraph 38 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the data and methodology used by Plaintiffs to create the chart and on that basis deny the allegations contained in the chart following paragraph 38 of the Complaint.

39. Answering paragraph 39 of the Complaint, Defendants deny the allegations contained in paragraph 39 of the Complaint.

Answering the chart following paragraph 39 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the data and methodology used by Plaintiffs to create the chart and on that basis deny the allegations contained in the chart following paragraph 39 of the Complaint.

40. Answering paragraph 40 of the Complaint, Defendants admit the Company held earnings conference calls on July 29, 2010, February 24, 2011, November 3, 2011; and a guidance conference call on December 14, 2011. To the extent paragraph 40 refers to information from the audio recordings of the conference calls, Defendants admit that the Company disclosed the information contained in the recordings, and deny any characterizations of the recordings that are inconsistent with their content. Defendants

11

further state that to the extent paragraph 40 refers to information that appears in the August 9, 2006 Response Letter and/or 2011 Form 10-K, the Company disclosed the information in the filings, and deny any characterizations of the filings that are inconsistent with their content. Defendants state that to the extent paragraph 40 of the Complaint refers to information that appears in GAAP, Defendants deny any characterizations of GAAP that are inconsistent with GAAP's content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.    Answering paragraph 41 of the Complaint, Defendants admit that First Solar held a guidance conference call on or about December 14, 2011, and an earnings conference call on or about February 28, 2012. To the extent paragraph 41 refers to information from the audio recordings of the conference calls, Defendants deny any characterizations that are inconsistent with their content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.    Answering paragraph 42 of the Complaint, Defendants admit that Maxim Group issued a report regarding First Solar on or about February 29, 2012, which speaks for itself. To the extent paragraph 42 of the Complaint refers to information that appears in the report, Defendants deny any characterizations of the report that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.    Answering paragraph 43 of the Complaint, Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.    Answering paragraph 44 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 44 about the information allegedly provided to Plaintiffs' counsel by CW-3 and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 44 of the Complaint.

sf-3244538

45. Answering paragraph 45 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 45 about the information allegedly provided to Plaintiffs' counsel by CWs 3, 7, and 9 and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 45 of the Complaint.

46. Answering paragraph 46 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 46 about the information allegedly provided to Plaintiffs' counsel by CWs 3 and 9 and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 46 of the Complaint.

47. Answering paragraph 47 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 47 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 47 of the Complaint.

48. Answering paragraph 48 of the Complaint, Defendants state that historical information regarding the prices at which the Company's common stock was traded is publicly available and deny any allegations in paragraph 48 of the Complaint that are inconsistent with such historical information. To the extent paragraph 48 refers to information regarding trades executed by the Individual Defendants, Defendants state that information regarding trades has been publicly disclosed on Forms 4, filed with the SEC, and deny any allegations that are inconsistent with such publicly disclosed information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Answering paragraph 49 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the information allegedly provided to Plaintiffs' counsel by former First Solar employees and on that basis deny such allegations. Defendants further state that paragraph 49 consists of

13

legal arguments and conclusions to which no response is required. To the extent the allegations in paragraph 49 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.    Answering paragraph 50 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 50 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations. Defendants admit that (a) First Solar is headquartered in Tempe, Arizona; (b) First Solar has a facility in Perrysburg, Ohio; and (c) First Solar warrants to the original purchasers of its solar modules that solar modules installed in accordance with agreed-upon specifications will produce at least 90% of their initial nameplate power output rating during the first 10 years following their installation and at least 80% of their initial nameplate power output rating during the following 15 years. Defendants deny any remaining allegations contained in paragraph 50 of the Complaint.

51.    Answering paragraph 51 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 51 about the information allegedly provided to Plaintiffs' counsel by CW-2 and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 51 of the Complaint.

52.    Answering paragraph 52 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 52 about the information allegedly provided to Plaintiffs' counsel by CW-3 and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 52 of the Complaint.

53.    Answering paragraph 53 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 53 about the information allegedly provided to Plaintiffs'

14

counsel by CW-4 and on that basis deny such allegations.  Defendants deny any remaining allegations contained in paragraph 53 of the Complaint.

54.    Answering paragraph 54 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 54 about the information allegedly provided to Plaintiffs' counsel by CW-5 and on that basis deny such allegations.  Defendants deny any remaining allegations contained in paragraph 54 of the Complaint.

55.    Answering paragraph 55 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 55 about the information allegedly provided to Plaintiffs' counsel by CW-6 and on that basis deny such allegations.  Defendants deny any remaining allegations contained in paragraph 55 of the Complaint.

56.    Answering paragraph 56 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 56 about the information allegedly provided to Plaintiffs' counsel by CW-7 and on that basis deny such allegations.  Defendants deny any remaining allegations contained in paragraph 56 of the Complaint.

57.    Answering paragraph 57 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 57 about the information allegedly provided to Plaintiffs' counsel by CW-8 and on that basis deny such allegations.  Defendants deny any remaining allegations contained in paragraph 57 of the Complaint.

58.    Answering paragraph 58 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 58 about the information allegedly provided to Plaintiffs' counsel by CW-9 and on that basis deny such allegations.  Defendants deny any remaining allegations contained in paragraph 58 of the Complaint.

sf-3244538

59.     Answering paragraph 59 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 59 about the information allegedly provided to Plaintiffs' counsel by CW-10 and on that basis deny such allegations.  Defendants deny any remaining allegations contained in paragraph 59 of the Complaint.

60.     Answering paragraph 60 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 60 about the information allegedly provided to Plaintiffs' counsel by CW-11 and on that basis deny such allegations.  Defendants deny any remaining allegations contained in paragraph 60 of the Complaint.

61.     Answering paragraph 61 of the Complaint, Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Answering paragraph 62 of the Complaint, Defendants state that paragraph 62 consists of legal arguments, characterizations of the allegations of the Complaint, and conclusions to which no response is required.  To the extent a response is required, Defendants admit that the Company's CEO and CFO signed and certified various documents the Company filed with the SEC during the time that they served as officers of the Company, including the Company's Forms 10-K and Forms 10-Q.  To the extent paragraph 62 of the Complaint refers to information that appears in those filings, Defendants admit that the Company disclosed the information that appears in the filings and deny any characterizations of the filings that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Answering paragraph 63 of the Complaint, Defendants admit that the Company issued Forms 10-Q and 10-K during the putative Class Period.  To the extent paragraph 63 of the Complaint refers to information that appears in those filings, Defendants admit that the Company disclosed the information that appears in the filings and deny any characterizations of the filings that are inconsistent with their content.

16

Except as expressly admitted, Defendants deny the allegations contained in paragraph 63 of the Complaint.

Answering footnote 6 of the Complaint, Defendants state that characterizations of the requirements of SEC Rules are legal conclusions and characterizations to which no response is required.  To the extent footnote 6 of the Complaint refers to information that appears in SEC Rules, Defendants deny any characterizations that are inconsistent with their content.  To the extent the allegations in footnote 6 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in footnote 6 of the Complaint.

64.    Answering paragraph 64 of the Complaint, Defendants admit that, during the time they served as officers of the Company, the Company's CEO and CFO signed the SOX certifications that were attached to Forms 10-K and 10-Q.  To the extent paragraph 64 of the Complaint refers to those certifications, Defendants deny any characterizations of the certifications that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.    Answering paragraph 65 of the Complaint, Defendants admit that on or about April 30, 2008, the Company issued a press release titled "First Solar, Inc. Announces 2008 First Quarter Financial Results."  To the extent paragraph 65 refers to information that appears in the April 30, 2008 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the April 30, 2008 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.    Answering paragraph 66 of the Complaint, Defendants admit that the Company held an earnings conference call on or about April 30, 2008.  To the extent paragraph 66 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording,

sf-3244538

and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Answering paragraph 67 of the Complaint, Defendants admit that on or about May 2, 2008, the Company issued its 1Q08 Form 10-Q. To the extent paragraph 67 refers to information that appears in the Form 10-K for the year ended December 29, 2007, and is incorporated by reference into the 1Q08 Form 10-Q, Defendants admit that the Company disclosed the information in the 1Q08 Form 10-Q and the Form 10-K for the year ended December 29, 2007, and deny any characterizations that are inconsistent with their content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Answering paragraph 68 of the Complaint, Defendants admit that on or about July 30, 2008, the Company issued a press release titled "First Solar, Inc. Announces 2008 Second Quarter Financial Results." To the extent paragraph 68 refers to information that appears in the July 30, 2008 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the July 30, 2008 press release that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Answering paragraph 69 of the Complaint, Defendants admit that the Company held an earnings conference call on or about July 30, 2008. To the extent paragraph 69 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Answering paragraph 70 of the Complaint, Defendants admit that on or about July 31, 2008, the Company issued its 2Q08 Form 10-Q. To the extent paragraph

18

sf-3244538

70 refers to information that appears in the Form 10-K for the year ended December 29, 2007, and is incorporated by reference into the 2Q08 Form 10-Q, Defendants admit that the Company disclosed the information in the 2Q08 Form 10-Q and the Form 10-K for the year ended December 29, 2007, and deny any characterizations that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.    Answering paragraph 71 of the Complaint, Defendants admit that on or about October 29, 2008, the Company issued a press release titled "First Solar, Inc. Announces 2008 Third Quarter Financial Results."  To the extent paragraph 71 refers to information that appears in the October 29, 2008 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the October 29, 2008 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.    Answering paragraph 72 of the Complaint, Defendants admit that the Company held an earnings conference call on or about October 29, 2008.  To the extent paragraph 72 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 72 of the Complaint.

73.    Answering paragraph 73 of the Complaint, Defendants admit that on or about October 31, 2008, the Company issued its 3Q08 Form 10-Q.  To the extent paragraph 73 refers to information that appears in the Form 10-K for the year ended December 29, 2007, and is incorporated by reference into the 3Q08 Form 10-Q, Defendants admit that the Company disclosed the information in the 3Q08 Form 10-Q and the Form 10-K for the year ended December 29, 2007 and deny any characterizations

19

that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.   Answering paragraph 74 of the Complaint, Defendants admit that on or about February 24, 2009, the Company issued a press release titled "First Solar, Inc. Announces 2008 Fourth Quarter and Year-end Financial Results."  To the extent paragraph 74 refers to information that appears in the February 24, 2009 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the February 24, 2009 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.   Answering paragraph 75 of the Complaint, Defendants admit that the Company held an earnings conference call on or about February 24, 2009.  To the extent paragraph 75 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 75 of the Complaint.

76.   Answering paragraph 76 of the Complaint, Defendants admit that the Company held an earnings conference call on or about February 24, 2009.  To the extent paragraph 76 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 76 of the Complaint.

77.   Answering paragraph 77 of the Complaint, Defendants admit that the Company held an earnings conference call on or about February 24, 2009.  To the extent paragraph 77 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording,

20

sf-3244538

and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Answering paragraph 78 of the Complaint, Defendants admit that the Company held an earnings conference call on or about February 24, 2009.  To the extent paragraph 78 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Answering paragraph 79 of the Complaint, Defendants admit that on or about February 25, 2009, the Company issued its FY08 Form 10-K.  To the extent paragraph 79 refers to information that appears in the 10-K for the year ending December 27, 2008, Defendants admit that the Company disclosed the information in the FY08 Form 10-K and deny any characterizations of the FY08 Form 10-K that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     Answering paragraph 80 of the Complaint, Defendants admit that the Company held an earnings conference call on or about March 2, 2009.  To the extent paragraph 80 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Answering paragraph 81 of the Complaint, Defendants admit that the Merrill Lynch Cleantech Leaders Conference took place on March 11, 2009.  To the extent paragraph 81 refers to information from the audio recording of the conference, Defendants admit that the Company disclosed the information contained in the recording,

21

sf-3244538

and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 81 of the Complaint.

82.     Answering paragraph 82 of the Complaint, Defendants admit that on or about April 29, 2009, the Company issued a press release titled "First Solar, Inc. Announces 2009 First Quarter Financial Results."  To the extent paragraph 82 refers to information that appears in the April 29, 2009 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the April 29, 2009 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     Answering paragraph 83 of the Complaint, Defendants admit that the Company held an earnings conference call on or about April 29, 2009.  To the extent paragraph 83 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 83 of the Complaint.

84.     Answering paragraph 84 of the Complaint, Defendants admit that on or about May 1, 2009, the Company issued its 1Q09 Form 10-Q.  To the extent paragraph 84 refers to information that appears in the 10-Q for 1Q09, Defendants admit that the Company disclosed the information in the 1Q09 Form 10-Q and deny any characterizations of the 1Q09 Form 10-Q that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     Answering paragraph 85 of the Complaint, Defendants admit that on or about May 1, 2009, the Company issued its 1Q09 Form 10-Q.  To the extent paragraph 85 refers to information that appears in the Form 10-K for the year ended December 27,

22

2008, and is incorporated by reference into the 1Q09 Form 10-Q, Defendants admit that the Company disclosed the information in the 1Q09 Form 10-Q and the Form 10-K for the year ended December 27, 2008, and deny any characterizations that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.    Answering paragraph 86 of the Complaint, Defendants state that paragraph 86 consists of legal arguments, conclusions, and characterizations of the allegations in the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.    Answering paragraph 87 of the Complaint, Defendants admit that on or about July 30, 2009, the Company issued a press release titled "First Solar, Inc. Announces 2009 Second Quarter Financial Results."  To the extent paragraph 87 refers to information that appears in the July 30, 2009 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the July 30, 2009 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.    Answering paragraph 88 of the Complaint, Defendants admit that the Company held an earnings conference call on or about July 30, 2009.  To the extent paragraph 88 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 88 of the Complaint.

89.    Answering paragraph 89 of the Complaint, Defendants admit that the Company held an earnings conference call on or about July 30, 2009.  To the extent paragraph 89 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording,

23

sf-3244538

and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Answering paragraph 90 of the Complaint, Defendants admit that the Company held an earnings conference call on or about July 30, 2009.  To the extent paragraph 90 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 90 of the Complaint.

91.     Answering paragraph 91 of the Complaint, Defendants admit that on or about August 3, 2009, the Company issued its 2Q09 Form 10-Q.  To the extent paragraph 91 refers to information that appears in the Form 10-K for the year ended December 27, 2008, and is incorporated by reference into the 2Q09 Form 10-Q, Defendants admit that the Company disclosed the information in the 2Q09 Form 10-Q and the Form 10-K for the year ended December 27, 2008, and deny any characterizations that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Answering paragraph 92 of the Complaint, Defendants state that on or about October 28, 2009, the Company issued a press release titled "First Solar, Inc. Announces 2009 Third Quarter Financial Results — Fiscal 2009 Revenue Guidance Expected at the High End of the Prior Guidance Range."  To the extent paragraph 92 refers to information that appears in the October 28, 2009 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the October 28, 2009 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 92 of the Complaint.

24

sf-3244538

93. Answering paragraph 93 of the Complaint, Defendants admit that the Company held an earnings conference call on or about October 28, 2009. To the extent paragraph 93 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 93 of the Complaint.

94. Answering paragraph 94 of the Complaint, Defendants admit that the Company held an earnings conference call on or about October 28, 2009. To the extent paragraph 94 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 94 of the Complaint.

95. Answering paragraph 95 of the Complaint, Defendants state that on or about October 30, 2009, the Company issued its 3Q09 Form 10-Q. To the extent paragraph 95 refers to information that appears in the 10-Q for 3Q09 that appears in the Form 10-K for the year ended December 27, 2008, and is incorporated by reference into the 2Q09 Form 10-Q, Defendants admit that the Company disclosed the information in the 2Q09 Form 10-Q and the Form 10-K for the year ended December 27, 2008, and deny any characterizations that are inconsistent with their content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Answering paragraph 96 of the Complaint, Defendants admit that the Credit Suisse 2009 Annual Technology Conference took place on or about December 2, 2009. To the extent paragraph 96 refers to information from the audio recording of the conference, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with

25

sf-3244538

its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 96 of the Complaint.

97.     Answering paragraph 97 of the Complaint, Defendants admit that on or about February 18, 2010, the Company issued a press release titled "First Solar, Inc. Announces 2009 Fourth Quarter and Year-end Financial Results – Maintains Previously Issued 2010 Guidance."  To the extent paragraph 97 refers to information that appears in the February 18, 2010 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the February 18, 2010 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.     Answering paragraph 98 of the Complaint, Defendants admit that the Company held an earnings conference call on or about February 18, 2010.  To the extent paragraph 98 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 98 of the Complaint.

99.     Answering paragraph 99 of the Complaint, Defendants admit that on or about February 22, 2010, the Company issued its FY09 Form 10-K.  To the extent paragraph 99 refers to information that appears in the 10-K for the fiscal year ending December 26, 2009, Defendants admit that the Company disclosed the information in the December 26, 2009 Form 10-K and deny any characterizations of the December 26, 2009 Form 10-K that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.     Answering paragraph 100 of the Complaint, Defendants admit that the CLSA AsiaUSA Forum took place on or about March 3, 2010.  To the extent paragraph 100 refers to information from the audio recording of the forum, Defendants admit that the Company disclosed the information contained in the recording, and deny any

26

sf-3244538

characterizations of the recording that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 100 of the Complaint.

101.   Answering paragraph 101 of the Complaint, Defendants admit that on or about April 28, 2010, the Company issued a press release titled "First Solar, Inc. Announces First Quarter 2010 Financial Results."  To the extent paragraph 101 refers to information that appears in the April 28, 2010 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the April 28, 2010 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.   Answering paragraph 102 of the Complaint, Defendants admit that the Company held an earnings conference call on or about April 28, 2010.  To the extent paragraph 102 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 102 of the Complaint.

103.   Answering paragraph 103 of the Complaint, Defendants admit that on or about April 29, 2010, the Company issued its 1Q10 Form 10-Q.  To the extent paragraph 103 refers to information that appears in the Form 10-Q for 1Q10, Defendants admit that the Company disclosed the information in the 1Q10 Form 10-Q and deny any characterizations of the 1Q10 Form 10-Q that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 103 of the Complaint.

104.   Answering paragraph 104 of the Complaint, Defendants admit that on or about April 29, 2010, the Company issued its 1Q10 Form 10-Q.  To the extent paragraph 104 refers to information that appears in the Form 10-K for the year ended December 26, 2009, and is incorporated by reference into the 1Q10 Form 10-Q, Defendants admit that

27

sf-3244538

the Company disclosed the information in the 1Q10 Form 10-Q and the Form 10-K for the year ended December 26, 2009, and deny any characterizations that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.    Answering paragraph 105 of the Complaint, Defendants state that paragraph 105 consists of legal arguments, conclusions, and characterizations of the allegations in the Complaint to which no response is required.  To the extent the allegations in paragraph 105 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.    Answering paragraph 106 of the Complaint, Defendants admit that on or about July 29, 2010, the Company issued a press release titled "First Solar, Inc. Announces Second Quarter 2010 Financial Results."  To the extent paragraph 106 refers to information that appears in the July 29, 2010 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the July 29, 2010 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 106 of the Complaint.

107.    Answering paragraph 107 of the Complaint, Defendants admit that the Company held an earnings conference call on or about July 29, 2010.  To the extent paragraph 107 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 107 of the Complaint.

108.    Answering paragraph 108 of the Complaint, Defendants admit that on or about August 2, 2010, the Company issued its 2Q10 Form 10-Q.  To the extent paragraph 108 refers to information that appears in the 10-Q for 2Q10, Defendants admit that the Company disclosed the information in the 2Q10 Form 10-Q and deny any

28

sf-3244538

characterizations of the 2Q10 Form 10-Q that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.    Answering paragraph 109 of the Complaint, Defendants admit that on or about August 2, 2010, the Company issued its 2Q10 Form 10-Q.  To the extent paragraph 109 refers to information that appears in the Form 10-Q for 2Q10, Defendants admit that the Company disclosed the information in the 2Q10 Form 10-Q and deny any characterizations of the 2Q10 Form 10-Q that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.    Answering paragraph 110 of the Complaint, Defendants admit that on or about August 2, 2010, the Company issued its 2Q10 Form 10-Q.  To the extent paragraph 110 refers to information that appears in the Form 10-K for the year ended December 26, 2009, and is incorporated by reference into the 2Q10 Form 10-Q, Defendants admit that the Company disclosed the information in the 2Q10 Form 10-Q and the Form 10-K for the year ended December 26, 2009, and deny any characterizations that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.    Answering paragraph 111 of the Complaint, Defendants admit that on or about October 28, 2010, the Company issued a press release titled "First Solar, Inc. Announces Third Quarter 2010 Financial Results."  To the extent paragraph 111 refers to information that appears in the October 28, 2010 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the October 28, 2010 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.    Answering paragraph 112 of the Complaint, Defendants admit that the Company held an earnings conference call on or about October 28, 2010.  To the extent

29

sf-3244538

paragraph 112 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 112 of the Complaint.

113.   Answering paragraph 113 of the Complaint, Defendants admit that on or about November 1, 2010, the Company issued its 3Q10 Form 10-Q. To the extent paragraph 113 refers to information that appears in the Form 10-Q for 3Q10, Defendants admit that the Company disclosed the information in the 3Q10 Form 10-Q and deny any characterizations of the 3Q10 Form 10-Q that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 113 of the Complaint.

114.   Answering paragraph 114 of the Complaint, Defendants admit that on or about November 1, 2010, the Company issued its 3Q10 Form 10-Q. To the extent paragraph 114 refers to information that appears in the Form 10-Q for 3Q10, Defendants admit that the Company disclosed the information in the 3Q10 Form 10-Q and deny any characterizations of the 3Q10 Form 10-Q that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.   Answering paragraph 115 of the Complaint, Defendants admit that on or about November 1, 2010, the Company issued its 3Q10 Form 10-Q. To the extent paragraph 115 refers to information that appears in the Form 10-K for the year ended December 26, 2009, and is incorporated by reference into the 3Q10 Form 10-Q, Defendants admit that the Company disclosed the information in the 3Q10 Form 10-Q and the Form 10-K for the year ended December 26, 2009, and deny any characterizations that are inconsistent with their content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 115 of the Complaint.

30

sf-3244538

116.    Answering paragraph 116 of the Complaint, Defendants admit that on or about December 8, 2010, the Barclays Capital Global Technology Conference took place. To the extent paragraph 116 refers to information from the audio recording of the conference, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 116 of the Complaint.

117.    Answering paragraph 117 of the Complaint, Defendants admit that on or about December 14, 2010, the Company issued a press release titled "First Solar, Inc. Announces 2011 Financial Guidance."  To the extent paragraph 117 refers to information that appears in the December 14, 2010 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the December 14, 2010 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.    Answering paragraph 118 of the Complaint, Defendants admit that on or about February 24, 2011, the Company issued a press release titled "First Solar, Inc. Announces Fourth Quarter and Year-end 2010 Financial Results."  To the extent paragraph 118 refers to information that appears in the February 24, 2011 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the February 24, 2011 press release that are inconsistent with its content.   Except as expressly admitted, Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.    Answering paragraph 119 of the Complaint, Defendants admit that the Company held an earnings conference call on or about February 24, 2011.  To the extent paragraph 119 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.

31

sf-3244538

Except as expressly admitted, Defendants deny the allegations in paragraph 119 of the Complaint.

120.    Answering paragraph 120 of the Complaint, Defendants admit that on or about February 28, 2011, the Company issued its FY10 Form 10-K.  To the extent paragraph 120 of the Complaint refers to information that appears in the FY10 Form 10-K, Defendants admit that the Company disclosed the information in the FY10 Form 10-K and deny any characterizations that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.    Answering paragraph 121 of the Complaint, Defendants admit that on or about May 3, 2011, the Company issued a press release titled "First Solar Announces First Quarter 2011 Financial Results."  To the extent paragraph 121 refers to information that appears in the May 3, 2011 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the May 3, 2011 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.    Answering paragraph 122 of the Complaint, Defendants admit that the Company held an earnings conference call on or about May 3, 2011.  To the extent paragraph 122 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 122 of the Complaint.

123.    Answering paragraph 123 of the Complaint, Defendants admit that on or about May 5, 2011, the Company issued its 1Q11 Form 10-Q.  To the extent paragraph 123 refers to information that appears in the 10-Q for 1Q11, Defendants admit that the Company disclosed the information in the 1Q11 Form 10-Q and deny any characterizations of the 1Q11 Form 10-Q that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 123 of the

sf-3244538

Complaint.

124. Answering paragraph 124 of the Complaint, Defendants admit that on or about May 5, 2011, the Company issued its 1Q11 Form 10-Q. To the extent paragraph 124 refers to information that appears in the Form 10-K for the year ended December 31, 2010, and is incorporated by reference into the 1Q11 Form 10-Q, Defendants admit that the Company disclosed the information in the 1Q11 Form 10-Q and the Form 10-K for the year ended December 31, 2010, and deny any characterizations that are inconsistent with their content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 124 of the Complaint.

125. Answering paragraph 125 of the Complaint, Defendants admit that on or about August 4, 2011, the Company issued a press release titled "First Solar Announces Second Quarter 2011 Financial Results." To the extent paragraph 125 refers to information that appears in the August 4, 2011 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the August 4, 2011 press release that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 125 of the Complaint.

126. Answering paragraph 126 of the Complaint, Defendants admit that the Company held an earnings conference call on or about August 4, 2011. To the extent paragraph 126 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 126 of the Complaint.

127. Answering paragraph 127 of the Complaint, Defendants admit that on or about August 5, 2011, the Company issued its 2Q11 Form 10-Q. To the extent paragraph 127 refers to information that appears in the Form 10-Q for 2Q11, Defendants admit that the Company disclosed the information in the 2Q11 Form 10-Q and deny any

33

sf-3244538

characterizations of the 2Q11 Form 10-Q that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.    Answering paragraph 128 of the Complaint, Defendants admit that on or about August 5, 2011, the Company issued its 2Q11 Form 10-Q.  To the extent paragraph 128 refers to information that appears in the Form 10-K for the year ended December 31, 2010, and is incorporated by reference into the 2Q11 Form 10-Q, Defendants admit that the Company disclosed the information in the 2Q11 Form 10-Q and the Form 10-K for the year ended December 31, 2010, and deny any characterizations that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.    Answering paragraph 129 of the Complaint, Defendants admit that on or about September 6, 2011, the Company issued a press release titled "First Solar Extends Workmanship Warranty to Ten Years."  To the extent paragraph 129 refers to information that appears in the September 6, 2011 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the September 6, 2011 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 129 of the Complaint.

130.    Answering paragraph 130 of the Complaint, Defendants admit that on or about October 26, 2011, the Company issued a press release titled "First Solar Announces Third Quarter 2011 Financial Results."  Defendants state that to the extent paragraph 130 refers to information that appears in the October 26, 2011 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the October 26, 2011 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 130 of the Complaint.

34

sf-3244538

131.    Answering paragraph 131 of the Complaint, Defendants admit that the Company held an earnings conference call on or about November 3, 2011.  To the extent paragraph 131 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 131 of the Complaint.

132.    Answering paragraph 132 of the Complaint, Defendants admit that the Company held an earnings conference call on or about November 3, 2011.  To the extent paragraph 132 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 132 of the Complaint.

133.    Answering paragraph 133 of the Complaint, Defendants admit that the Company held an earnings conference call on or about November 3, 2011.  To the extent paragraph 133 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 133 of the Complaint.

134.    Answering paragraph 134 of the Complaint, Defendants admit that the Company held an earnings conference call on or about November 3, 2011.  To the extent paragraph 134 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 134 of the Complaint.

sf-3244538

135.   Answering paragraph 135 of the Complaint, Defendants admit that on or about November 4, 2011, the Company issued its 3Q11 Form 10-Q.  To the extent paragraph 135 refers to information that appears in the Form 10-Q for 3Q11, Defendants admit that the Company disclosed the information in the 3Q11 Form 10-Q and deny any characterizations of the 3Q11 Form 10-Q that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 135 of the Complaint.

136.   Answering paragraph 136 of the Complaint, Defendants admit that on or about November 4, 2011, the Company issued its 3Q11 Form 10-Q.  To the extent paragraph 136 refers to information that appears in the Form 10-K for the year ended December 31, 2010, and is incorporated by reference into the 3Q11 Form 10-Q, Defendants admit that the Company disclosed the information in the 3Q11 Form 10-Q and the Form 10-K for the year ended December 31, 2010, and deny any characterizations that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 136 of the Complaint.

137.   Answering paragraph 137 of the Complaint, Defendants admit that the Company held a guidance conference call on or about December 14, 2011.  To the extent paragraph 137 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 137 of the Complaint.

138.   Answering paragraph 138 of the Complaint, Defendants state that paragraph 138 of the Complaint consists of legal arguments, conclusions, and characterizations of the allegations in the Complaint, including legal arguments and conclusions under GAAP and/or SEC Rules, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 138.

sf-3244538

139.    Answering paragraph 139 of the Complaint, Defendants admit that the Company warrants to owners that solar modules installed in accordance with agreed-upon specifications will produce at least 90% of their power output rating during the first 10 years following their installation and at least 80% of their power output rating during the following 15 years.  Defendants state that paragraph 139 of the Complaint consists of legal arguments, conclusions, and characterizations of the allegations in the Complaint, including legal arguments and conclusions under GAAP and/or SEC Rules, to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations contained in paragraph 139 of the Complaint.

140.    Answering paragraph 140 of the Complaint, Defendants state that characterizations of the requirements of GAAP are legal conclusions and characterizations to which no response is required.  To the extent the allegations in paragraph 140 are deemed factual allegations to which a response is required, Defendants deny any remaining allegations contained in paragraph 140 of the Complaint.

Answering footnote 7 of the Complaint, Defendants admit the allegations contained in footnote 7 of the Complaint.

Answering footnote 8 of the Complaint, Defendants state that characterizations of the requirements of GAAP are legal conclusions and characterizations to which no response is required. To the extent the allegations in footnote 8 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in footnote 8 of the Complaint.

Answering footnote 9 of the Complaint, Defendants state that the Company's limited warranty increased to 10 years for modules sold after September 30, 2011. Defendants admit the remaining allegations contained in footnote 9 of the Complaint.

Answering footnote 10 of the Complaint, Defendants admit the allegations in footnote 10 of the Complaint.

Answering footnote 11 of the Complaint, Defendants admit that on or about November 4, 2011, the Company issued its 10-Q for 3Q11.  To the extent footnote 11

37

refers to information from the filing, Defendants admit that the Company disclosed the information contained in the filing, and deny any characterizations of the filing that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in footnote 11 of the Complaint.

141.    Answering the first sentence of paragraph 141 of the Complaint, Defendants admit that throughout the putative Class Period the Company issued various Forms 10-K and 10-Q.  To the extent paragraph 141 refers to information from the filings, Defendants admit that the Company disclosed the information contained in the filings, and deny any characterizations of the filings that are inconsistent with their content.  To the extent that paragraph 141 consists of characterizations of the requirements of GAAP, such characterizations are legal conclusions and characterizations to which no response is required.  To the extent the remaining allegations in paragraph 141 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 141 of the Complaint.

142.    Answering paragraph 142 of the Complaint, Defendants state that to the extent paragraph 142 of the Complaint refers to information that appears in GAAP provisions ASC 460 and ASC 450, Defendants deny any characterizations of ASC 460 and ASC 450 that are inconsistent with their content.  Defendants state that characterizations of the requirements of GAAP are legal conclusions and characterizations to which no response is required.  To the extent the remaining allegations in paragraph 142 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 142 of the Complaint.

Answering footnote 12 of the Complaint, Defendants state that to the extent footnote 12 of the Complaint refers to information that appears in GAAP provisions ASC 460 and ASC 450, Defendants deny any characterizations of ASC 460 and ASC 450 that are inconsistent with their content.

143.    Answering paragraph 143 of the Complaint, Defendants state that paragraph 143 consists of characterizations of the requirements of GAAP and SEC Rules

38

which are legal conclusions and characterizations to which no response is required. To the extent the allegations in paragraph 143 are deemed factual allegations to which a response is required, Defendants admit that throughout the putative Class Period the Company issued various Forms 10-K and 10-Q. To the extent paragraph 143 refers to information from the filings, Defendants admit that the Company disclosed the information contained in the filings, and deny any characterizations of the filings that are inconsistent with their content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 143 of the Complaint.

Answering footnote 13 of the Complaint, Defendants admit that on or about August 9, 2006, the Company filed a response to an SEC Comment Letter, which speaks for itself. Except as expressly admitted, Defendants deny the allegations contained in footnote 13 of the Complaint.

Answering footnote 14 of the Complaint, Defendants deny the allegations contained in footnote 14 of the Complaint.

Answering footnote 15 of the Complaint, Defendants state that footnote 15 consists of a statement to which no response is required. To the extent the allegation in footnote 15 is deemed a factual allegation to which a response is required, Defendants admit that First Solar modules had an average rated power of approximately 76 watts for 2010. Defendants further state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in footnote 15 about the basis for the calculation described in paragraph 143, and on that basis deny the allegation.

Answering footnote 16 of the Complaint, Defendants state that footnote 16 consists of a statement to which no response is required. To the extent the allegation in footnote 16 is deemed a factual allegation to which a response is required, Defendants admit that First Solar's total average manufacturing costs were $0.76 per watt during 2Q10. Defendants further state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegation in footnote 16 about the basis for the calculation described in paragraph 143, and on that basis deny the allegation.

sf-3244538

144.   Answering paragraph 144 of the Complaint, Defendants state that paragraph 144 consists of legal arguments, conclusions, and characterizations of the allegations in the Complaint to which no response is required.  To the extent the allegations in paragraph 144 are deemed factual allegations to which a response is required, Defendants admit that the Company held an earnings conference call on or about July 29, 2010.  To the extent paragraph 144 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.   Defendants further state that to the extent paragraph 144 refers to allegations based on statements made by CW-1, Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 144 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 144 of the Complaint.

Answering the chart following paragraph 144 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the data and methodology used by Plaintiffs to create the chart and on that basis deny the allegations contained in the chart following paragraph 144 of the Complaint.

Answering footnote 17 of the Complaint, Defendants state that footnote 17 consists of a statement to which no response is required.  To the extent the allegation in footnote 17 is deemed a factual allegation to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegation in footnote 17 about the basis for the calculation described in paragraph 144, and on that basis deny the allegation.

145.   Answering paragraph 145 of the Complaint, Defendants deny the allegations contained in paragraph 145 of the Complaint.

Answering the chart following paragraph 145 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the data

40

sf-3244538

and methodology used by Plaintiffs to create the chart and on that basis deny the allegations contained in the chart following paragraph 145 of the Complaint.

146.   Answering paragraph 146 of the Complaint, Defendants deny the allegations contained in paragraph 146 of the Complaint.

Answering the chart following paragraph 146 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the data and methodology used by Plaintiffs to create the chart and on that basis deny the allegations contained in the chart following paragraph 146 of the Complaint.

147.   Answering paragraph 147 of the Complaint, Defendants state that paragraph 147 consists of characterizations of the requirements of GAAP and SEC Rules which are legal conclusions and characterizations to which no response is required.  To the extent the allegations in paragraph 147 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 147 of the Complaint.

Answering footnote 18 of the Complaint, Defendants deny the allegations contained in footnote 18 of the Complaint.

Answering footnote 19 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the data and methodology used by Plaintiffs to create the table contained in footnote 19 and on that basis deny the allegations contained in footnote 19 of the Complaint.

148.   Answering paragraph 148 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the methodology used by Plaintiffs to create the chart upon which the allegations in paragraph 148 are based and on that basis deny the allegations contained in paragraph 148 of the Complaint.

149.   Answering paragraph 149 of the Complaint, Defendants state that paragraph 149 consists of legal arguments, conclusions, and characterizations of the allegations of the Complaint to which no response is required.  To the extent the allegations in paragraph 149 are deemed factual allegations to which a response is

41

sf-3244538

required, Defendants admit that on or about August 2, 2010, the Company issued its 2Q10 Form 10-Q. To the extent paragraph 149 refers to information that appears in the Form 10-Q for 2Q10, Defendants admit that the Company disclosed the information in the 2Q10 Form 10-Q and deny any characterizations of the 2Q10 Form 10-Q that are inconsistent with its content. Defendants further state that to the extent the allegations in paragraph 149 are based on the chart following paragraph 149, Defendants lack sufficient knowledge and information to form a belief regarding the data and methodology used by Plaintiffs to create the chart and on that basis deny the allegations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 149 of the Complaint.

Answering the chart following paragraph 149 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the data and methodology used by Plaintiffs to create the chart and on that basis deny the allegations contained in the chart following paragraph 149 of the Complaint.

Answering footnote 20 of the Complaint, Defendants state that footnote 20 consists of legal arguments and conclusions, and a characterization of the allegations of the Complaint to which no response is required. To the extent the allegations in footnote 20 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in footnote 20 of the Complaint.

Answering footnote 21 of the Complaint, Defendants admit that the Company disclosed the warranty costs associated with replacement modules in its press releases, earnings calls, and Forms 10-K and 10-Q throughout the putative Class Period. To the extent footnote 21 of the Complaint refers to information that appears in press releases, earnings calls, and Forms 10-K and 10-Q, Defendants admit that the Company disclosed the information in the filings and deny any calculations or characterizations that are inconsistent with their content. Except as expressly admitted, Defendants deny the allegations contained in footnote 21 of the Complaint.

Answering footnote 22 of the Complaint, Defendants state that footnote 22 consists of a statement to which no response is required. To the extent the allegation in

42

sf-3244538

footnote 22 is deemed a factual allegation to which a response is required, Defendants admit that First Solar modules had an average rated power of approximately 76 watts for 2010. Defendants further state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegation in footnote 22 about the basis for the calculation described in paragraph 149, and on that basis deny the allegation.

Answering footnote 23 of the Complaint, Defendants state that to the extent footnote 23 of the Complaint refers to information that appears in First Solar's FY11 Form 10-K and 1Q12 and 2Q12 Forms 10-Q, the Company disclosed the information in the FY11 Form 10-K and 1Q12 and 2Q12 Forms 10-Q, and deny any calculations or characterizations that are inconsistent with their content. Defendants further state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in footnote 23 about the bases for the calculation described in paragraph 149, and on that basis deny such allegations. Except as expressly admitted, Defendants deny the allegations contained in footnote 23 of the Complaint.

Answering footnote 24 of the Complaint, Defendants state that to the extent footnote 24 of the Complaint refers to information that appears in First Solar's FY11 Form 10-K, the Company disclosed the information in the FY11 Form 10-K, and deny any calculations or characterizations that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in footnote 24 of the Complaint.

150. Answering paragraph 150 of the Complaint, Defendants state that to the extent paragraph 150 of the Complaint refers to information that appears in First Solar's Forms 10-K and 10-Q from 2Q10 through 4Q11, the Company disclosed the information in the Forms 10-K and 10-Q from 2Q10 through 4Q11, and deny any calculations or characterizations that are inconsistent with their content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 150 of the Complaint.

Answering the chart following paragraph 150 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the data

43

and methodology used by Plaintiffs to create the chart and on that basis deny the allegations contained in the chart following paragraph 150 of the Complaint.

151. Answering paragraph 151 of the Complaint, Defendants state that paragraph 151 consists of characterizations of the requirements of GAAP and SEC Rules, which are legal conclusions and characterizations to which no response is required. To the extent the allegations in paragraph 151 are deemed factual allegations to which a response is required, Defendants state that to the extent paragraph 151 of the Complaint refers to information that appears in First Solar's Forms 10-K and 10-Q from 2Q10 through 4Q11, the Company disclosed the information in the Forms 10-K and 10-Q from 2Q10 through 4Q11, and deny any calculations or characterizations that are inconsistent with their content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 151 of the Complaint.

Answering the chart following paragraph 151 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the data and methodology used by Plaintiffs to create the chart and on that basis deny the allegations contained in the chart following paragraph 151 of the Complaint.

Answering footnote 25 of the Complaint, Defendants state that footnote 25 consists of a statement to which no response is required. To the extent that the allegation in footnote 25 is deemed a factual allegation to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegation in footnote 25 about the basis for the calculation, and on that basis deny the allegation.

152. Answering paragraph 152 of the Complaint, Defendants state that paragraph 152 consists of legal arguments, conclusions, and characterizations, including of the requirements of GAAP and SEC Rules, to which no response is required. To the extent the allegations in paragraph 152 are deemed factual allegations to which a response is required, Defendants state that to the extent paragraph 152 of the Complaint refers to information that appears in First Solar's Forms 10-K and 10-Q from 2Q10

44

sf-3244538

through 4Q11, the Company disclosed the information in the Forms 10-K and 10-Q from 2Q10 through 4Q11, and deny any calculations or characterizations that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 152 of the Complaint.

Answering footnote 26 of the Complaint, Defendants state that footnote 26 consists of a statement to which no response is required.  To the extent that the allegation in footnote 26 is deemed a factual allegation to which a response is required, Defendants admit that on or about August 9, 2006, the Company filed a response to an SEC Comment Letter, which speaks for itself.  Except as expressly admitted, Defendants deny the allegation contained in footnote 26 of the Complaint.

153.    Answering paragraph 153 of the Complaint, Defendants deny the allegations contained in paragraph 153 of the Complaint.

Answering the chart following paragraph 153 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the data and methodology used by Plaintiffs to create the chart and on that basis deny the allegations contained in the chart following paragraph 153 of the Complaint.

154.    Answering paragraph 154 of the Complaint, Defendants state that paragraph 154 of the Complaint consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 154 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 154 of the Complaint.

Answering footnote 27 of the Complaint, Defendants state that to the extent footnote 27 of the Complaint refers to information that appears in ASC 450, Defendants deny any characterizations of ASC 450 that are inconsistent with its content.  To the extent the allegations in footnote 27 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in footnote 27 of the Complaint.

155.    Answering paragraph 155 of the Complaint, Defendants state that paragraph 155 consists of characterizations of the requirements of GAAP and SEC Rules,

sf-3244538

which are legal conclusions and characterizations to which no response is required. To the extent the allegations in paragraph 155 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 155 of the Complaint.

156.    Answering paragraph 156 of the Complaint, Defendants state that paragraph 156 consists of legal arguments, conclusions, and characterizations, including of the requirements of GAAP and SEC Rules, to which no response is required. To the extent the allegations in paragraph 156 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 156 of the Complaint.

Answering footnote 28 of the Complaint, Defendants state that to the extent footnote 28 of the Complaint refers to information that appears in GAAP, Defendants deny any characterizations of GAAP that are inconsistent with its content.

157.    Answering paragraph 157 of the Complaint, Defendants state that paragraph 157 consists of legal arguments, conclusions, and characterizations, including of the requirements of GAAP and SEC Rules, to which no response is required. To the extent the allegations in paragraph 157 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 157 of the Complaint.

158.    Answering paragraph 158 of the Complaint, Defendants state that paragraph 158 consists of legal arguments, conclusions, and characterizations, including of the requirements of GAAP and SEC Rules, to which no response is required. To the extent the allegations in paragraph 158 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 158 of the Complaint. Except

159.    Answering paragraph 159 of the Complaint, Defendants state that paragraph 159 consists of characterizations of the requirements of GAAP and SEC Rules, which are legal conclusions and characterizations to which no response is required. To

46

the extent the allegations in paragraph 159 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 159 of the Complaint.

Answering footnote 29 of the Complaint, Defendants state that footnote 29 is a statement to which no response is required. To the extent the allegations in footnote 29 are deemed factual allegations to which a response is required, Defendants deny any characterizations of ASC 450-20-25-2 that are inconsistent with its content.

Answering footnote 30 of the Complaint, Defendants state that footnote 30 is a statement to which no response is required. To the extent the allegations in footnote 30 are deemed factual allegations to which a response is required, Defendants deny any characterizations of ASC 450-20-25-2 that are inconsistent with its content.

160. Answering paragraph 160 of the Complaint, Defendants state that paragraph 160 consists of legal arguments, conclusions, and characterizations, including of the requirements of GAAP and SEC Rules, to which no response is required. To the extent the allegations in paragraph 160 are deemed factual allegations to which a response is required, Defendants admit that on or about February 29, 2012, the Company issued its FY11 Form 10-K. To the extent paragraph 160 refers to information from the filing, Defendants admit that the Company disclosed the information contained in the filing, and deny any characterizations of the filing that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 160 of the Complaint.

Answering the chart following paragraph 160 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the data and methodology used by Plaintiffs to create the chart and on that basis deny the allegations contained in the chart following paragraph 160 of the Complaint.

Answering footnote 31 of the Complaint, Defendants state that footnote 31 consists of characterizations of the requirements of GAAP and SEC Rules, which are legal conclusions and characterizations to which no response is required. To the extent

47

the allegations in footnote 31 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in footnote 31 of the Complaint.

Answering footnote 32 of the Complaint, Defendants state that footnote 32 consists of characterizations of the requirements of GAAP and SEC Rules, which are legal conclusions and characterizations to which no response is required.  To the extent the allegations in footnote 32 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in footnote 32 of the Complaint.

Answering footnote 33 of the Complaint, Defendants state that to the extent footnote 33 of the Complaint refers to information that appears in GAAP provision ASC 275, Defendants deny any characterizations of ASC 275 that are inconsistent with its content.

161.   Answering paragraph 161 of the Complaint, paragraph 161consists of characterizations of the requirements of GAAP and SEC, which are legal conclusions and characterizations to which no response is required.  To the extent the allegations in paragraph 161 are deemed factual allegations to which a response is required, Defendants admit that the Company held earnings conference calls on or about July 29, 2010, February 24, 2011, and November 3, 2011; and a guidance conference call on or about December 14, 2011.  To the extent paragraph 161 refers to information from the audio recordings of the conference calls, Defendants admit that the Company disclosed the information in the recordings, and deny any characterizations of the recordings that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 161 of the Complaint.

162.   Answering paragraph 162 of the Complaint, Defendants state that paragraph 162 consists of characterizations of the requirements of GAAP, which are legal conclusions and characterizations to which no response is required.  To the extent the allegations in paragraph 162 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 162 of the Complaint. Defendants further state that to the extent paragraph 162 of the Complaint refers to

48

information that appears in GAAP provision ASC 450, Defendants deny any characterizations of ASC 450 that are inconsistent with its content.

163. Answering paragraph 163 of the Complaint, Defendants admit that the Company warrants to owners that solar modules installed in accordance with agreed-upon specifications will produce at least 90% of their power output rating during the first 10 years following their installation and at least 80% of their power output rating during the following 15 years. Defendants state that to the extent paragraph 163 refers to allegations based on statements made by CW-1, Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 163 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations. Defendants further admit that on or about August 9, 2006, the Company filed its response to the SEC's comments on the Company's Form S-1 with the SEC. To the extent paragraph 163 refers to information from the filing, Defendants admit that the Company disclosed the information contained in the filing, and deny any characterizations of the filing that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 163 of the Complaint.

Answering footnote 34 of the Complaint, Defendants state that footnote 34 consists of a statement to which no response is required. To the extent that the allegation contained in footnote 34 is deemed to be a factual allegation to which a response is required, Defendants admit that on or about August 9, 2006, the Company filed its response to the SEC's comments on the Company's Form S-1 with the SEC.

164. Answering paragraph 164 of the Complaint, Defendants state that paragraph 164 consists of characterizations of the requirements of GAAP and SEC Rules, which are legal conclusions and characterizations to which no response is required. To the extent the allegations in paragraph 164 are deemed factual allegations to which a response is required, Defendants admit that on or about August 9, 2006, the Company filed its response to the SEC's comments on the Company's Form S-1 with the SEC. To the extent paragraph 164 refers to information from the filing, Defendants admit that the

49

sf-3244538

Company disclosed the information contained in the filing, and deny any characterizations of the filing that are inconsistent with its content. Defendants deny any remaining allegations contained in paragraph 164 of the Complaint.

Answering footnote 35 of the Complaint, Defendants state that to the extent footnote 35 of the Complaint refers to information that appears in GAAP provisions ASC 605 and ASC 60, Defendants deny any characterizations of ASC 605 and ASC 60 that are inconsistent with their content.

165. Answering paragraph 165 of the Complaint, Defendants state that paragraph 165 consists of characterizations of the requirements of GAAP, which are legal conclusions and characterizations to which no response is required. To the extent the allegations in paragraph 165 are deemed factual allegations to which a response is required, Defendants admit that on or about August 9, 2006, the Company filed its response to the SEC's comments on the Company's Form S-1 with the SEC. To the extent paragraph 165 refers to information from the filing, Defendants admit that the Company disclosed the information contained in the filing, and deny any characterizations of the filing that are inconsistent with its content. Defendants further state that, to the extent paragraph 165 contains allegations based on statements made by CW-1, Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 165 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 165 of the Complaint.

166. Answering paragraph 166 of the Complaint, Defendants state that paragraph 166 consists of characterizations of the requirements of GAAP, which are legal conclusions and characterizations to which no response is required. To the extent the allegations in paragraph 166 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 166 of the Complaint.

167. Answering paragraph 167 of the Complaint, Defendants state that to the extent paragraph 167 contains allegations based on statements made by CW-1,

50

Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 167 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations.  Defendants deny any remaining allegations contained in paragraph 167 of the Complaint.

Answering footnote 36 of the Complaint, Defendants admit that on or about March 13, 2009, PVTech published an article titled "Sempra selects First Solar for 50MW addition to El Dorado plant, says analyst," which speaks for itself.  To the extent footnote 36 of the Complaint refers to information that appears in the article, Defendants deny any characterizations of the article that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in footnote 36 of the Complaint.

168.   Answering paragraph 168 of the Complaint, Defendants state that to the extent paragraph 168 refers to allegations based on statements made by CW-1, Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 168 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 168 of the Complaint.

Answering footnote 37 of the Complaint, Defendants state that to the extent footnote 37 refers to allegations based on statements made by CW-1, Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations in footnote 37 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations. Defendants deny any remaining allegations contained in footnote 37 of the Complaint.

169.   Answering paragraph 169 of the Complaint, Defendants state that paragraph 169 consists of characterizations of the requirements of GAAP and SEC Rules, which are legal conclusions and characterizations to which no response is required.  To the extent the allegations in paragraph 169 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 169 of the

51

Complaint. Defendants further state that to the extent paragraph 169 refers to Practice Alert 95-1, issued by the American Institute of Certified Public Accountants, the Practice Alert speaks for itself. Defendants deny any characterizations of the Practice Alert that are inconsistent with its content.

170. Answering paragraph 170 of the Complaint, Defendants state that paragraph 170 consists of characterizations of the requirements of SEC Rules, which are legal conclusions and characterizations to which no response is required. To the extent the allegations in paragraph 170 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 170 of the Complaint.

171. Answering paragraph 171 of the Complaint, Defendants state that to the extent paragraph 171 refers to SEC Financial Reporting Release No. 36, the Financial Reporting Release speaks for itself. Defendants deny any characterizations of the Financial Reporting Release that are inconsistent with its content.

172. Answering paragraph 172 of the Complaint, Defendants state that paragraph 172 consists of characterizations of the requirements of GAAP and SEC Rules, which are legal conclusions and characterizations to which no response is required. To the extent the allegations in paragraph 172 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 172 of the Complaint.

173. Answering paragraph 173 of the Complaint, Defendants state that paragraph 173 consists of characterizations of the requirements of GAAP, which are legal conclusions and characterizations to which no response is required. To the extent the allegations in paragraph 173 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 173 of the Complaint.

174. Answering paragraph 174 of the Complaint, Defendants state that to the extent paragraph 174 refers to allegations based on statements made by CW-1, Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 174 about the information allegedly provided to Plaintiffs'

52

counsel by CW-1 and on that basis deny such allegations. Defendants further state that characterizations of the requirements of GAAP and SEC Rules are legal conclusions and characterizations to which no response is required. To the extent the allegations in paragraph 174 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 174 of the Complaint.

175. Answering paragraph 175 of the Complaint, Defendants state that to the extent paragraph 175 refers to allegations based on statements made by CW-1, Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 175 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 175 of the Complaint.

176. Answering paragraph 176 of the Complaint, Defendants state that paragraph 176 consists of legal arguments, conclusions, and characterizations, including of the requirements of GAAP and SEC Rules, to which no response is required. To the extent the allegations in paragraph 176 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 176 of the Complaint.

177. Answering paragraph 177 of the Complaint, Defendants admit that the Company held an earnings conference call on or about February 24, 2009. To the extent paragraph 177 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 177 of the Complaint.

178. Answering paragraph 178 of the Complaint, Defendants admit that the Company held an earnings conference call on or about April 29, 2009. To the extent paragraph 178 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording,

53

and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 178 of the Complaint.

179.    Answering paragraph 179 of the Complaint, Defendants admit that on or about June 24, 2009, the Company held an Analyst/Investor Meeting.  To the extent paragraph 179 refers to information from the audio recording of the Meeting, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 179 of the Complaint.

180.    Answering paragraph 180 of the Complaint, Defendants admit that on or about December 18, 2009, the Company held a Guidance Webcast for 2010.  To the extent paragraph 180 refers to information from the Webcast, Defendants admit that the Company disclosed the information contained in the Webcast, and deny any characterizations of the Webcast that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 180 of the Complaint.

181.    Answering paragraph 181 of the Complaint, Defendants admit that the Company held an earnings conference call on or about February 18, 2010.  To the extent paragraph 181 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 181 of the Complaint.

182.    Answering paragraph 182 of the Complaint, Defendants admit that on or about March 3, 2010, the CLSA AsiaUSA Forum took place.  To the extent paragraph 182 refers to information from the audio recording of the Forum, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 182 of the Complaint.

sf-3244538

183.   Answering paragraph 183 of the Complaint, Defendants admit that the Company held an earnings conference call on or about July 29, 2010.  To the extent paragraph 183 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 183 of the Complaint.

184.   Answering paragraph 184 of the Complaint, Defendants admit that the Company held an earnings conference call on or about July 29, 2010.  To the extent paragraph 184 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 184 of the Complaint.

185.   Answering paragraph 185 of the Complaint, Defendants admit that the Company held an earnings conference call on or about October 28, 2010.  To the extent paragraph 185 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 185 of the Complaint.

186.   Answering paragraph 186 of the Complaint, Defendants admit that that on or about January 24, 2011, the Company issued a press release titled "Southern Company and Ted Turner Energize Cimarron Solar Facility."  To the extent paragraph 186 refers to information that appears in the January 24, 2011 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the January 24, 2011 press release that are inconsistent with its content.  Except as

sf-3244538

expressly admitted, Defendants deny the allegations contained in paragraph 186 of the Complaint.

187. Answering paragraph 187 of the Complaint, Defendants admit that the Company held an earnings conference call on or about February 24, 2011. To the extent paragraph 187 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 187 of the Complaint.

188. Answering paragraph 188 of the Complaint, Defendants admit that the Company held an earnings conference call on or about May 3, 2011. To the extent paragraph 188 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 188 of the Complaint.

189. Answering paragraph 189 of the Complaint, Defendants admit that on or about August 8, 2011, a Pacific Crest Securities Technology Leadership Forum took place. To the extent paragraph 189 refers to information from the audio recording of the Forum, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 189 of the Complaint.

190. Answering paragraph 190 of the Complaint, Defendants admit that the Company held an earnings conference call on or about November 3, 2011. To the extent paragraph 190 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.

sf-3244538

Except as expressly admitted, Defendants deny the allegations in paragraph 190 of the Complaint.

191.    Answering paragraph 191 of the Complaint, Defendants state that paragraph 191 consists of legal arguments and conclusions to which no response is required.  Defendants further state that to the extent paragraph 191 consists of characterizations of GAAP and SEC Rules, such characterizations are legal arguments and conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 191.

192.    Answering paragraph 192 of the Complaint, Defendants admit that First Solar held an earnings conference call on or about February 28, 2012.  To the extent paragraph 192 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.  Defendants further state that to the extent paragraph 192 of the Complaint refers to information that appears in First Solar's 2011 Annual Report, the Company disclosed the information in the 2011 Annual Report, and deny any characterizations of the 2011 Annual Report that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 192 of the Complaint.

193.    Answering paragraph 193 of the Complaint, Defendants admit that on or about February 29, 2012, the Company issued its FY11 Form 10-K.  To the extent paragraph 193 refers to information from the filing, Defendants admit that the Company disclosed the information contained in the filing, and deny any characterizations of the filing that are inconsistent with its content.  Defendants further state that to the extent paragraph 193 of the Complaint refers to information that appears in First Solar's 2011 Annual Report, the Company disclosed the information in the 2011 Annual Report, and deny any characterizations of the 2011 Annual Report that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 193 of the Complaint.

57

sf-3244538

194.    Answering paragraph 194 of the Complaint, Defendants state that paragraph 194 consists of legal arguments and conclusions to which no response is required.  To the extent that the allegations in paragraph 194 are deemed factual allegations to which a response is required, Defendants admit that Credit Suisse issued a report regarding First Solar on or about February 29, 2012, which speaks for itself.  To the extent paragraph 194 of the Complaint refers to information that appears in the report, Defendants deny any characterizations of the report that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 194 of the Complaint.

195.    Answering paragraph 195 of the Complaint, Defendants admit that the Company held earnings conference calls throughout the putative class period.  To the extent paragraph 195 refers to information from the audio recordings of the conference calls, Defendants admit that the Company disclosed the information contained in the recordings, and deny any characterizations of the recordings that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 195 of the Complaint.

196.    Answering paragraph 196 of the Complaint, Defendants admit that the Company held an earnings conference call on or about February 18, 2010.  To the extent paragraph 196 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 196 of the Complaint.

197.    Answering paragraph 197 of the Complaint, Defendants admit that the Merrill Lynch Cleantech Leaders Conference took place on or about March 11, 2009.  To the extent paragraph 197 refers to information from the audio recording of the Conference, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with

58

sf-3244538

its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 197 of the Complaint.

198.    Answering paragraph 198 of the Complaint, Defendants admit that on or about June 24, 2009, First Solar held an Analyst/Investor Meeting.  To the extent paragraph 198 refers to information from the audio recording of the Meeting, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.  Defendants further state that they lack sufficient knowledge and information to form a belief regarding whether "analysts were keenly aware," and on that basis deny such allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 198 of the Complaint.

199.    Answering paragraph 199 of the Complaint, Defendants admit that the Company held an earnings conference call on or about August 4, 2011.  To the extent paragraph 199 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 199 of the Complaint.

200.    Answering paragraph 200 of the Complaint, Defendants admit that throughout the putative Class Period, the Company issued Forms 10-K and 10-Q that included disclosures regarding the "Evaluation of Disclosure Controls and Procedures."  To the extent paragraph 200 of the Complaint refers to information that appears in the Forms 10-K and 10-Q, Defendants admit that the Company disclosed the information in the Forms10-K and 10-Q and deny any characterizations of the Forms 10-K and 10-Q that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations in paragraph 200 of the Complaint.

201.    Answering paragraph 201 of the Complaint, Defendants state that paragraph 201 of the Complaint consists of legal arguments and conclusions to which no

59

sf-3244538

response is required.  To the extent the allegations in paragraph 201 are deemed factual allegations, Defendants deny the allegations in paragraph 201 of the Complaint.

202.   Answering paragraph 202 of the Complaint, Defendants state that paragraph 202 of the Complaint consists of legal arguments and conclusions to which no response is required.  Defendants further state that paragraph 202 is a characterization of the allegations of the Complaint to which no response is required.  To the extent the allegations in paragraph 202 are deemed factual allegations to which a response is required, Defendants admit that First Solar held earnings conference calls on or about (a) February 13, 2008; (b) February 24, 2009; and (c) April 29, 2009.  Defendants further admit that (d) First Solar held a guidance conference call on or about December 14, 2011. To the extent paragraph 202 refers to information from the audio recordings of the conference calls, Defendants admit that the Company disclosed the information in the calls, and deny any characterizations of the conference calls that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations in paragraph 202 of the Complaint.

203.   Answering paragraph 203 of the Complaint, Defendants state that paragraph 203 of the Complaint consists of legal arguments and conclusions to which no response is required.  Defendants further state that paragraph 203 is a characterization of the allegations of the Complaint to which no response is required.  To the extent the allegations in paragraph 203 are deemed factual allegations to which a response is required, Defendants admit that First Solar held an Analyst/Investor Meeting on or about June 24, 2009.  To the extent paragraph 203 refers to information from the audio recording of the meeting, Defendants admit that the Company disclosed the information in the meeting, and deny any characterizations of the meeting that are inconsistent with its content.   Except as expressly admitted, Defendants deny the allegations in paragraph 203 of the Complaint.

204.   Answering paragraph 204 of the Complaint, Defendants state that paragraph 204 of the Complaint consists of legal arguments and conclusions to which no

60

sf-3244538

response is required. Defendants further state that paragraph 204 is a characterization of the allegations of the Complaint to which no response is required.  To the extent the allegations in paragraph 204 are deemed factual allegations to which a response is required, Defendants admit that First Solar held earnings conference calls on or about (a) February 18, 2010; (b) April 28, 2010; (c) July 29, 2010; (e) October 28, 2010; and (f) August 4, 2011.  Defendants further admit that (d) the Citigroup Global Technology Conference took place on or about September 8, 2010.  To the extent paragraph 204 refers to information from the audio recordings of the conference calls or the Global Technology Conference, Defendants admit that the Company disclosed the information in the calls and at the conference, and deny any characterizations of the conference calls and/or conference that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations in paragraph 204 of the Complaint.

205.    Answering paragraph 205 of the Complaint, Defendants state that paragraph 205 of the Complaint consists of legal arguments and conclusions to which no response is required. Defendants further state that paragraph 205 is a characterization of the allegations of the Complaint to which no response is required.  To the extent the allegations in paragraph 205 are deemed factual allegations to which a response is required, Defendants admit that First Solar held earnings conference calls on or about (a) February 13, 2008; (b) April 30, 2008; (d) April 29, 2009;  and (g) February 18, 2010. Defendants further admit that (c) the Cleantech Leaders Conference took place on or about March 11, 2009; (e) an Analyst/Investor Meeting on June 24, 2009; (f) a Guidance Webcast took place on or about December 16, 2009; and (h) the CLSA AsiaUSA Forum took place on or about March 3, 2010.  To the extent paragraph 205 refers to information from the audio recordings of the conference calls, conferences, meeting, or webcast, Defendants admit that the Company disclosed the information in the calls, at the conferences, in the meeting, and on the webcast, and deny any characterizations that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations in paragraph 205 of the Complaint.

sf-3244538

206.   Answering paragraph 206 of the Complaint, Defendants state that paragraph 206 of the Complaint consists of legal arguments and conclusions to which no response is required.  Defendants further state that paragraph 206 is a characterization of the allegations of the Complaint to which no response is required.  To the extent the allegations in paragraph 206 are deemed factual allegations to which a response is required, Defendants admit that First Solar held earnings conference calls on or about (b) July 29, 2010; and (c) October 28, 2010.  Defendants further admit that an Analyst/Investor Meeting took place on or about (a) June 24, 2009.  To the extent paragraph 206 refers to information from the audio recordings of the conference calls and meeting, Defendants admit that the Company disclosed the information in the recordings, and deny any characterizations that are inconsistent with their content.  Except as expressly admitted, Defendants deny the allegations in paragraph 206 of the Complaint.

207.   Answering paragraph 207 of the Complaint, Defendants state that paragraph 207 of the Complaint consists of legal arguments and conclusions to which no response is required.  Defendants further state that paragraph 207 is a characterization of the allegations of the Complaint to which no response is required.  To the extent the allegations in paragraph 207 are deemed factual allegations to which a response is required, Defendants admit that the Company held an earnings conference call on or about November 3, 2011.  To the extent paragraph 207 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information in the recording, and deny any characterizations that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 207 of the Complaint.

208.   Answering paragraph 208 of the Complaint, Defendants state that paragraph 208 of the Complaint consists of legal arguments and conclusions to which no response is required.  Defendants further state that paragraph 208 is a characterization of the allegations of the Complaint to which no response is required.  To the extent the allegations in paragraph 208 are deemed factual allegations to which a response is

sf-3244538

required, Defendants admit that the Company held conference calls on or about December 14, 2010, and February 24, 2011. To the extent paragraph 208 refers to information from the audio recordings of the conference calls, Defendants admit that the Company disclosed the information in the recordings, and deny any characterizations that are inconsistent with their content. Except as expressly admitted, Defendants deny the allegations in paragraph 208 of the Complaint.

209. Answering paragraph 209 of the Complaint, Defendants state that paragraph 209 of the Complaint consists of legal arguments and conclusions to which no response is required. To the extent the allegations in paragraph 209 are deemed factual allegations to which a response is required, Defendants admit that the Company held an earnings conference call on or about July 29, 2010. To the extent paragraph 209 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information in the recording, and deny any characterizations of that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 209 of the Complaint.

210. Answering paragraph 210 of the Complaint, Defendants state that paragraph 210 consists of legal arguments and conclusions to which no response is required. To the extent the allegations are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 210 of the Complaint, except to state that the Individual Defendants signed various documents that First Solar filed with the SEC during the time they served as officers of First Solar, and SOX Certifications that were attached to those Forms 10-K and 10-Q. To the extent paragraph 210 of the Complaint refers to information that appears in those filings, Defendants deny any characterizations of the filings that are inconsistent with their content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 210 of the Complaint.

211. Answering paragraph 211 of the Complaint, Defendants state that paragraph 211 consists of legal arguments and conclusions to which no response is

63

required. To the extent the allegations are deemed factual allegations to which a response is required, Defendants state that information regarding trades executed by the Individual Defendants has been publicly disclosed on Forms 4, filed with the SEC. Defendants deny any allegations that are inconsistent with such publicly disclosed information. Except as expressly admitted, Defendants deny the allegations in paragraph 211 of the Complaint.

Answering the chart following paragraph 211 of the Complaint, Defendants state that information regarding trades executed by the Individual Defendants has been publicly disclosed on Forms 4, filed with the SEC. Defendants deny any allegations that are inconsistent with such publicly disclosed information.

Answering Exhibit A of the Complaint, Defendants state that information regarding trades executed by the Individual Defendants has been publicly disclosed on Forms 4, filed with the SEC. Defendants deny any allegations that are inconsistent with such publicly disclosed information.

212. Answering paragraph 212 of the Complaint, Defendants state that historical information regarding the prices and volume of trading of First Solar's common stock is publicly available and deny any allegations in paragraph 212 of the Complaint that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 212 of the Complaint.

213. Answering paragraph 213 of the Complaint, Defendants state that to the extent paragraph 213 refers to information regarding trades executed by the Individual Defendants, information regarding trades has been publicly disclosed on Forms 4, filed with the SEC, and deny any allegations that are inconsistent with such publicly disclosed information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 213 of the Complaint.

214. Answering paragraph 214 of the Complaint, Defendants admit that the CLSA AsiaUSA Forum took place on or about March 3, 2010. To the extent paragraph 214 refers to information from the audio recording of the Forum, Defendants admit that the Company disclosed the information contained in the recording, and deny any

64

sf-3244538

characterizations of the recording that are inconsistent with its content.   Defendants further state that to the extent paragraph 214 refers to information regarding trades executed by Mr. Ahearn and/or Mr. Meyerhoff, information regarding trades has been publicly disclosed on Forms 4 filed with the SEC.  Defendants deny any allegations that are inconsistent with such publicly disclosed information.  Except as expressly admitted, Defendants deny the allegations in paragraph 214 of the Complaint.

215.   Answering paragraph 215 of the Complaint, Defendants state that paragraph 215 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations are deemed factual allegations to which a response is required, Defendants admit that certain Individual Defendants sold First Solar stock, at times pursuant to Rule 10b5-1 trading plans, during the putative Class Period, as set forth and explained in the Individual Defendants' filings on SEC Forms 4 during the putative Class Period.  Defendants deny any allegations that are inconsistent with such publicly disclosed information.  Except as expressly admitted, Defendants deny the allegations in paragraph 215 of the Complaint.

216.   Answering paragraph 216 of the Complaint, Defendants state that paragraph 216 consists of a statement to which no response is required.

Answering the chart following paragraph 216 of the Complaint, Defendants state that they lack sufficient knowledge and information to form a belief regarding the data and methodology used by Plaintiffs to create the chart and on that basis deny the allegations contained in the chart following paragraph 216 of the Complaint.  Defendants further state that information regarding trades has been publicly disclosed on Forms 4, filed with the SEC, and deny any allegations that are inconsistent with such publicly disclosed information.  Except as expressly admitted, Defendants deny the allegations contained in the chart following paragraph 216 of the Complaint.

217.   Answering paragraph 217 of the Complaint, Defendants deny the allegations contained in paragraph 217 of the Complaint.

sf-3244538

218.    Answering paragraph 218 of the Complaint, Defendants admit that the 2010 annual bonus program included eight performance metrics: (i) total module watts produced, (ii) module conversion efficiency, (iii) module manufacturing cost per watt at the end of the fourth quarter, (iv) balance of systems cost per watt, (v) achievement of identified project development milestones (with points assigned to each milestone and a score assigned based on the number of milestones achieved), (vi) the timely "go live" of First Solar's enterprise resources planning system, (vii) the timely start-up of First Solar's fifth and sixth manufacturing plants in Kulim, Malaysia (referred to as KLM 5 and 6) and (viii) operating income.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 218 of the Complaint.

219.    Answering paragraph 219 of the Complaint, Defendants state that paragraph 219 consists of characterizations of GAAP and SEC Rules to which no response is required.  To the extent the allegations are deemed factual allegations to which a response is required, Defendants admit that on or about March 16, 2007, the Company issued its FY06 Form 10-K.  To the extent paragraph 219 of the Complaint refers to information that appears in the FY06 Form 10-K, Defendants admit that the Company disclosed the information in the FY06 Form 10-K, and deny any characterizations of the FY06 Form 10-K that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in paragraph 219 of the Complaint.

Answering footnote 38 of the Complaint, Defendants state that footnote 38 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations are deemed factual allegations to which a response is required, Defendants admit that on or about March 16, 2007, the Company issued its FY06 Form 10-K.  To the extent footnote 38 of the Complaint refers to information that appears in the FY06 Form 10-K, Defendants admit that the Company disclosed the information in the FY06 Form 10-K, and deny any characterizations of the FY06 Form 10-K that are inconsistent with its content.  Defendants further state that to the extent footnote 38 of the Complaint refers to information that appears in the PCAOB Auditing Standard,

66

Defendants deny any characterizations of the PCAOB Auditing Standard that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations in footnote 38 of the Complaint.

220.    Answering paragraph 220 of the Complaint, Defendants state that paragraph 220 consists of legal arguments, conclusions, and characterizations of the allegations in the Complaint to which no response is required.  To the extent the allegations are deemed factual allegations to which a response is required, Defendants deny the allegations in paragraph 220 of the Complaint.

221.    Answering paragraph 221 of the Complaint, Defendants state that paragraph 221 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations are deemed factual allegations to which a response is required, Defendants deny the allegations in paragraph 221 of the Complaint.

222.    Answering paragraph 222 of the Complaint, Defendants state that paragraph 222 consists of legal arguments, conclusions, and characterizations of the allegations in the Complaint to which no response is required.  To the extent the allegations are deemed factual allegations to which a response is required, Defendants admit that on or about July 29, 2010, the Company held an earnings conference call.  To the extent paragraph 222 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 222 of the Complaint.

223.    Answering paragraph 223 of the Complaint, Defendants admit that on or about July 29, 2010, the Company issued a press release titled "First Solar, Inc. Announces Second Quarter 2010 Financial Results."  To the extent paragraph 223 refers to information that appears in the July 29, 2010 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the July 29, 2010 press release that are inconsistent with its content.  Defendants

sf-3244538

further admit that the Company held an earnings conference call on or about July 29, 2010. To the extent paragraph 223 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 223 of the Complaint.

224.    Answering paragraph 224 of the Complaint, Defendants state that paragraph 224 of the Complaint consists of legal arguments, conclusions, and characterizations of the allegations in the Complaint to which no response is required. To the extent the allegations in paragraph 224 are deemed factual allegations to which a response is required, Defendants state that historical information regarding the prices and volume of trading of First Solar's common stock is publicly available and deny any allegations in paragraph 224 of the Complaint that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 224 of the Complaint.

Answering footnote 39 of the Complaint, Defendants state that footnote 39 consists of a statement to which no response is required. To the extent the allegations in footnote 39 are deemed factual allegations to which a response is required, Defendants admit that on or about February 29, 2012, the Company issued its Form 10-K for the year ending December 31, 2011. To the extent footnote 39 of the Complaint refers to information that appears in the FY11 10-K, Defendants deny any characterizations of the FY11 10-K that are inconsistent with its content.

225.    Answering paragraph 225 of the Complaint, Defendants state that paragraph 225 of the Complaint consists of legal arguments and conclusions to which no response is required. To the extent the allegations in paragraph 225 are deemed factual allegations to which a response is required, Defendants admit that the Company held an earnings conference call on or about July 29, 2010. To the extent paragraph 225 refers to information from the audio recording of the conference call, Defendants admit that the

68

sf-3244538

Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Defendants further state that, to the extent the allegations in paragraph 225 are based on allegations put forth by CW-1, Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 225 about the information allegedly provided to Plaintiffs' counsel by CW-1 and on that basis deny such allegations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 225 of the Complaint.

226.    Answering paragraph 226 of the Complaint, Defendants state that paragraph 226 of the Complaint consists of legal arguments, conclusions, and characterizations of the allegations in the Complaint to which no response is required. To the extent the allegations in paragraph 226 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 226 of the Complaint.

227.    Answering paragraph 227 of the Complaint, Defendants admit that the Company held an earnings conference call on or about October 25, 2010. To the extent paragraph 227 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations that are inconsistent with its content. Defendants further admit that historical information regarding the price of First Solar's common stock is publicly available and deny any allegations in paragraph 227 of the Complaint that are inconsistent with such historical information. Defendants state that the remaining allegations of paragraph 227 consist of legal arguments and conclusions to which no response is required. To the extent the allegations in paragraph 227 are deemed factual allegations to which a response is required, Defendants deny the remaining allegations contained in paragraph 227 of the Complaint. Except as expressly admitted, Defendants deny the allegations contained in paragraph 227 of the Complaint.

69

sf-3244538

228.   Answering paragraph 228 of the Complaint, Defendants admit that the Company held an earnings conference call on or about February 24, 2011.  To the extent paragraph 228 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Defendants state that historical information regarding the price of First Solar's common stock is publicly available and deny any allegations in paragraph 228 of the Complaint that are inconsistent with such historical information.  Defendants further state that the remaining allegations of paragraph 228 consist of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 228 are deemed factual allegations to which a response is required, Defendants deny the remaining allegations contained in paragraph 228 of the Complaint.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 228 of the Complaint.

229.   Answering paragraph 229 of the Complaint, Defendants admit that on or about May 3, 2011, the Company issued a press release announcing first quarter 2011 financial results.  To the extent paragraph 229 refers to information that appears in the May 3, 2011 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the May 3, 2011 press release that are inconsistent with its content.  Defendants state that historical information regarding the price of First Solar's common stock is publicly available and deny any allegations in paragraph 229 of the Complaint that are inconsistent with such historical information. Defendants further state that the remaining allegations of paragraph 229 consist of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 229 are deemed factual allegations to which a response is required, Defendants deny the remaining allegations contained in paragraph 229 of the Complaint.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 229 of the Complaint.

70

230.   Answering paragraph 230 of the Complaint, Defendants admit that on or about October 25, 2011, the Company issued a press release announcing Mr. Gillette's departure, and Mr. Ahearn's appointment as Interim CEO.  To the extent paragraph 230 refers to information that appears in the October 25, 2011 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the October 25, 2011 press release that are inconsistent with its content.  Defendants further state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations regarding what "press reports indicated" in the second sentence of paragraph 230 of the Complaint and on that basis deny such allegations.  Defendants further admit that the Company held an earnings conference call on or about November 3, 2011.  To the extent paragraph 230 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content.  Defendants further state that historical information regarding the price and trading volume of First Solar's common stock is publicly available and deny any allegations in paragraph 230 of the Complaint that are inconsistent with such historical information.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 230 of the Complaint.

231.   Answering paragraph 231 of the Complaint, Defendants admit that on or about October 25, 2011, Morgan Stanley, Deutsche Bank, and Credit Suisse issued reports on First Solar, which documents speak for themselves.  To the extent the allegations in paragraph 231 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 231 of the Complaint.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 231 of the Complaint.

232.   Answering paragraph 232 of the Complaint, Defendants admit that the Company held an earnings conference call on or about November 3, 2011.  To the extent paragraph 232 refers to information from the audio recording of the conference call,

71

sf-3244538

Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations of the recording that are inconsistent with its content. Defendants state that the remaining allegations of paragraph 232 consist of legal arguments and conclusions to which no response is required. To the extent the allegations in paragraph 232 are deemed factual allegations to which a response is required, Defendants deny the remaining allegations contained in paragraph 232 of the Complaint.

233. Answering paragraph 233 of the Complaint, Defendants admit that on or about December 14, 2011, the Company issued a press release updating 2011 financial guidance and announcing 2012 financial guidance. To the extent paragraph 233 refers to information that appears in the December 14, 2011 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the December 14, 2011 press release that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 233 of the Complaint.

234. Answering paragraph 234 of the Complaint, Defendants state that paragraph 234 consists of legal arguments and conclusions to which no response is required. To the extent the allegations in paragraph 234 are deemed factual allegations to which a response is required, Defendants state that (a) historical information regarding the price of First Solar's common stock is publicly available and Defendants deny any allegations in paragraph 234 of the Complaint that are inconsistent with such historical information; and (b) the Company held a guidance conference call on or about December 14, 2011. To the extent paragraph 234 refers to information from the audio recording of the conference call, Defendants admit that the Company disclosed the information contained in the recording, and deny any characterizations that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 234 of the Complaint.

72

235.    Answering paragraph 235 of the Complaint, Defendants admit that on or about February 28, 2012, the Company issued a press release regarding its financial results for the fourth quarter and fiscal year ended December 31, 2011.  To the extent paragraph 235 refers to information that appears in the February 28, 2012 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the February 28, 2012 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 235 of the Complaint.

236.    Answering paragraph 236 of the Complaint, Defendants admit that on or about February 28, 2012, the Company issued a press release regarding its financial results for the fourth quarter and fiscal year ended December 31, 2011.  To the extent paragraph 236 refers to information that appears in the February 28, 2012 press release, Defendants admit that the Company disclosed the information in that press release and deny any characterizations of the February 28, 2012 press release that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 236 of the Complaint.

237.    Answering paragraph 237 of the Complaint, Defendants admit that *Bloomberg News* published an article on or about February 29, 2012, regarding First Solar's 4Q11 financial results, which speaks for itself.  To the extent paragraph 237 of the Complaint refers to information that appears in the *Bloomberg News* article, Defendants deny any characterizations of the article that are inconsistent with its content.  Defendants further admit that the *Wall Street Journal* published an article on or about February 29, 2012, regarding First Solar's 4Q11 financial results, which speaks for itself.  To the extent paragraph 237 of the Complaint refers to information that appears in the *Wall Street Journal* article, Defendants deny any characterizations of the article that are inconsistent with its content.  Defendants further admit that on or about February 29, 2012, Credit Suisse released a report on First Solar, which speaks for itself.  Defendants deny any characterizations of the report that are inconsistent with its content.  Except as

73

expressly admitted, Defendants deny the allegations contained in paragraph 237 of the Complaint.

238.    Answering paragraph 238 of the Complaint, Defendants state that historical information regarding the prices and volume of trading of First Solar's common stock is publicly available and deny any allegations in paragraph 238 of the Complaint that are inconsistent with such historical information.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 238 of the Complaint.

239.    Answering paragraph 239 of the Complaint, Defendants admit that on or about March 2, 2012, Credit Suisse issued a report on First Solar, which speaks for itself. To the extent paragraph 239 of the Complaint refers to information that appears in the Credit Suisse report, Defendants deny any characterizations of the report that are inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 239 of the Complaint.

240.    Answering paragraph 240 of the Complaint, Defendants state that the historical information regarding the prices and volume of trading of First Solar's common stock is publicly available and deny any allegations in paragraph 240 of the Complaint that are inconsistent with such historical information.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 240 of the Complaint.

241.    Answering paragraph 241 of the Complaint, Defendants state that paragraph 241 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 241 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 241 of the Complaint.

242.    Answering paragraph 242 of the Complaint, Defendants admit that on or about April 11, 2012, Standard & Poor's issued a report on First Solar, which speaks for itself.  To the extent paragraph 242 of the Complaint refers to information that appears in the Standard & Poor's report, Defendants deny any characterizations of the report that are

74

sf-3244538

inconsistent with its content.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 242 of the Complaint.

243.    Answering paragraph 243 of the Complaint, Defendants state that paragraph 243 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 243 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 243 of the Complaint.

244.    Answering paragraph 244 of the Complaint, Defendants state that paragraph 244 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 244 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 244 of the Complaint.

245.    Answering paragraph 245 of the Complaint, Defendants state that paragraph 245 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 245 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 245 of the Complaint.

246.    Answering paragraph 246 of the Complaint, Defendants state that paragraph 246 of the Complaint consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 246 are deemed factual allegations to which a response is required, Defendants state that (a) Defendants lack information sufficient to form a belief as to whether the market for First Solar's common stock was an efficient market; (b) First Solar common stock was traded on the NASDAQ during the putative Class Period; (c) First Solar filed periodic reports with the SEC; and (d) First Solar communicated with public investors through the dissemination of press release and other public disclosures, including communications with the financial press and securities analysts.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 246 of the Complaint.

sf-3244538

247.   Answering paragraph 247 of the Complaint, Defendants state that paragraph 247 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 247 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 247 of the Complaint.

248.   Answering paragraph 248 of the Complaint, Defendants state that the first two sentences of paragraph 248 consist of legal arguments and conclusions to which no response is required.  To the extent the allegations contained in the first two sentences of paragraph 248 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 248 of the Complaint.  As to the third sentence, Defendants state that certain historical information regarding the Company's common stock during the putative Class Period is publicly available and deny any allegations in paragraph 248 of the Complaint that are inconsistent with such historical information.

249.   Answering paragraph 249 of the Complaint, Defendants state that paragraph 249 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 249 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 249 of the Complaint.

250.   Answering paragraph 250 of the Complaint, Defendants state that paragraph 250 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 250 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 250 of the Complaint.

251.   Answering paragraph 251 of the Complaint, Defendants state that paragraph 251 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 251 are deemed factual allegations to

76

which a response is required, Defendants deny the allegations contained in paragraph 251 of the Complaint.

252.    Answering paragraph 252 of the Complaint, Defendants state that paragraph 252 consists of legal arguments and conclusions to which no response is required.  To the extent the allegations in paragraph 252 are deemed factual allegations to which a response is required, Defendants deny the allegations contained in paragraph 252 of the Complaint.

253.    Answering paragraph 253 of the Complaint, Defendants incorporate by reference their answers to paragraphs 1 through 252 of the Complaint.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 253 of the Complaint.

254.    Answering paragraph 254 of the Complaint, Defendants state that paragraph 254 of the Complaint consists of legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 254 of the Complaint.

255.    Answering paragraph 255 of the Complaint, Defendants state that paragraph 255 of the Complaint consists of legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 255 of the Complaint.

256.    Answering paragraph 256 of the Complaint, Defendants state that paragraph 256 of the Complaint consists of legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 256 of the Complaint.

257.    Answering paragraph 257 of the Complaint, Defendants incorporate by reference their answers to paragraphs 1 through 256 of the Complaint.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 257 of the Complaint.

sf-3244538

258.    Answering paragraph 258 of the Complaint, Defendants state that paragraph 258 of the Complaint consists of legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 258 of the Complaint.

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief that appears on page 133 of the Complaint.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues upon which trial by jury may be had.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Reliance on Others)

Plaintiffs' claims are barred in whole or in part because the alleged misrepresentations or omissions were based on good faith and reasonable reliance upon the work, opinions, information, representations, and advice of others upon whom Defendants were entitled to rely.

### SECOND AFFIRMATIVE DEFENSE

### (Intervening or Superseding Acts of Third Parties)

Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom Defendants had no control.  The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

### (Publicly Available Information)

Plaintiffs' claims are barred in whole or in part because the matters stated to be the subject of misrepresentations and/or omissions were publicly disclosed and/or were in the public domain, and as such, were available to Plaintiffs and/or the securities market.

78

sf-3244538

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Justifiable Reliance)

Plaintiffs' claims are barred in whole or in part because Plaintiffs did not purchase or sell any securities in reasonable or justifiable reliance on any representation, act, or omission by Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Right to Rebut Presumption of Reliance)

Plaintiff and individual members of the putative class may have purchased stock based on factors other than simply in reliance on information incorporated in the stock price, and Defendants reserve the right to rebut, for each and every putative class member, any presumption of reliance.

## SIXTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs knew that the purchase of First Solar securities involved risk and voluntarily assumed such risk.

## SEVENTH AFFIRMATIVE DEFENSE

### (Other Factors Affecting Market Price)

Defendants are not liable to Plaintiffs because any depreciation in the market price of First Solar securities resulted from factors other than the conduct or statements attributed to Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs have failed to fulfill their duty to mitigate, reduce, or otherwise avoid the stated damages, and Plaintiffs are therefore barred from recovering such damages, if any.

sf-3244538

## NINTH AFFIRMATIVE DEFENSE

### (Proportional Allocation of Fault)

Any damages or loss must be reduced, diminished, and/or eliminated under the proportionate liability provisions of section 21D(f) of the Exchange Act to reflect only each Defendants' percentage of responsibility.

## TENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiffs' claims for damages are barred, in whole or in part, because the stated damages, if any, are speculative and because ascertainment and allocation of the stated damages is impossible.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Plaintiffs' claims are barred in whole or in part by the fact that the alleged misstatements and omissions made by Defendants, including but not limited to the alleged statements and omissions identified in Defendants' motion to dismiss the Complaint (ECF No. 157, Ex. B), are forward-looking statements that fall within the "Safe Harbor" provisions of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (Dec. 22, 1995), codified in relevant part at 15 U.S.C. § 78u-4 *et seq.*

## TWELFTH AFFIRMATIVE DEFENSE

### (Bespeaks Caution)

Plaintiffs' claims are barred in whole or in part by the fact that the alleged misstatements and omissions made by Defendants fall within the "bespeaks caution" doctrine.

80

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Materiality)

Defendants are not liable to Plaintiffs because any stated misrepresentations or omissions for which Defendants are allegedly responsible were not material.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

Plaintiffs' claims are barred, in whole or in part, on the grounds that Defendants had no duty to disclose information allegedly omitted in First Solar's public statements, Defendants had no duty to update information that was truthful and accurate when made, and/or Defendants had no duty to correct information that they reasonably believed was truthful and accurate when made.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Impact on Market Price)

Plaintiffs' claims against Defendants are barred, in whole or in part, because the purported misstatements or omissions stated in the Complaint that are attributed to Defendants did not affect the market price of First Solar securities and/or an insufficient number of traders in First Solar securities relied on the stated false and misleading statements, acts or omissions to affect the market price of those securities.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiffs' claims under section 20(a) of the Exchange Act are barred in whole or in part because Defendants acted at all times in good faith and did not directly or

81

sf-3244538

indirectly induce any act or acts alleged to constitute a violation of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Culpable Participation)

Plaintiffs' claims under section 20(a) of the Exchange Act are barred, in whole or in part, because Defendants were not culpable participants in any act or acts alleged to constitute a violation of law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Release)

Plaintiffs' claims are barred in whole or in part because Plaintiffs have released, settled, and/or entered into an accord and satisfaction of, or otherwise compromised their claims.  Plaintiffs' claims are barred in whole or in part by a release executed by Plaintiffs in favor of Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Res Judicata)

Plaintiffs' claims are barred in whole or in part by the doctrines of res judicata, collateral estoppel, claim preclusion, and/or issue preclusion.

**WHEREFORE**, Defendants seek judgment:

    A.    dismissing all claims against Defendants;

    B.    awarding the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

    C.    granting such other and further relief as this Court may deem just and proper.

Dated:  January 29, 2013

82

sf-3244538

By:  *s/ Anna Erickson White*

Jordan Eth
Anna Erickson White
MORRISON & FOERSTER LLP
425 Market Street, 32nd Floor
San Francisco, California 94105-2482

OSBORN MALEDON, P.A.
Maureen Beyers
2929 N. Central Ave.
Phoenix, AZ 85012

Attorneys for Defendants
First Solar, Inc., Michael J. Ahearn,
Robert J. Gillette, Mark R. Widmar,
Jens Meyerhoff, James Zhu, Bruce Sohn,
and David Eaglesham

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2013, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ Andrea M. Vickery

sf-3244538