**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, et al., | No. CV-12-00555-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| First Solar Incorporated, et al., | |
| Defendants. | |

Pursuant to the Court's directions during the discovery conference call held on October 22, 2014 (Doc. 236), the parties have provided the Court with a matrix setting forth their positions with respect to requests for production and subpoenas served by Plaintiffs. This order will set forth the Court's rulings.

The Court must say that when it directed the parties to confer and narrow issues, and then present their positions in a matrix, it did not anticipate 72 single-spaced pages. There is much duplication in the matrix. In the future, the parties should make their arguments more succinctly.

RFP 52: The Court ruled at the October 22, 2014 conference that Plaintiffs' requests were not untimely.

The Court is not persuaded by Defendants' predictive coding argument. The requested documents relate to a discrete time period and a specific subject – the departure of Robert Gillette. Defendants have not explained why a search for such documents requires the use of predictive coding to search 22 million pages of documents. Nor have Defendants provided any concrete information concerning the cost or effort to "retrain"

1    the predictive coding tool even if it was to be used.  The Court cannot accept the

2    proposition that Defendants' use of predictive coding effectively confines Plaintiffs'

3    document discovery to initial requests for production.

4         Nor can the Court conclude that the requested documents are irrelevant.  Plaintiffs

5    make a loss causation argument that appears to be something like this:  "the fraud caused

6    Gillette's ouster and the ouster caused a 25% market drop, therefore the fraud caused the

7    market drop."  Whether or not this is a viable loss causation theory is not sufficiently

8    briefed for the Court to decide, but the Court does find that documents related to

9    Gillette's ouster may be probative of his mental state (an issue because he is a Defendant

10   in this case) and alleged false statements concerning what was happening within the

11   company during the critical period when he departed.

12        Defendants shall produce the documents called for by this request.

13        RFPs 53, 54, 55, 56(c)-(f), 57, 58, 59, 60, 62:  Defendants demonstrate that these

14   requests are duplicative of previous requests served by Plaintiffs and responded to by

15   Defendants.  *See* Doc. 244-1 at 66-71 nn. 1-8.  These requests seek documents related to

16   particular quarterly financial disclosures or other earnings guidance provided by First

17   Solar, as well as press releases and earnings conference calls associated with specific

18   quarterly reports.  And yet Plaintiffs previously requested "[a]ll documents concerning

19   First Solar that were publicly disseminated, including drafts, *and all communications*

20   *related thereto*, including: (a) all *press releases*, annual reports, *quarterly reports*, proxy

21   materials and *other materials* sent to First Solar security holders or to any financial

22   institutions, analysts, broker-dealers or investment banks; (b) all recordings, transcripts or

23   summaries of electronic media broadcasts, including *conference calls* and interviews

24   with, or statements by, First Solar officers, directors or employees, concerning First

25   Solar; and (c) *all print media clippings and reproductions concerning First Solar*."

26   Doc. 244-1 at 68-69 n. 2 (RFP No. 34; emphasis added).  The new requests also seek all

27   documents related to the market's reaction to the quarterly reports.  The quarters at issue

28   are 2Q-10, 3Q-10, 4Q-10, 1Q-11, 3Q-11, and 4Q-11, with the first quarterly disclosure

(2Q-10) having been made on July 29, 2010, and the last (4Q-11) on February 28, 2012. The guidance was provided on December 14, 2011.  And yet Plaintiffs previously sought "[a]ll documents regarding First Solar's share price, market capitalization and the value of options or any other First Solar securities, *including documents concerning price movements in First Solar common stock* from July 29, 2010 to July 30, 2010, October 28, 2010 to October 29, 2010, February 24, 2011 to February 28, 2011, May 3, 2011 to May 4, 2011, October 25, 2011 to October 26, 2011, November 4, 2011 to November 5, 2011, December 14, 2011 to December 15, 2011, February 28, 2012 to February 29, 2012, and all investor relations documents and communications that concern the allegations in the Complaint."   Doc. 244-1 at 68 n. 4 (RFP No. 37; emphasis added).

Plaintiffs assert that Defendants' responses to their previous requests were subject to objections, but do not dispute Defendants' assertion that those objections were made in December of 2013 and have not been challenged by Plaintiffs in the intervening 11 months.   Nor do Plaintiffs dispute Defendants' assertion that the parties met and conferred about the objections in 2013, or that Defendants' shared with Plaintiffs the sets of documents Defendants were using to train their predictive coding tool to locate documents responsive to Plaintiffs' previous requests and accepted input from Plaintiffs on how to code documents used to train the predictive coding software.  These efforts were designed to ensure that the software would identify documents responsive to Plaintiffs' previous requests. *See* Doc. 196-1.

The Court concludes that Defendants took significant steps to produce all documents called for by Plaintiffs' previous requests, including the technology assisted review of 22 million pages of documents and the eventual production of 2.5 million pages.   These efforts were made with input from Plaintiffs on how best to train the predictive coding software to locate relevant and responsive documents. *Id.*  Although Defendants objected to some portions of the previous requests, more than 11 months have passed without a challenge to those objections.  The Court will not require Defendants to produce additional documents in response to these requests.

1    RFP 60 seeks "[a]ll documents concerning any actual, potential or possible impact

2    from any Defect on First Solar's revenues, sales, or other financial results or operations,"

3    a very broad request covered by Plaintiffs' previous requests.

4    RFP 62 seeks "[a]ll communications between Defendants and First Solar's

5    customers or vendors regarding First Solar modules or any Defect, including documents

6    concerning such communications," another very broad request covered by Plaintiffs'

7    previous requests.

8    RFP 56(a)-(b):   The Court concludes that documents reflecting a connection

9    between relevant defects and selling price or ASP in 1Q-11 are relevant.  The Court does

10    not agree, however, that "all documents" related to the selling price or ASP, or to the

11    disclosures identified in subpart (b), are relevant.

12    The complaint identifies specific categories of defects and manufacturing

13    problems related to the alleged fraud.  The Court is not persuaded that discovery into

14    every possible defect can be said to be relevant to Plaintiffs' claims as required by

15    Rule 26(b)(1).

16    Defendants assert that "any document that discusses a linkage between the

17    relevant defects and selling price has already been produced."  Doc. 244-1 at 30.  If

18    Defendants have made this statement in a formal Rule 34 response, no further action is

19    needed.   If they have not made this affirmative statement, they should by the date

20    provided below.  If Defendants are unable to make the statement, they must conduct a

21    search for documents that will enable them to make the statement in a Rule 34 response.

22    RFP 61:   This request broadly seeks "[a]ll documents and communications

23    regarding" Adler Solar Services GmbH, which First Solar hired to remediate the LPM

24    issue.  Defendants respond that they have searched for documents related to LPM, which

25    include 5,000 documents that refer or relate to Adler, but they do not assert that they have

26    searched for documents related to Adler.  The Court will not require Defendants to

27    produce all documents and communications related to Adler, or all documents and

28    communications related to LPM, but will require Defendants to produce documents and

- 4 -

communications related to both Adler and remediation of the LPM issue, a somewhat narrower request than Plaintiffs'.

RFP 63:  This request seeks "[a]ll documents concerning any Company-specific information released to the market that First Solar contends impacted the price of First Solar common stock on [various specific dates]."  Defendants respond that they have produced all documents responsive to this request.  Plaintiffs ask the Court to preclude Defendants from using any documents not included in Defendants' disclosures to date. The Court cannot rule on the preclusion of evidence without addressing factors specific to that evidence, and therefore will deny Plaintiffs' request.  *See*, *e.g.*, Fed. R. Civ. P. 37(c),(d), (e).

Subpoena Request 1:  The Court does not agree with Defendants' assertion that Plaintiffs are precluded from obtaining document discovery from directors because Plaintiffs failed to identify them as additional custodians of documents sought from First Solar.  Plaintiffs seek documents in the directors' personal possession.  The Court instructed the parties to treat the subpoenas served on the directors as Rule 34 requests to streamline the process of dispute resolution and the production of documents, not to suggest that Plaintiffs should have conducted all subpoena discovery through Rule 34 requests made early in the case.[1]

The Court will require Defendants to respond to Request 1 for the same reasons described above with respect to RFP 52.

The Court will require Defendants to respond to Requests 2, 5, and 6 because they seek relevant information.

Request 3 is plainly overbroad and seeks much that would not be relevant to this case.  Defendants shall produce documents and communications in the Directors'

---

[1] If the parties had proceeded by subpoenas, the possibility exists that disputes would be brought before judges in locations were the directors reside. Fed. R. Civ. P. 45(d)(1).  Those disputes could have been (and, in the Court's view, would have been) transferred to this Court under Rule 45(f).  The Court's directive to treat the subpoenas as Rule 34 requests and raise issues directly with the Court was intended to save the time and effort of such round-about procedures.

1    personal possession regarding CPW, First Solar's stock declines on the dates enumerated

2    in the Third RFP, Request No. 63, stock sales by the responding director, compensation

3    paid by First Solar to the responding director, First Solar's warranty accounting and

4    reserving, and First Solar's compliance with GAAP.

5        Request 4 is plainly overbroad and seeks much that is not relevant to this case.

6    Plaintiffs propose no narrowing of that request.   Defendants need not respond to

7    Request 4.

8        Defendants shall comply with this order on or before **December 19, 2014**.

9        Dated this 20th day of November, 2014.

10

11

12

13    _____
            David G. Campbell
            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28