ROBBINS GELLER RUDMAN & DOWD LLP
Michael J. Dowd (CA SBN 135628) (Admitted *pro hac vice*)
Daniel S. Drosman (CA SBN 200643) (Admitted *pro hac vice*)
Jason A. Forge (CA SBN 181542) (Admitted *pro hac vice*)
Luke O. Brooks (CA SBN 212802) (Admitted *pro hac vice*)
Cody R. LeJeune (CA SBN 249242) (Admitted *pro hac vice*)
Darryl J. Alvarado (CA SBN 253213) (Admitted *pro hac vice*)
Christopher D. Stewart (CA SBN 270448) (Admitted *pro hac vice*)
Lonnie A. Browne (CA SBN 293171) (Admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
miked@rgrdlaw.com
dand@rgrdlaw.com
jforge@rgrdlaw.com
lukeb@rgrdlaw.com
clejeune@rgrdlaw.com
dalvarado@rgrdlaw.com
cstewart@rgrdlaw.com
lbrowne@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Bruce Sohn and David Eaglesham,<br><br>                              Defendants. | No. 2:12-cv-00555-DGC<br><br>CLASS ACTION<br><br>PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANTS' FIRST THROUGH SIXTEENTH, AND NINETEENTH THROUGH TWENTIETH AFFIRMATIVE DEFENSES<br><br>ORAL ARGUMENT REQUESTED |

1015763_1

Pursuant to Federal Rule of Civil Procedure 56(a), plaintiffs hereby move for partial summary judgment as to defendants' affirmative defense nos. 1-16 and 19-20.

## I.      INTRODUCTION

Defendants' Answer to plaintiffs' First Amended Complaint for Violation of the Federal Securities Laws ("Answer") (Dkt. No. 123) includes 20 affirmative defenses comprised of conclusory statements and denials of wrongdoing.  Defendants' Response to Lead Plaintiff Mineworkers' Pension Scheme's Second Set of Interrogatories ("Response"),[1] which required defendants to state the factual and legal bases for each of their pleaded affirmative defenses, fails to provide the required support for the assertion of defendants' affirmative defenses.  Indeed, with respect to six of the 20 affirmative defenses, defendants *admit* in their Response that they are not aware of facts supporting such defenses.[2]  Further, defendants disclaimed in their Response any intent to pursue 12 of their 20 defenses on the theory that they are not affirmative defenses but are, rather, negative defenses that do not form a separate affirmative defense.[3]  Accordingly, plaintiffs request that the Court grant summary judgment with respect to 18 of defendants' 20 affirmative defenses.

## II.     PROCEDURAL HISTORY

In response to plaintiffs' Amended Complaint, defendants filed their Answer, which set forth 20 affirmative defenses.[4]  Thereafter, plaintiffs, in an effort to obtain defendants' factual support for their pleaded affirmative defenses, requested that defendants produce a

---

[1]   Attached as Exhibit A hereto.

[2]   These six affirmative defenses are nos. 6, 8-9, 15, 19-20.

[3]   These 12 affirmative defenses are nos. 1-5, 7, 10-14, 16.

[4]   Defendants' affirmative defenses include: First – Reliance on Others; Second – Intervening or Superseding Acts of Third Parties; Third – Publicly Available Information; Fourth – Lack of Justifiable Reliance; Fifth – Right to Rebut Presumption of Reliance; Sixth – Assumption of Risk; Seventh – Other Factors Affecting Market Price; Eighth – Failure to Mitigate Damages; Ninth – Proportional Allocation of Fault; Tenth – Speculative Damages; Eleventh – Safe Harbor; Twelfth – Bespeaks Caution; Thirteenth – Materiality; Fourteenth – No Breach of Duty; Fifteenth – Statute of Limitations; Sixteenth – Lack of Impact on Market Price; Seventeenth – Good Faith; Eighteenth – Lack of Culpable Participation; Nineteenth – Release; and Twentieth – Res Judicata.

- 1 -

witness to testify pursuant to Fed. R. Civ. P. 30(b)(6) regarding the "factual basis for each of the affirmative defenses asserted" in their Answer. *See* Notice of Deposition of First Solar Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), at 10. In response, defendants refused to provide a witness to testify on this topic, instead proposing that the information be provided by defendants in the form of a contention interrogatory response. The parties met and conferred in an attempt to reach an agreement on this topic, but were unable to resolve their differences. As a result, the parties submitted competing arguments in a Court-ordered matrix, which was filed on January 8, 2015. *See* Dkt. No. 262. In their section of the matrix, defendants stated "if plaintiffs intend to pursue discovery into these matters, they should do so by interrogatory." *See* Matrix submitted on January 8, 2015 at 21. On January 8, 2015, the Court ordered defendants to provide the factual bases supporting their affirmative defenses in the form of contention interrogatory responses, concluding that "responses to contention interrogatories are clearly a more efficient and cost-effective method of learning the factual basis for the affirmative defenses." January 8, 2015 Order, Dkt. No. 264.

On March 13, 2015, defendants served their Response. The Response failed to provide the required factual and legal bases supporting 18 of defendants' 20 pleaded affirmative defenses. Specifically, with respect to defendants' affirmative defense nos. 6, 8-9, 15 and 19-20, defendants stated that they "are not currently aware of facts" supporting the defenses. Moreover, with respect to defendants' affirmative defense nos. 1-5, 7, 10-14, and 16, defendants stated that the pleaded defenses, in fact, do "not form" or "constitute" an "affirmative defense." Defendants provided no facts in support of any of these defenses. For these reasons, summary judgment must be entered on defendants' affirmative defense nos. 1-16 and 19-20.

## III.    LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery, and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines

- 2 -

whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559-60, (2006). Moreover, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

"[A] court may grant a summary judgment in favor of a plaintiff regarding a defendant's affirmative defenses." *D.E. Shaw Laminar Portfolios, LLC v. Archon Corp*., 570 F. Supp. 2d 1262, 1271 (D. Nev. 2008) (citing *Dam v. Gen'l Elec. Co*., 265 F.2d 612, 614 (9th Cir. 1958)*; Geurin v. Winston Indus., Inc*., 316 F.3d 879, 881 (9th Cir. 2002)). As this Court has recognized, summary judgment as to a defendant's affirmative defense is appropriate where defendant fails to produce evidence in support of the affirmative defense. *See Bernal v. Daewoo Motor Am., Inc.*, No. CV09-1502 PHX-DGC, 2011 U.S. Dist. LEXIS 58918, at *27 (D. Ariz. June 2, 2011) (Campbell, J.).

## IV.   ARGUMENT

Defendants improperly included 18 affirmative defenses in their Answer and Response that are either void of factual and legal support. Additionally, although the Court ordered defendants to provide factual support for their affirmative defenses in the form of interrogatory responses, they have evaded their obligation to do so, instead flipping the affirmative defense burden on its head by claiming that certain alleged affirmative defenses are simply elements of plaintiffs' claims that plaintiffs must prove. Defendants' skewed position and their refusal to provide evidence and legal bases supporting their affirmative defenses puts plaintiffs at a significant disadvantage in this litigation and prejudices plaintiffs' efforts to prepare this case for trial. Accordingly, summary judgment should be granted with regard to the affirmative defenses discussed below.

### A.   Summary Judgment Should be Granted For Affirmative Defenses Which Defendants Concede Have No Factual or Legal Support

Defendants assert six affirmative defenses for which they admit they have no supportive facts. Because defendants have no facts supporting these defenses, summary

- 3 -

1015763_1

judgment must be granted. *See Bernal*, 2011 U.S. Dist. LEXIS 58918, at *27 (granting summary judgment as to defendants' affirmative defense where defendant "has presented no evidence" supporting the defense); *see also* Fed. R. Civ. P. 56(a) (summary judgment is proper where the pleadings, discovery, and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

For the six affirmative defenses listed below, defendants confirm that no facts support their allegations:

- Sixth – Assumption of Risk: "Defendants are currently not aware of facts supporting an assumption of risk defense as to the named plaintiffs." Response, at 5.

- Eighth – Failure to Mitigate Damages: "Defendants are not currently aware of facts supporting a failure to mitigate damages defense as to the named plaintiffs." Response, at 5.

- Ninth – Proportional Allocation of Fault: "Defendants state that it is premature to require Defendants to state facts supporting this defense." Response, at 6.

- Fifteenth – Statute of Limitations: "Defendants are not currently aware of facts supporting a statute of limitations defense . . . ." Response, at 8.

- Nineteenth – Release: "Defendants are not currently aware of facts supporting a release defense as to the named plaintiffs." Response, at 12.

- Twentieth – Res Judicata: "Defendants are not currently aware of facts supporting this defense as to the named plaintiffs." Response, at 12.

Because defendants admit that there are no "'no specific facts showing that there is a genuine issue for trial'" on these defenses, summary judgment on the Sixth, Eighth, Ninth, Fifteenth, Nineteenth, and Twentieth affirmative defenses must be granted. *Best Western Int'l, Inc. v. Sharda*, No. CV-08-1219-PHX-DGC, 2009 U.S. Dist. LEXIS 52502, at *15-*16 (D. Ariz. June 22, 2009) (Campbell, J.) (citing Fed. R. Civ. P. 56(e)).

**B.     Summary Judgment Should be Granted With Respect to the Defenses Defendants Have Disclaimed**

The Court should also grant summary judgment as to defendants' affirmative defense nos. 1-5, 7, 10-14, and 16. Although defendants identified these defenses as affirmative defenses in their Answer, they now contend they are negative defenses on which plaintiffs bear the burden. Because defendants have disclaimed their intent to pursue these affirmative

- 4 -

defenses they should be stricken. *Joe Hand Promotions, Inc. v. Nguyen*, No. 11-CV-04745 RMW, 2012 U.S. Dist. LEXIS 49132, at \*4 (N.D. Cal. Apr. 6, 2012) (affirmative defenses should be stricken where they "allege defects in plaintiff's claims and raise issues that are plaintiff's burden to prove"); *Barnes v. AT&T Pension Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (when a defense raised is not one on which defendants have the burden of proof, it should be stricken).

Furthermore, as with the affirmative defenses discussed in §A., *supra*, defendants failed to point to a single fact supporting any of the defenses in their Court-ordered Response. Thus, summary judgment should be granted because there are no "'specific facts showing that there is a genuine issue for trial'" on these defenses. *Best Western*, 2009 U.S. Dist. LEXI 52502, at \*15-\*16 (citing Fed. R. Civ. P. 56(e)).

- First – Reliance on Others: "does not form a separate affirmative defense as to which defendants will bear the burden of proof at trial . . . ." Response, at 3.

- Second – Intervening or Superseding Acts of Third Parties: "do not form a separate affirmative defense . . . ." Response, at 3.

- Third – Publicly Available Information: "does not form a separate affirmative defense . . . ." Response, at 4.

- Fourth – Lack of Justifiable Reliance: "does not form a separate affirmative defense . . . ." Response, at 4.

- Fifth – Right to Rebut Presumption of Reliance: "does not form an affirmative defense . . . ." Response, at 4.

- Seventh – Other Factors Affecting Market Price: "do not form an affirmative defense . . . ." Response, at 5.

- Tenth – Speculative Damages: "does not form an affirmative defense . . . ." Response, at 6.

- Eleventh – Safe Harbor: "do not form an affirmative defense and do not impose a burden on Defendants . . . ." Response, at 6.

- Twelfth – Bespeaks Caution: "does not constitute an affirmative defense and does not impose a burden on Defendants . . . ." Response, at 7.

- Thirteenth – Materiality: "does not form an affirmative defense . . . ." Response, at 7.

- Fourteenth – No Breach of Duty: "does not form an affirmative defense . . . ." Response, at 8.

- 5 -

1015763_1

- Sixteenth – Lack of Impact of Market Price: "does not constitute an affirmative defense . . . ." Response, at 8.

## V.    CONCLUSION

For the reasons stated herein, plaintiffs respectfully request that the Court grant summary judgment as to defendants' affirmative defense nos. 1-16 and 19-20.

DATED:  March 27, 2015                                Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
Michael J. Dowd
Daniel S. Drosman
Jason A. Forge
Luke O. Brooks
Cody R. LeJeune
Darryl J. Alvarado
Christopher D. Stewart
Lonnie A. Browne


                                        s/ Luke O. Brooks
                                        Luke O. Brooks

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT, P.C.
Andrew S. Friedman (AZ005425)
Kevin Hanger (AZ027346)
2325 E. Camelback Road, Suite 300
Phoenix, AZ  85016
Telephone:  602/274-1100
602/274-1199 (fax)

Liaison Counsel for Plaintiffs

- 6 -

1015763_1

CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 27, 2015.

s/ Luke O. Brooks
Luke O. Brooks

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  LBrooks@rgrdlaw.com

1015763_1

# Mailing Information for a Case 2:12-cv-00555-DGC Smilovits v. First Solar Incorporated et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George C Aguilar**
  gaguilar@robbinsarroyo.com,notice@robbinsarroyo.com

- **Kathryn B Allen**
  kallen@kmllp.com

- **Darryl J Alvarado**
  Dalvarado@rgrdlaw.com

- **Stephen Richard Basser**
  sbasser@barrack.com

- **James P Bennett**
  JBennett@mofo.com,KMarttila@mofo.com

- **Philip T Besirof**
  pbesirof@mofo.com,mblackmer@mofo.com,rbarajas@mofo.com

- **Maureen Beyers**
  mbeyers@omlaw.com,ppalmer@omlaw.com

- **Willie Briscoe**
  wbriscoe@thebriscoelawfirm.com

- **Luke Brooks**
  lukeb@rgrdlaw.com

- **Lonnie A Browne**
  LBrowne@rgrdlaw.com

- **Jennifer N Caringal**
  Jcaringal@rgrdlaw.com

- **Keith Michael Cochran**
  kcochran@cfsblaw.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com,mzehel@pomlaw.com

- **Jonathan Adam Dessaules**
  jdessaules@dessauleslaw.com,hpeters@dessauleslaw.com,jpitchel@dessauleslaw.com

- **Michael J Dowd**
  miked@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Daniel S Drosman**
  dand@rgrdlaw.com,karenc@rgrdlaw.com,tholindrake@rgrdlaw.com

- **Jordan Eth**
  jeth@mofo.com,adavis@mofo.com,jrahman@mofo.com

- **Paul Flum**
  PaulFlum@mofo.com,TLee@mofo.com

- **Jason A Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Mark Ryan Scott Foster**
  mfoster@mofo.com,lroiz@mofo.com

- **Andrew S Friedman**
  afriedman@bffb.com,paquilino@bffb.com,rcreech@bffb.com

- **Jeffrey Dale Gardner**
  jgardner@jsslaw.com,eblackmountain@jsslaw.com

- **Richard W Gonnello**
  rgonnello@faruqilaw.com,msullivan@faruqilaw.com,ecf@faruqilaw.com,dbehnke@faruqilaw.com

- **Bryan Jens Gottfredson**
  Bryan.Gottfredson@sackstierney.com

- **Salvatore Jo Graziano**
  salvatore@blbglaw.com,errol.hall@blbglaw.com

- **Tor Gronborg**
  Torg@rgrdlaw.com

- **Joseph P Guglielmo**
  jguglielmo@scott-scott.com

- **Kevin Richard Hanger**
  khanger@bffb.com,tdinardo@bffb.com,rcreech@bffb.com

- **Eugene G Illovsky**
  eillovsky@mofo.com

- **Craig Kennedy**
  mbeyers@omlaw.com

- **Jennifer Lynn Kroll**
  jkroll@martinbonnett.com

- **Cody R LeJeune**
  clejeune@rgrdlaw.com

- **Jeffrey S Leonard**
  jeffrey.leonard@sackstierney.com,kelly.sharpe@sackstierney.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com

- **Peter S Linden**
  plinden@kmllp.com

- **Judson E Lobdell**
  jlobdell@mofo.com,mblackmer@mofo.com

- **Susan Joan Martin**
  smartin@martinbonnett.com,tmahabir@martinbonnett.com,mblawfirm@aol.com

- **Michael Craig McKay**
  mmckay@schneiderwallace.com,efilings@schneiderwallace.com

- **Danielle S Myers**
  danim@rgrdlaw.com

- **Patrick Powers**
  patrick@powerstaylor.com,sarah@powerstaylor.com

- **Ira Michael Press**
  ipress@kmllp.com

- **Jay N Razzouk**
  jrazzouk@robbinsarroyo.com,notice@robbinsarroyo.com

- **Brian J Robbins**
  brobbins@robbinsarroyo.com,rsalazar@robbinsarroyo.com,notice@robbinsarroyo.com

- **Darren J Robbins**
  darrenr@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Hart Lawrence Robinovitch**
  AZDocketing@zimmreed.com,stacy.bethea@zimmreed.com,Hart.Robinovitch@zimmreed.com

- **Joseph Nathaniel Roth**
  jroth@omlaw.com,bwendt@omlaw.com

- **David R Scott**
  drscott@scott-scott.com,efile@scott-scott.com

- **Mark Solomon**
  marks@rgrdlaw.com

- **Christopher Dennis Stewart**
  CStewart@rgrdlaw.com,e_file_sd@rgrdlaw.com

Case 2:12-cv-00555-DGC   Document 310   Filed 03/27/15   Page 12 of 12

- **Edward M Varga , III**
  evarga@kmllp.com

- **Samuel M Ward**
  sward@barrack.com,lxlamb@barrack.com

- **Anna Erickson White**
  awhite@mofo.com,rwebb@mofo.com,avickery@mofo.com

- **Garrett Webster Wotkyns**
  gwotkyns@schneiderwallace.com,efilings@schneiderwallace.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`