James P. Bennett (*Admitted pro hac vice*)
JBennett@mofo.com
Paul Flum (*Admitted pro hac vice*)
PaulFlum@mofo.com
Jordan Eth (*Admitted pro hac vice*)
JEth@mofo.com
Judson E. Lobdell (*Admitted pro hac vice*)
JLobdell@mofo.com
Anna Erickson White (*Admitted pro hac vice*)
AWhite@mofo.com
Philip T. Besirof (*Admitted pro hac vice*)
PBesirof@mofo.com
Mark R.S. Foster (*Admitted pro hac vice*)
MFoster@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
(415) 268-7000

Maureen Beyers, Arizona Attorney No. 017134
MBeyers@omlaw.com
Joseph N. Roth, Arizona Attorney No. 025725
JRoth@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue
Phoenix, AZ 85012-2793
(602) 640-9000

Attorneys for Defendants
First Solar, Inc., Michael J. Ahearn, Robert J. Gillette,
Mark R. Widmar, Jens Meyerhoff, James Zhu,
Bruce Sohn, and David Eaglesham

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, individually and on behalf of all other persons similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Bruce Sohn, and David Eaglesham,<br><br>                Defendants. | Case No.    CV12-00555-PHX-DGC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANTS' FIRST THROUGH SIXTEENTH, AND NINETEENTH THROUGH TWENTIETH AFFIRMATIVE DEFENSES** |

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 1

ARGUMENT ......................................................................................................................... 3

I.      LEGAL STANDARD ................................................................................................ 3

II.     PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT AS TO THE DEFENSES ON WHICH PLAINTIFFS BEAR THE BURDEN OF PROOF. ............................................................................................................... 4

        A.      Plaintiffs Bear the Burden of Proof on the Twelve Defenses That Are Not Affirmative Defenses. ....................................................................... 4

        B.      In Addition, the "Safe Harbor" and the "Bespeaks Caution" Defenses Are Legal Defenses. ................................................................................ 6

III.    SUMMARY JUDGMENT AS TO PROPORTIONAL LIABILITY IS INAPPROPRIATE AT THIS TIME. .......................................................................... 7

IV.     THE COURT SHOULD DENY AS PREMATURE THE MOTION AS TO DEFENSES ASSERTED AGAINST ABSENT CLASS MEMBERS ........... 9

CONCLUSION ...................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Anestis v. United States*,
No. 11-28-DLB-REW,
2014 WL 4928959 (E.D. Ky. Sept. 30, 2014) ...................................................................... 8

*Basic v. Levinson*,
485 U.S. 224 (1998) ............................................................................................................ 10

*Broussard v. TMR Co.*,
No. 2:11-CV-1446,
2013 WL 5516462 (W.D. La. Oct. 1, 2013) ........................................................................ 9

*Calderone v. United States*,
799 F.2d 254 (6th Cir. 1986) ............................................................................................... 4

*Campbell v. Catholic Cmty. Servs. of W. Wash.*,
No. C10-1579RSL,
2012 WL 600725 (W.D. Wash. Feb. 22, 2012) .................................................................. 4

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ............................................................................................................. 4

*EEOC v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*,
279 F.3d 49 (1st Cir. 2002) ............................................................................................. 3, 5

*Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. The Clorox Co.*,
353 F.3d 1125 (9th Cir. 2004) ............................................................................................. 6

*FDIC v. White*,
828 F. Supp. 304 (D.N.J. 1993) ........................................................................................... 5

*Fed. Deposit Ins. Corp. v. Main Hurdman*,
655 F. Supp. 259 (E.D. Cal. 1987) ...................................................................................... 4

*Fontenot v. Upjohn Co.*,
780 F.2d 1190 (5th Cir. 1986) ............................................................................................. 4

*Geurin v. Winston Indus., Inc.*,
316 F.3d 879 (9th Cir. 2002) ............................................................................................... 5

*Icon-IP Pty. Ltd. v. Specialized Bicycle Components, Inc.*,
  No. 12-03844,
  2015 WL 1476399 (N.D. Cal. Mar. 31, 2015)..................................................................5

*In re Vivendi Universal, S.A. Sec. Litig.*,
  765 F. Supp. 2d 512 (S.D.N.Y. 2011)........................................................................... 10

*In re Wash. Mut. Mortg. Backed Sec. Litig.*,
  No. C09-37 MJP,
  2011 WL 1789975 (W.D. Wash. May 9, 2011)................................................................9

*Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*,
  No. C 12-05523 WHA,
  2013 WL 2009681 (N.D. Cal. May 13, 2013) .................................................................6

*J & J Sports Prods. Inc. v. Barwick*,
  No. 5:12-CV-05284-LHK,
  2013 WL 2083123 (N.D. Cal. May 14, 2013) .................................................................6

*McPhail v. First Command Fin. Planning, Inc.*,
  251 F.R.D. 514 (S.D. Cal. 2008) .............................................................................. 9, 10

*Police Ret. Sys. v. Intuitive Surgical, Inc.*,
  759 F.3d 1051 (9th Cir. 2014) ......................................................................................7

*Ramirez v. Olympic Health Mgmt. Sys., Inc.*,
  No. 07-3044,
  2009 WL 1107243 (W.D. Wash. Apr. 21, 2009)..............................................................5

*SEC v. Bluestone*,
  No. 90-72525,
  1991 WL 83960 (E.D. Mich. Jan. 24, 1991)....................................................................8

*Solis v. Couturier*,
  No. 2:08-cv-02732-RRB-GGH,
  2009 WL 3055207 (E.D. Cal. Sept. 17, 2009)..................................................................6

*United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Cntys. in the
  State of Ala.*,
  941 F.2d 1428 (11th Cir. 1991) .....................................................................................4

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011) ............................................................................................... 10

*Watts v. United States*,
  703 F.2d 346 (9th Cir. 1982) .................................................................................... 3, 4

*Zivkovic v. S. Cal. Edison Co.*,
     302 F.3d 1080 (9th Cir. 2002) ...................................................................................... 4

**STATUTES**

15 U.S.C. § 78u-4(f)(2)(A) ............................................................................................... 8

15 U.S.C. § 78u-4(f)(2)(B)(i) ........................................................................................... 7

15 U.S.C. § 78u-5(c)(1)(A)(i)-(ii) .................................................................................... 6

**OTHER AUTHORITIES**

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
     § 1271 (3d ed.) ........................................................................................................... 5

Herbert B. Newberg and Alba Conte, Newberg on Class Actions
     § 9:11 ............................................................................................................................ 9
     § 22:61 ........................................................................................................................ 10

**INTRODUCTION**

Plaintiffs seek summary judgment as to eighteen defenses pled in Defendants' Answer.  Plaintiffs are not entitled to summary judgment as to any of them.

As Defendants acknowledged in their Interrogatory Responses, twelve of these defenses are not affirmative defenses but, rather, additional (and unnecessary) denials of liability on which Plaintiffs bear the burden of proof.  By denying liability, Defendants maintained the right to rebut any evidence put on by Plaintiffs at trial, and Defendants' Responses expressly reserve this right.  To the extent that Plaintiffs request summary judgment as to unspecified elements of their affirmative case that are related to these twelve defenses, their motion should be denied.  That is because, as movants who bear the burden of proof, Plaintiffs must submit conclusive evidence supporting their claims, which they do not even attempt to do.

The remaining six defenses challenged by Plaintiffs' motion are either affirmative defenses that Defendants have reserved as to absent class members, or damage allocation requirements that should not be adjudicated at this stage of the proceedings.  The Court should accordingly deny Plaintiffs' motion in its entirety.

**BACKGROUND**

Defendants served their Answer on January 29, 2013.  (Dkt. No. 123.)  In an abundance of caution and to avoid waiving any defenses, Defendants pled a total of twenty affirmative defenses.  On January 27, 2015, Plaintiffs concurrently served two sets of interrogatories on Defendants, which set out thirty-nine numbered interrogatories, and contained a total of eighty-nine discrete questions and/or subparts.  (White Decl. ¶¶ 2–3.)  One interrogatory asked Defendants to "[i]dentify all facts supporting each of the affirmative defenses in your Answer."  (White Decl. Ex. 1 at 3.)[1]

---

[1] Contrary to several statements in Plaintiffs' Memorandum of Law in Support of Motion for Partial Summary Judgment, nothing in this interrogatory "required defendants to state the … legal bases for each of their pleaded affirmative defenses." (Dkt. No. 310 at 1, 2, 3; *see also* White Decl. Ex. 1 at 3.)  In addition, Defendants objected to the interrogatory to the extent it called for legal conclusions. (*See* Dkt. No. 310-1 ("Responses") at 4.)

On March 13, 2015, after conferring with Plaintiffs regarding the breadth and timing of their interrogatories, Defendants provided Plaintiffs with a total of eighty-five pages of written interrogatory responses.  (White Decl. ¶¶ 4–5.)  This included substantive responses and legal objections to the interrogatory regarding Defendants' affirmative defenses.  (Responses at 3–13.)  After they received the Responses, Plaintiffs did not challenge the content or sufficiency of the Responses.

Defendants' responses to the interrogatory about affirmative defenses fall into four categories.

First, Defendants identified the defenses on which they bear the burden of proof at trial, *i.e.*, affirmative defenses.  This includes the defenses of "Good Faith under Section 20(a)" and "Lack of Culpable Participation" (Nos. 17 and 18).  The Responses set forth the principal facts supporting these defenses.  (*Id.* at 9–12.)  Plaintiffs do not seek summary judgment as to either of these affirmative defenses.

Second, Defendants identified twelve defenses (Nos. 1–5, 7, 10–14, and 16) that did not present "a separate affirmative defense" because they involved elements that Plaintiffs "bear the burden of proving" at trial.  (*Id.* at 3–8.)[2]  Because it was not necessary to plead these defenses affirmatively, Defendants expressly withdrew most of them in their Responses.  (*Id.*)  Consistent with their denials of liability in the Answer, Defendants' Responses reserved their "right to rebut any evidence presented by the plaintiffs at trial in an attempt to establish the elements of the plaintiffs' claims."  (*Id.*)

In addition, Defendants responded to two of those twelve defenses—"Safe Harbor" and "Bespeaks Caution" (Nos. 11 and 12)—by stating that, "in an abundance of caution," should these arguments be "deemed to create an affirmative defense," they would be based upon "forward-looking and cautionary language referenced in, incorporated by, or appearing on the face of the documents or statements that the plaintiffs allege to contain false or misleading statements or omissions."  (Responses at 6–7.)

---

[2] A list of each defense, and each defense's treatment in the Responses, is attached to this brief as Exhibit A.

Third, Defendants raised the following objection with respect to the defense of "Proportional Allocation of Fault" (No. 9), which is based on the proportional liability provisions of the Private Securities Litigation Reform Act of 1995 ("Reform Act"): "Because no liability has been found and no award has been entered against any Defendant, Defendants state that it is premature to require Defendants to state facts supporting this defense.  Without claiming or undertaking any obligation to do so, Defendants reserve the right to present facts related to apportionment in the event that a finding of liability is entered."[3]  (Responses at 6.)

Fourth, as to the remaining five affirmative defenses (Nos. 6, 8, 15, 19, and 20), the Responses stated that "Defendants are currently not aware of facts supporting [these defenses] *as to the named plaintiffs*."  (Responses at 4–5, 8, 12 (emphasis added).)  The Responses noted that Defendants had not yet had the opportunity to take discovery from absent class members, and that Defendants reserved their rights to assert these defenses against absent class members at the appropriate time.  (*Id*. at 3–5, 8, 12.)

## ARGUMENT

### I.   LEGAL STANDARD

Plaintiffs' motion for summary judgment invokes the wrong legal standard.  It assumes that Defendants, not Plaintiffs, bear the burden of proof at trial.  As discussed below, however, Plaintiffs bear the burden of proof on twelve of the defenses at issue, and the other six defenses are not ripe for adjudication at this stage.

Where a movant for summary judgment bears the burden at trial, the movant cannot just point to an absence of evidence.  Rather, he must support the motion with evidence, and "cannot prevail unless the evidence that he provides on that issue is conclusive." *EEOC v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 279 F.3d 49, 55 (1st Cir. 2002); *Watts v. United States*, 703 F.2d 346, 347 (9th Cir. 1982) ("To obtain a summary judgment in favor of a claim,

---

[3] As discussed below, Plaintiffs also bear the burden of proving that proportional liability does not apply.  *See* Part III, *infra*.

the moving party must offer evidence sufficient to support a finding upon every element of his or her claim, except those elements admitted by the adversary." (brackets, ellipses, and quotation markets omitted)).[4]  Movants with the ultimate burden face this hurdle because summary judgment is not a way for "a claimant [to] shift to an adversary the burden of proof on one or more issues."  *Watts*, 703 F.2d at 347.

In contrast, where a movant does not bear the burden at trial, the movant may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

## II.    PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT AS TO THE DEFENSES ON WHICH PLAINTIFFS BEAR THE BURDEN OF PROOF.

### A.    Plaintiffs Bear the Burden of Proof on the Twelve Defenses That Are Not Affirmative Defenses.

As Defendants specifically pointed out in their Responses, twelve of the pled defenses are not affirmative defenses.  (Responses at 3–8.)  These defenses did not "plead matters extraneous to the plaintiff's prima facie case, [nor] deny plaintiff's right to recover, even if the allegations of the complaint are true."  *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (internal citations omitted); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").  Courts and commentators alike recognize that "a prudent pleader will often set up affirmatively [a] matter that technically may not be an affirmative defense," *Campbell v. Catholic Cmty. Servs. of W. Wash.*, No. C10-1579RSL, 2012 WL 600725, at *2 n.2 (W.D. Wash. Feb. 22, 2012), and advise that when a pleader does so, he "will not

---

[4] *See also United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Cntys. in the State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (distinguishing summary judgment standard in cases where movant bears the burden of proof at trial, from cases where nonmovant bears the burden); *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (same); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (same).

be penalized for exercising caution in this fashion even when affirmative pleading proves to be unnecessary." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1271 (3d ed.).[5]

Plaintiffs have not contended in their motion for summary judgment, any correspondence, or any meet and confer that these twelve defenses are, in fact, affirmative defenses. (Pls.' Br. at 5.) As Plaintiffs acknowledge, these defenses "are negative defenses on which plaintiffs bear the burden." (Pls.' Br. at 4.) To the extent that Plaintiffs request summary judgment as to unspecified elements of Plaintiffs' affirmative case that are related to these twelve defenses, Plaintiffs' motion should be denied. Plaintiffs, after all, have made no attempt to present any evidence establishing their claims, let alone conclusive evidence. *See*, *e.g.*, *Union Independiente*, 279 F.3d at 55. Contrary to Plaintiffs' assertions, simply pointing to an absence of evidence is not sufficient. (Pls' Br. at 3.)

In any event, Defendants cannot be precluded from putting on evidence at trial rebutting Plaintiffs' prima facie case. Consistent with the denials in their Answer, Defendants' Responses explicitly reserved their right to "rebut any evidence presented by the plaintiffs at trial." (Responses at 3–8.) This is consistent with law that Plaintiffs cite, which holds that summary judgment on an affirmative defense is "totally irrelevant to the issue of [the defendant's] right to defend itself by disproving an essential element of [the plaintiff's] claim…." *Geurin v. Winston Indus., Inc.*, 316 F.3d 879, 885 (9th Cir. 2002). Similarly, Plaintiffs' request that the Court strike these defenses "accomplishes very little, if anything," because "Defendants may certainly argue and present evidence at trial" that "goes to whether plaintiff has carried its burden in establishing" the elements of its claims. *FDIC v. White*, 828 F. Supp. 304, 313 & n.13 (D.N.J. 1993) (addressing motion to strike

---

[5] For the defenses that Defendants expressly withdrew (Nos. 1, 2, 3, 4, 7, 10, 13–14, and 16), Plaintiffs' motion should be denied as moot. *See*, *e.g.*, *Icon-IP Pty. Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-03844, 2015 WL 1476399, at *19, 21 (N.D. Cal. Mar. 31, 2015) (motion for summary judgment on defense was denied as moot because defense had been withdrawn); *Ramirez v. Olympic Health Mgmt. Sys., Inc.*, No. 07-3044, 2009 WL 1107243, at *5 (W.D. Wash. Apr. 21, 2009) (same).

defenses that denied the element of causation).[6]

### B. In Addition, the "Safe Harbor" and the "Bespeaks Caution" Defenses Are Legal Defenses.

Summary judgment should be denied as to two of the twelve defenses that Defendants have acknowledged are not affirmative defenses—"Safe Harbor" and "Bespeaks Caution" (Nos. 11 and 12)—for a second, independent reason. The Reform Act's safe harbor provision and the "bespeaks caution" doctrine both limit the types of statements that are actionable under the federal securities laws. Plaintiffs ask the Court to grant summary judgment on these arguments solely because Defendants did not state "specific facts" to support them in their Responses. (Pls.' Br. at 5.) In fact, Defendants' Responses stated that these defenses are based on "forward-looking and cautionary language referenced in, incorporated by, or appearing on the face of the documents or statements that the plaintiffs allege to contain false or misleading statements or omissions." (Responses at 6–7.) Plaintiffs never objected that this response was insufficient.

In any case, Defendants need not plead or prove any "specific facts" to benefit from the "bespeaks caution" doctrine, nor the "statutory version of this doctrine" that is embodied by the Reform Act's safe harbor.[7] *See Emplrs. Teamsters Local Nos. 175 &*

---

[6] *See, e.g.*, *J & J Sports Prods. Inc. v. Barwick*, No. 5:12-CV-05284-LHK, 2013 WL 2083123, at *3–4 & n.1 (N.D. Cal. May 14, 2013) (where defenses "are not affirmative defenses but rather denials of the elements of Plaintiff's claims," ruling that "Defendant is not precluded from arguing, in a motion or at trial, that Plaintiff has failed to state a claim, or that Plaintiff's allegations or the evidence" fails to show that plaintiff proved its claims); *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*, No. C 12-05523 WHA, 2013 WL 2009681, at *2 (N.D. Cal. May 13, 2013) (striking defenses "without prejudice to defendant litigating these points to the extent relevant to any claims asserted by plaintiff"); *Solis v. Couturier*, No. 2:08-cv-02732-RRB-GGH, 2009 WL 3055207, at *5 (E.D. Cal. Sept. 17, 2009) (where plaintiff bore the burden of proving imprudence, stating "[a]t trial,… Defendants are certainly free to prove the prudence of their actions by submitting evidence of their reasonable reliance on the advice of others").

[7] The relevant provision of the safe harbor provides that a statement is not actionable if it is "identified as a forward-looking statement, and is accompanied by meaningful cautionary" language, or alternatively, if it is "immaterial." 15 U.S.C. § 78u-5(c)(1)(A)(i)-(ii).

*505 Pension Trust Fund v. The Clorox Co.*, 353 F.3d 1125, 1132 & n.3 (9th Cir. 2004). These defenses turn on "precise cautionary language elsewhere in the document [that] adequately discloses the risks involved." *Worlds of Wonder*, 35 F.3d at 1413, 1415 (adopting district court's formulation of bespeaks caution doctrine); *see also Police Ret. Sys. v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1058 (9th Cir. 2014) (applying safe harbor to statements that are "forward-looking on their face"). Consequently, these protections stand for "the unremarkable proposition that statements must be analyzed in context." *Worlds of Wonder*, 35 F.3d at 1414 (quotation marks and citations omitted).

Because these protections are legal defenses that do not require Defendants to prove "specific facts," Plaintiffs' motion should be denied.[8]

## III.    SUMMARY JUDGMENT AS TO PROPORTIONAL LIABILITY IS INAPPROPRIATE AT THIS TIME.

The Reform Act requires that a covered person "against whom a final judgment is entered in a private action shall be liable solely for the portion of the judgment that corresponds to the percentage of responsibility of that covered person . . . ." 15 U.S.C. § 78u-4(f)(2)(B)(i). The "percentage of responsibility" shall be determined by special interrogatory. *Id*. § 78u-4(f)(3). The Reform Act sets a single, exclusive exception to proportional liability: A covered person "shall be liable for damages jointly and severally *only* if the trier of fact specifically determines that such covered person knowingly committed a violation of the securities laws." *Id*. § 78u-4(f)(2)(A) (emphasis added).

Plaintiffs now ask for summary judgment on Defendants' "Proportional Allocation of Fault" Defense (No. 9) on the ground that Defendants "admit they have no supportive facts showing that there is a genuine issue for trial." (Pls. Br. at 3–4.) But Defendants have made no such admission. Rather, Defendants objected to Plaintiffs' interrogatory for this defense, because (among other reasons) it would be premature to require Defendants

---

[8] Indeed, as Defendants explain in their own Motion for Summary Judgment, at least fifteen of the alleged misstatements are protected on their face, and should be resolved in Defendants' favor as a matter of law. (Dkt. No. 311 at 53.)

to provide evidence of proportional liability at this stage.  (Responses at 6.)  Plaintiffs have never challenged these objections.  The mere fact that Defendants objected to Plaintiffs' interrogatory regarding proportional fault cannot carry Plaintiffs' summary judgment burden.  *See, e.g.*, *SEC v. Bluestone*, No. 90-72525, 1991 WL 83960, at *2 (E.D. Mich. Jan. 24, 1991) (denying motion for summary judgment that was based on the "refusal and objection of the [opposing party] to answer an interrogatory").

In any event, once again Plaintiffs apply the wrong summary judgment standard. Plaintiffs, not Defendants, bear the burden of showing that proportional liability does not apply.  Under the Reform Act, defendants who are found liable are entitled to proportional liability unless the plaintiff establishes that the defendants "knowingly committed a violation of the securities laws."  15 U.S.C. § 78u-4(f)(2)(A).  Plaintiffs have provided no such evidence in support of their motion.

To the extent Plaintiffs contend that, even if proportional liability applies, there is no genuine issue of material fact as to the "percentage of responsibility" of any given defendant, they are wrong.  Under the Reform Act, at some yet-to-be-determined time, the fact finder shall answer special interrogatories, with respect to each defendant, concerning whether the defendant is liable and, if so, his "percentage of responsibility."  *Id*. § 78u-4(f)(3).[9]  A finding or ruling on apportionment of fault would therefore be "premature" at summary judgment.  *See Anestis v. United States*, No. 11-28-DLB-REW, 2014 WL 4928959, at *11 (E.D. Ky. Sept. 30, 2014) (finding party's request for resolution of comparative fault issues at summary judgment to be "odd" and "premature," as it would require "the Court to pass judgment on … hypothetical facts that do not yet affect the

---

[9] Courts in securities class actions have handled proportional liability issues in various ways ranging from deferring the issue entirely until after a trial on class-wide liability to including the special interrogatories within the class-wide trial (among others). *See*, *e.g.*, Special Verdict Form, *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, No. 11-03658 (S.D.N.Y. Jan. 28, 2015), Dkt. No. 272 at 16 (resolving proportional liability in second phase);  Special Verdict Form and Questions for the Jury, *In re Homestore.com, Inc. Sec. Litig.*, No. 01-11115 (C.D. Cal. Feb. 24, 2011), Dkt. No. 1362 at 13–14 (resolving proportional liability as part of first phase).

rights of litigants" (internal quotation marks omitted)).[10]

## IV.   THE COURT SHOULD DENY AS PREMATURE THE MOTION AS TO DEFENSES ASSERTED AGAINST ABSENT CLASS MEMBERS.

Plaintiffs misstate the record when they argue that "defendants admit they have no supportive facts" as to five affirmative defenses that Defendants reserved against absent class members.  (Pls.' Br. at 4.)  Defendants actually stated that they "are currently not aware of facts supporting [these defenses] *as to the named plaintiffs*."  (Responses at 4–5, 8, 12 (emphasis added).)  Defendants also stated that, "with the exception of the Lead Plaintiffs, discovery has not taken place with respect to individual class members, and it would be premature to require Defendants to identify facts that support defenses with respect to the claims of absent class members."  (Responses at 4.)

Defendants have not yet sought discovery as to absent class members because such discovery is "generally not permitted" during the normal course of pretrial discovery. *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517, 519–20 (S.D. Cal. 2008) (collecting cases); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. C09-37 MJP, 2011 WL 1789975, at *1 (W.D. Wash. May 9, 2011) (discovery from absent class members is "generally disfavored"); *see also* Herbert B. Newberg and Alba Conte, Newberg on Class Actions § 9:11 (same).  As the Court told Defendants during an earlier scheduling conference at the onset of pretrial discovery in this case, "you probably will want to conduct discovery that tries to identify individual issues or defenses against named plaintiffs…. But the universe of that discovery are the named plaintiffs."  (Rep. Tr. of Proc. on Nov. 22, 2013, at 22:18–23.)

Instead, it is widely recognized that information may be obtained from absent class members "in connection with preparation for the second stage of a bifurcated trial (with adequate time allowed for discovery) or the determination of entitlement to individual

---

[10] *Cf. Broussard v. TMR Co.*, No. 2:11-CV-1446, 2013 WL 5516462, at *4 (W.D. La. Oct. 1, 2013) (in contamination suit, denying motion for summary judgment on comparative fault defense because "[t]here are several defendants in this case and the evidence shows several companies participating in the drilling of this land").

relief under a judgment…." Federal Judicial Center, Manual for Complex Litigation (Fourth), § 21.322 (2004). In the context of securities class actions, numerous courts have ruled that "the most appropriate time to gather any necessary information from individual class members is generally after a determination of liability and before payment of individual claims." *McPhail*, 251 F.R.D. at 519–20 (quoting *On the House Syndication, Inc. v. Fed. Express Corp.*, 203 F.R.D. 452, 458 (S.D. Cal. 2001)). This step is necessary in the context of securities class actions for numerous reasons, such as defendants' right to rebut the presumption of reliance that shareholder plaintiffs, as here, routinely invoke to justify class treatment as to individual plaintiffs.[11] *See Basic v. Levinson*, 485 U.S. 224, 248–49 (1998); *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 585 (S.D.N.Y. 2011) (after trial, holding that defendants may still make "separate inquiries into the individual circumstances of particular class members" to rebut presumption); *see also* Newberg on Class Actions § 22:61 (in shareholder class suits, certain issues "may be resolved after trial on common issues" and "must necessarily be on an individual basis").

The affirmative defenses Defendants reserved against absent class members should not be adjudicated at this time. Defendants would have a right to conduct such discovery in actions brought by individual shareholders, and the fact that absent class members' rights are being adjudicated through the class action mechanism cannot "abridge, enlarge or modify" this right. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2546, 2561 (2011) (class cannot be certified on premise that defendant will not be able to litigate "defenses to individual claims"). The two cases that Plaintiffs cite in support of their motion are not on point, as neither of these cases involves class actions, absent class members, or discovery that the nonmovant has had no meaningful opportunity to pursue.[12] Plaintiffs' motion for

---

[11] As discussed above, although Defendants pled the right to rebut the presumption of reliance as an affirmative defense, Defendants' Response clarified that "Plaintiffs bear the burden of proving the element of reliance." (Responses at 4.)

[12] Pls.' Br. at 3–4 (citing *Bernal v. Daewoo Motor Am., Inc.*, No. 09-1502, 2011 U.S. Dist. LEXIS 58918 (D. Ariz. June 2, 2011), and *Best Western Int'l, Inc.*, No. 08-1219, 2009 U.S. Dist. LEXIS 52502 (D. Ariz. June 22, 2009)).

summary judgment on defenses directed to absent class members should therefore be denied.

## CONCLUSION

For all of the above reasons, Plaintiffs' motion for summary judgment should be denied.

Dated:  April 27, 2015

By: *s/ Anna Erickson White*

Anna Erickson White
MORRISON & FOERSTER LLP
425 Market Street, 32nd Floor
San Francisco, California 94105-2482

OSBORN MALEDON, P.A.
Maureen Beyers
2929 N. Central Ave.
Phoenix, AZ 85012

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.


*s/Rosemary Barajas*
**Rosemary Barajas**

DEFS.' OPP'N TO PLS.' MOT. FOR SUMMARY JUDGMENT          12
sf-3529730