ROBBINS GELLER RUDMAN & DOWD LLP
Michael J. Dowd (CA SBN 135628) (Admitted *pro hac vice*)
Daniel S. Drosman (CA SBN 200643) (Admitted *pro hac vice*)
Jason A. Forge (CA SBN 181542) (Admitted *pro hac vice*)
Luke O. Brooks (CA SBN 212802) (Admitted *pro hac vice*)
Cody R. LeJeune (CA SBN 249242) (Admitted *pro hac vice*)
Darryl J. Alvarado (CA SBN 253213) (Admitted *pro hac vice*)
Christopher D. Stewart (CA SBN 270448) (Admitted *pro hac vice*)
Lonnie A. Browne (CA SBN 293171) (Admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
miked@rgrdlaw.com
dand@rgrdlaw.com
jforge@rgrdlaw.com
lukeb@rgrdlaw.com
clejeune@rgrdlaw.com
dalvarado@rgrdlaw.com
cstewart@rgrdlaw.com
lbrowne@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, Individually and on Behalf of All Others Similarly Situated,<br><br>                                  Plaintiff,<br><br>    vs.<br><br>First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Bruce Sohn and David Eaglesham,<br><br>                                  Defendants. | No. 2:12-cv-00555-DGC<br><br>CLASS ACTION<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANTS' FIRST THROUGH SIXTEENTH, AND NINETEENTH THROUGH TWENTIETH AFFIRMATIVE DEFENSES |

1028660_1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   DEFENDANTS SHOULD BE PRECLUDED FROM PRESENTING
      FACTS AT TRIAL RELATED TO THEIR ABANDONED DEFENSES ............. 2

III.  SUMMARY JUDGMENT SHOULD BE GRANTED AS TO DEFENSES
      AGAINST ALL CLASS MEMBERS ....................................................................... 7

IV.   SUMMARY JUDGMENT SHOULD BE GRANTED AS TO
      DEFENDANTS' PROPORTIONAL LIABILITY AFFIRMATIVE
      DEFENSE ............................................................................................................. 8

V.    CONCLUSION ..................................................................................................... 10

1028660_1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Anestis v. United States*,
   52 F. Supp. 3d 854 (E.D. Ky. 2014) ............................................................................... 9

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
   227 F.R.D. 313 (C.D. Cal. 2004) ................................................................................... 4

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ....................................................................................................... 8

*City of Ann Arbor Emps. Ret. Sys. v. Sonoco Prods. Co.*,
   827 F. Supp. 2d 559 (D.S.C. 2011) ............................................................................... 6

*EEOC v. Union Independiente De La Autoridad De
   Acueductos Y Alcantarillados De P.R.*,
   279 F.3d 49 (1st Cir. 2002) ........................................................................................... 5

*Emps. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*,
   353 F.3d 1125 (9th Cir. 2004) ...................................................................................... 6

*FDIC v. White*,
   828 F. Supp. 304 (D.N.J. 1993) .................................................................................... 5

*Fecht v. Price Co.*,
   70 F.3d 1078 (9th Cir. 1995) ........................................................................................ 6

*Halliburton Co. v. Erica P. John Fund, Inc.*,
   __ U.S. __, 134 S. Ct. 2398 (2014) ........................................................................... 7, 8

*In re K-Dur Antitrust Litig.*,
   No. 01-1652 (JAG), 2008 WL 2660776
   (D.N.J. Feb. 21, 2008) ................................................................................................... 3

*In re Vivendi Universal, S.A. Sec. Litig.*,
   765 F. Supp. 2d 512 (S.D.N.Y. 2011) ........................................................................... 8

*Lefkoe v. Jos. A. Bank Clothiers*,
   No. 06-1892, 2007 U.S. Dist. LEXIS 98777
   (D. Md. Sept. 10, 2007) ................................................................................................. 7

*McPhail v. First Command Fin. Planning, Inc.*,
   251 F.R.D. 514 (S.D. Cal. 2008) .................................................................................. 8

1028660_1

**Page**

*Naser v. Metro. Life Ins. Co.*,
No. 5:10-CV-04475 EJD, 2013 U.S. Dist. LEXIS 107706
(N.D. Cal. July 31, 2013)...................................................................................................... 4

*Pa. Pub. Sch. Emps. Ret. Sys. v. Bank of Am. Corp.*,
874 F. Supp. 2d 341 (S.D.N.Y. 2012) ................................................................................ 5

*Provenz v. Miller*,
102 F.3d 1478 (9th Cir. 1996) ............................................................................................ 6

*SEC v. Bluestone*,
No. 90-CV-72525-DT, 1991 U.S. Dist. LEXIS 2793
(E.D. Mich. Jan. 24, 1991)................................................................................................... 9

*Slayton v. Am. Express Co.*,
604 F.3d 758 (2d Cir. 2010) ............................................................................................... 6

*Turner v. Univ. of Wash.*,
No. C05-1575RSL, 2007 U.S. Dist. LEXIS 78281
(W.D. Wash. Oct. 10, 2007) ............................................................................................... 5

*United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Grp., Inc.*,
400 F.3d 428 (6th Cir. 2005) .............................................................................................. 5

*Wal-Mart Stores, Inc. v. Dukes*,
__ U.S. __, 131 S. Ct. 2541 (2011)..................................................................................... 7

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
259 F.3d 1101 (9th Cir. 2001) ............................................................................................ 4

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4(f)(3)........................................................................................................................... 8

Federal Rules of Civil Procedure
Rule 26 ................................................................................................................................. 4
Rule 26(a)............................................................................................................................. 4
Rule 37 ................................................................................................................................. 4
Rule 37(c)......................................................................................................................... 2, 4
Rule 37(c)(1)........................................................................................................................ 4

- iii -

1028660_1

## I.   INTRODUCTION

During the fact discovery phase of this case, plaintiffs propounded straightforward discovery seeking the factual basis for the defenses advanced by First Solar and the Individual Defendants, but defendants frustrated plaintiffs' attempts to discover those facts. Defendants refused to provide a Rule 30(b)(6) witness to testify regarding the affirmative defenses set forth in their Answer.  To convince the Court that it should quash plaintiffs' 30(b)(6) deposition notice, defendants represented that a witness could not be educated to testify about the affirmative defenses because there were too many facts covering too long a time period that were too complex.  Dkt. No. 262 at 18-21.  Accordingly, defendants asserted – and the Court ruled – that the information should be provided in the form of contention interrogatory responses.  *See* January 8, 2015 Order (Dkt. No. 264).  When it came time to provide those voluminous and complex facts in response to the Court-ordered interrogatories, however, defendants performed an about-face and provided none for Affirmative Defense Nos. 1-16 and 19-20.

Notwithstanding their failure to provide substantive facts supporting the challenged defenses, defendants oppose summary judgment.  Defendants contend for various reasons that they should be permitted to surprise plaintiffs during and after trial with facts they did not provide in discovery.  As discussed herein, defendants are wrong.  First, defendants argue that notwithstanding their failure to provide the facts sought by plaintiffs' interrogatories, they should be permitted to pursue the defenses at trial based upon their re-characterization of those defenses from "affirmative" to "not affirmative."  But changing the legal theory behind their defenses did not relieve defendants of their obligation to provide the facts they contend support them.  For example, if defendants wanted to show at trial that they are not liable because they relied on others, they were required to disclose the facts they contend support that defense.  The same is true for the 11 other former affirmative defenses. Defendants opted for gamesmanship instead, and provided ***no facts*** even though they had previously told the Court there were ***so many facts*** that a 30(b)(6) deposition was impracticable.  Dkt. No. 262 at 18-21.  Defendants' gambit should be rejected and summary

- 1 -

1028660_1

judgment should be granted on Affirmative Defense Nos. 1-5, 7, 10-14, 16.  Additionally, defendants should be precluded from advancing these 12 defenses at trial, whether characterized as affirmative defenses or otherwise.  *See* Fed. R. Civ. P. 37(c).

Second, defendants claim that summary judgment is premature as to defenses asserted against absent class members.  However, this argument rests on the incorrect assumption that defendants are entitled to but were denied discovery about facts supporting those defenses. In reality, defendants never pursued discovery of those facts and the time to do so has passed.  Fact discovery is closed and defendants have never: (1) sought to obtain discovery from or about absent class members; (2) moved for leave to pursue discovery from or about absent class members after the fact discovery cut-off; or (3) requested bifurcation of any portion of the proceeding.  Defendants' complete failure to pursue the discovery they claim they need to support their affirmative defenses does not defeat summary judgment.

Finally, defendants contend plaintiffs' motion is premature as to their proportionate liability defense because liability has not yet been determined.   However, the PSLRA requires a special interrogatory as to proportionate liability on the verdict form, which as a matter of necessity must be submitted to the jury ***before*** it determines liability.  15 U.S.C. §78u-4(f)(3).  Thus, as with their other defenses, defendants were required to identify the facts supporting their proportionate liability defense in response to plaintiffs' interrogatories. Because they have no facts supporting this defense, summary judgment must be granted.

## II.   DEFENDANTS SHOULD BE PRECLUDED FROM PRESENTING FACTS AT TRIAL RELATED TO THEIR ABANDONED DEFENSES

Defendants' failure to provide facts in response to plaintiffs' interrogatories should result in summary judgment as to Affirmative Defense Nos. 1-5, 7, 10-14, and 16.[1]  *See* Memorandum at 4 (Dkt. No. 310).  In addition, defendants should not be permitted to present facts related to these defenses because they concealed these facts in discovery.

---

[1]   Defendants argue that the motion should be denied as "moot" for these defenses.  Although defendants withdrew these defenses in response to interrogatories, they never amended their Answer. Defendants do not explain why they should not be dismissed with prejudice.

- 2 -

Defendants' failure to properly respond to the interrogatories is especially egregious in light of the representations they made to the Court when seeking to avoid preparing and producing a 30(b)(6) witness for examination.  Specifically, defendants argued that a 30(b)(6) witness could not possibly be prepared to testify about all of the facts supporting their defenses, claiming it would be too "burdensome, and . . . highly inefficient" because this case "involve[s] *complex facts* and numerous defenses."  Dkt. No. 262 at 18.[2]  No witness, they argued, could reasonably be expected to prepare for "examination about *several years' worth of facts* that are potentially implicated by First Solar's defenses." *Id.* at 19.  Moreover, it was "because of the complexity of this case," that defendants asserted "twenty affirmative defenses that *span a broad mix of factual issues*," including factors attributable to third parties and the broader market. *Id.*  Because of the "formidable burden," defendants represented that "[p]laintiffs can and should obtain this discovery through other discovery mechanisms," suggesting interrogatories instead. *Id.* at 20-21.

When it came time to provide the facts supporting their defenses in writing, what was previously "too burdensome" suddenly became nonexistent.  Defendants did not provide any facts supporting Affirmative Defense Nos. 1-5, 7, 10-14 and 16.  Defendants' excuse is that what they previously told the Court – that the challenged defenses were Affirmative Defenses – actually was not true.[3]  However, defendants were obligated to provide the facts supporting their defenses regardless of the legal theory under which they were brought – this is precisely what the interrogatories sought.  It would be patently unfair for defendants to present at trial "several years' worth of facts" spanning "a broad mix of factual issues" related to the subject matter covered by the 20 defenses listed in their Answer when they have given plaintiffs no advance notice of what those facts are. *In re K-Dur Antitrust Litig.*, No. 01-1652 (JAG), 2008 WL 2660776, at *13 (D.N.J. Feb. 21, 2008) (litigants "should not be forced to defend against factual allegations that they have been denied a prior opportunity

---

[2]    Emphasis is added and citations are omitted throughout unless otherwise indicated.

[3]    Defendants made this representation at least twice: first when they filed the Answer and again when they successfully resisted plaintiffs' motion to compel a 30(b)(6) witness.

- 3 -

1028660_1

to test"); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 324 (C.D. Cal. 2004) (showing of prejudice establishes that failure to disclose was not harmless or justified).

Defendants contend they should be allowed to present evidence at trial related to the challenged defenses to rebut plaintiffs' *prime facie* case because they "reserved their right" to rebut plaintiffs' evidence in their Answer and interrogatory responses. Defs' Mem. at 5 (Dkt. No. 355). However, defendants' reservations do not change the fact that they chose to conceal in discovery facts they intend to introduce at trial. The Federal Rules prohibit such behavior: a party failing to provide information required under Rule 26(a) or 26(e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Naser v. Metro. Life Ins. Co.*, No. 5:10-CV-04475 EJD, 2013 U.S. Dist. LEXIS 107706, at *17-*18 (N.D. Cal. July 31, 2013) ("Rule 37(c) permits the exclusion of evidence improperly withheld under Rule 26 unless the failure to disclose was substantially justified or harmless."). It is clear from defendants' opposition that they intend to pursue some or all of the withdrawn affirmative defenses, just under a different legal theory. But simply changing their legal theory does not excuse defendants' failure to answer the questions posed by plaintiffs' interrogatories and provide the facts supporting those defenses.

Defendants assert several times that plaintiffs never challenged their failure to provide the facts sought by plaintiffs' interrogatories, but this argument does not save them. Plaintiffs are not required to correct defendants' blunder. It is defendants, not plaintiffs, who want to introduce facts at trial supporting the defenses; it was defendants, not plaintiffs, who were obligated to provide those facts in discovery; it was defendants, not plaintiffs, who chose not to do so; and it is defendants, not plaintiffs, who must live with the consequences. Rather than comply with their discovery obligations, defendants undertook a series of evasive maneuvers to conceal their position. But the law is clear – attempts to hide the ball will result in preclusion. Fed. R. Civ. P. 37; *Naser*, 2013 U.S. Dist. LEXIS 107706, at *17-*18; *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001); *Cambridge Elecs.*, 227 F.R.D. at 324. "To allow otherwise would permit a litigant to

- 4 -

1028660_1

manipulate discovery rules . . . ."  *United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Grp., Inc.*, 400 F.3d 428, 440 (6th Cir. 2005) (district court properly barred defendant from using evidence that he refused to produce during discovery); *see Turner v. Univ. of Wash.*, No. C05-1575RSL, 2007 U.S. Dist. LEXIS 78281, at *3 (W.D. Wash. Oct. 10, 2007) ("'a party cannot introduce a document as evidence while denying the opponent sufficient discovery with respect to the surrounding circumstances and substance of the document'").

Defendants provide no legal support at all for their novel proposition that a party can avoid disclosing known facts in discovery and introduce those same facts at trial simply by re-characterizing defenses from "affirmative" to "not affirmative" after the close of fact discovery.  None of the cases defendants cite involve the failure to provide facts in response to properly served discovery requests.  In *FDIC v. White*, 828 F. Supp. 304 (D.N.J. 1993), for example, plaintiffs moved to strike affirmative defenses at the ***motion to dismiss stage***.  The court struck the affirmative defenses because they were "insufficient as a matter of law," but noted that defendants were still entitled to discovery on the issues raised by defendants.  *Id.*  This is a far cry from allowing defendants to assert defenses at trial without disclosing a single fact supporting those defenses in discovery.  Defendants' reliance on *EEOC v. Union Independiente De La Autoridad De Acueductos Y Alcantarillados De P.R.*, 279 F.3d 49 (1st Cir. 2002), is similarly misplaced.  That case holds that where the moving party has the "burden of proof on an issue," summary judgment will not be granted "'unless the evidence that he provides on that issue is ***conclusive***.'"  *Id.* at 54-55 (emphasis in original).  Here, although plaintiffs have the burden of proof as to the elements of their claims, the challenged defenses – whether characterized as affirmative or otherwise – are "issues" on which defendants bear the burden.

Defendants' argument with respect to the safe harbor and bespeaks caution defenses also fails.  First, both defenses are, in fact, affirmative defenses because the burden is on defendants to plead and prove them.  *Pa. Pub. Sch. Emps. Ret. Sys. v. Bank of Am. Corp.*, 874 F. Supp. 2d 341, 355 (S.D.N.Y. 2012) ("Defendants 'carry the burden of demonstrating that they are protected by the meaningful cautionary language prong of the safe harbor.'")

- 5 -

1028660_1

(quoting *Slayton v. Am. Express Co.*, 604 F.3d 758, 768 (2d Cir. 2010)).   Defendants acknowledge they have withdrawn those defenses, which should end the inquiry.  Without support, however, defendants contend that even though they were withdrawn, defendants should be permitted to pursue these defenses at trial because they are "legal defenses."  Defs' Mem. at 6.  This argument is meritless.  Every defense, no matter how it is characterized, requires the application of facts to a legal framework.  Thus, defendants' characterization of defenses as "legal," like their characterization of defenses as "not affirmative," does not excuse their failure to provide the facts they contend apply within that legal framework.  Defendants' brief highlights the disconnect.  For example, defendants argue that the safe harbor and bespeaks caution defenses "turn on 'precise cautionary language elsewhere [that] adequately discloses the risks involved,'" and that "'statements must be analyzed in context.'"  Defs' Mem. at 7.  This inquiry implicates numerous questions of fact covered by plaintiffs' interrogatories, including: (1) which statements defendants contend are forward looking; and (2) the "precise cautionary language" defendants contend "adequately disclose[d] the risks" when "analyzed in context."   In order to prevail on either of these defenses they must prove that the alleged statements were more than "blanket warnings," but instead "'directly address[ed] . . . the [defendants'] future projections.'"  *Provenz v. Miller*, 102 F.3d 1478, 1493-94 (9th Cir. 1996).  This too is a factual inquiry, as many courts have held.[4]  *Id.*; *see also City of Ann Arbor Emps. Ret. Sys. v. Sonoco Prods. Co.*, 827 F. Supp. 2d 559, 576 (D.S.C. 2011) (denying summary judgment because there was a "question of fact concerning whether defendants knew the 'potential' risks identified had already occurred");

---

[4]  *Emps. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125 (9th Cir. 2004), does not address the burden of pleading or proving that allegedly false and misleading statements are protected by the bespeaks caution doctrine or the PSLRA's safe harbor provision, let alone whom this burden may fall upon at the summary judgment stage.  The court only says that "'summary judgment based on the "bespeaks caution" doctrine is only appropriate "when reasonable minds could *not* disagree as to whether the mix of information in the document is misleading."'"  *Id.* at 1132 (quoting *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995)) (emphasis in original).  Again defendants have not provided any support for these affirmative defenses – only placeholder allegations.  Accordingly, because defendants have not provided evidence in support of the bespeaks caution and safe harbor provisions, they should be estopped from asserting these provisions as defenses.

- 6 -

*Lefkoe v. Jos. A. Bank Clothiers*, No. 06-1892, 2007 U.S. Dist. LEXIS 98777, at *21 n.10 (D. Md. Sept. 10, 2007) ("[T]he adequacy of cautionary language is a question of fact . . . .").

### III.   SUMMARY JUDGMENT SHOULD BE GRANTED AS TO DEFENSES AGAINST ALL CLASS MEMBERS

Defendants readily admit that they have not provided any facts supporting Affirmative Defense Nos. 6, 8, 15, 19 and 20 with respect to any class member – lead plaintiff or otherwise. Still, defendants assert that plaintiffs' motion should be denied to the extent the defenses apply to absent class members. Defs' Mem. at 9-11. Defendants claim the interrogatories seeking facts supporting Affirmative Defense Nos. 6, 8, 15, 19 and 20 were premature because defendants "have not yet sought discovery as to absent class members." Opposition at 9. But the fact discovery deadline had already closed by the time defendants responded to the interrogatories.

Defendants claim that they will have the opportunity to obtain evidence from absent class members during the second stage of a bifurcated trial. *See* Defs' Mem. at 9. But, contrary to defendants' suggestion, fact discovery was not bifurcated – that concept was never even discussed, let alone adopted. Nor have defendants requested bifurcation of the trial. Defendants had every opportunity to seek discovery from whomever they wanted, but simply chose not to.

Citing *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541 (2011), defendants claim that they "would have a right to conduct such discovery in actions brought by individual shareholders." Defs' Mem. at 10. First, this observation is irrelevant because this is a class action. Second, defendants had the right to pursue the discovery they needed in this case but simply failed to do so during the fact discovery period. Their claim to the contrary relies entirely on an offhand remark by the Court about discovery defendants might take "to try to decertify the case or knock out a part of the class down the road" during a hearing about whether to stay discovery pending the Supreme Court's decision in *Halliburton Co. v. Erica P. John Fund, Inc.*, __ U.S. __, 134 S. Ct. 2398 (2014). Nov. 22 Hr'g Tr. at 22:21-22. Defendants stretch to convert this comment into a preclusion of absent

- 7 -

1028660_1

class member discovery and an order bifurcating the proceedings, but in reality defendants never raised those issues and the Court never ruled on them.[5]

Ultimately, defendants failed to meet their burden at summary judgment of raising a genuine issue of material fact for trial on the affirmative defenses directed at absent class members. Because defendants bear the burden of proof on these affirmative defenses at trial, plaintiffs have satisfied their burden at summary judgment "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Accordingly, summary judgment as to these affirmative defenses should be granted.

## IV.   SUMMARY JUDGMENT SHOULD BE GRANTED AS TO DEFENDANTS' PROPORTIONAL LIABILITY AFFIRMATIVE DEFENSE

Defendants' contention that they are excused from providing facts related to proportional liability until after the jury finds liability is incorrect. If defendants wanted to argue that someone else contributed to plaintiffs' losses, they were required to disclose the facts supporting that contention in their response to plaintiffs' interrogatory. The PSLRA requires the jury to make a finding on that subject when it renders the verdict, which means that evidence of proportionate liability must be presented at trial. 15 U.S.C. 78u-4(f)(3). Here, defendants have withheld that evidence (if it exists) and thus have forfeited their right to assert they are only proportionately liable. Defendants' argument that proportionate

---

[5]   Defendants' reliance on *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514 (S.D. Cal. 2008), is misplaced. *McPhail* involved a discovery motion for an interrogatory directed at absent class members ***during the discovery period***, not after summary judgment. *Id.* Defendants did not request discovery from absent class members during the discovery period and no longer have any right to do so. Dkt. Nos. 131, 215. Defendants' reliance on *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512 (S.D.N.Y. 2011), is also misguided. *Vivendi,* a case that went to trial, involved plaintiffs moving for entry of final judgment after a verdict in their favor, but prior to providing defendants with an opportunity to rebut the presumption of reliance on an individual basis. *Id.* There, unlike here, the parties "contemplated that issues of individual reliance might have to be addressed in separate proceedings after a trial on class-wide issues." *Id.* at 585. Thus, unlike here, defendants did not "waive[] its right to contest individualized reliance." *Id*. In any event, *Vivendi* was decided before the Supreme Court clarified that the right to rebut the *Basic* presumption does not entitle defendants to challenge every absent class member, or even a large fraction. Instead, "defendant[s] might attempt to pick off the occasional class member here or there through individualized rebuttal." *Halliburton*, 134 S. Ct. at 2412-13.

1028660_1

liability is automatically triggered unless the jury finds knowing liability is a red herring. The verdict form will simply instruct the jury to skip the interrogatory if it finds knowing fraud and answer it if it does not. *See, e.g.*, *Jaffe v. Household Int'l, Inc.*, No. 02-5893, Verdict Form (N.D. Ill. May 7, 2009), attached as Ex. A hereto. Before that point, defendants must present evidence of proportionate liability ***during*** the trial. *Jaffe v. Household*, Order (N.D. Ill. Apr. 29, 2009) (striking third party Arthur Andersen from proportionate liability portion of verdict form "[b]ecause defendants have not proven, by any method, that Andersen is among the parties to whom liability can be allocated"), attached as Ex. B hereto. Otherwise, the jury would have no basis for its decision. *Id.*

Defendants rely on case law with facts clearly distinguishable from the facts here. For instance, in *SEC v. Bluestone*, No. 90-CV-72525-DT, 1991 U.S. Dist. LEXIS 2793 (E.D. Mich. Jan. 24, 1991), a premature summary judgment motion was filed, with the court finding that "discovery in this matter has essentially just begun," and "[a]t this point, no third party document requests have been served nor depositions taken by either party." *Id*. at *4. Here, discovery is over. Defendants also point to *Anestis v. United States*, 52 F. Supp. 3d 854 (E.D. Ky. 2014), for their contention that a ruling on apportionment at this stage would be premature. *See* Defs' Mem. at 8. In *Anestis*, however, plaintiff's claims were brought under the Federal Tort Claims Act, and the court converted defendant's motion to dismiss into a summary judgment motion. 52 F. Supp. 3d at 858. In both cases cited by defendants, the parties provided evidence to support their proportional liability affirmative defenses, and the court simply held that such a decision on proportional liability was premature. *See Bluestone*, 1991 U.S. Dist. LEXIS 2793, at *4; *Anestis*, 52 F. Supp. 3d at 866. Here, in contrast, though fact discovery is complete, defendants have not provided any evidence, support, or argument regarding their proportional liability affirmative defense. The absence of such information again puts plaintiffs at a disadvantage in this litigation, as defendants' position is completely unknown as this late stage.

Regardless, the Court ordered defendants to provide a factual basis for their affirmative defenses, including their Proportional Allocation of Fault affirmative defense.

- 9 -

1028660_1

*See* January 8, 2015 Order (Dkt. No. 264).  Despite that Order, defendants did not provide any facts to support this defense, thus causing prejudice to plaintiffs.  Accordingly, summary judgment with respect to the proportional allocation affirmative defense should be granted.

## V.    CONCLUSION

For the reasons stated herein, plaintiffs respectfully request that the Court grant summary judgment as to defendants' Affirmative Defense Nos. 1-16 and 19-20.

DATED:  May 22, 2015                                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
Michael J. Dowd
Daniel S. Drosman
Jason A. Forge
Luke O. Brooks
Cody R. LeJeune
Darryl J. Alvarado
Christopher D. Stewart
Lonnie A. Browne


                                    s/ Luke O. Brooks
                                    LUKE O. BROOKS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT, P.C.
Andrew S. Friedman (AZ005425)
Kevin Hanger (AZ027346)
2325 E. Camelback Road, Suite 300
Phoenix, AZ  85016
Telephone:  602/274-1100
602/274-1199 (fax)

Liaison Counsel for Plaintiffs

- 10 -

1028660_1

CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 22, 2015.

s/ Luke O. Brooks
LUKE O. BROOKS

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  lukeb@rgrdlaw.com

1028660_1

# Mailing Information for a Case 2:12-cv-00555-DGC Smilovits v. First Solar Incorporated et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George C Aguilar**
  gaguilar@robbinsarroyo.com,notice@robbinsarroyo.com

- **Kathryn B Allen**
  kallen@kmllp.com

- **Darryl J Alvarado**
  Dalvarado@rgrdlaw.com

- **Stephen Richard Basser**
  sbasser@barrack.com

- **James P Bennett**
  JBennett@mofo.com,KMarttila@mofo.com

- **Philip T Besirof**
  pbesirof@mofo.com,mblackmer@mofo.com,rbarajas@mofo.com

- **Maureen Beyers**
  mbeyers@omlaw.com,ppalmer@omlaw.com

- **Willie Briscoe**
  wbriscoe@thebriscoelawfirm.com

- **Luke Brooks**
  lukeb@rgrdlaw.com

- **Lonnie A Browne**
  LBrowne@rgrdlaw.com

- **Jennifer N Caringal**
  Jcaringal@rgrdlaw.com

- **Keith Michael Cochran**
  kcochran@cfsblaw.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com,mzehel@pomlaw.com

- **Jonathan Adam Dessaules**
  jdessaules@dessauleslaw.com,hpeters@dessauleslaw.com,jpitchel@dessauleslaw.com

- **Michael J Dowd**
  miked@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Daniel S Drosman**
  dand@rgrdlaw.com,karenc@rgrdlaw.com,tholindrake@rgrdlaw.com

- **Jordan Eth**
  jeth@mofo.com,adavis@mofo.com,jrahman@mofo.com

- **Paul Flum**
  PaulFlum@mofo.com,TLee@mofo.com

- **Jason A Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Mark Ryan Scott Foster**
  mfoster@mofo.com,lroiz@mofo.com

- **Andrew S Friedman**
  afriedman@bffb.com,paquilino@bffb.com,rcreech@bffb.com

- **Jeffrey Dale Gardner**
  jgardner@jsslaw.com,eblackmountain@jsslaw.com

- **Richard W Gonnello**
  rgonnello@faruqilaw.com,msullivan@faruqilaw.com,ecf@faruqilaw.com,dbehnke@faruqilaw.com

- **Bryan Jens Gottfredson**
  Bryan.Gottfredson@sackstierney.com

- **Salvatore Jo Graziano**
  salvatore@blbglaw.com,errol.hall@blbglaw.com

- **Tor Gronborg**
  Torg@rgrdlaw.com

- **Joseph P Guglielmo**
  jguglielmo@scott-scott.com

- **Kevin Richard Hanger**
  khanger@bffb.com,tdinardo@bffb.com,rcreech@bffb.com

- **Eugene G Illovsky**
  eillovsky@mofo.com

- **Craig Kennedy**
  mbeyers@omlaw.com

- **Jennifer Lynn Kroll**
  jkroll@martinbonnett.com

- **Cody R LeJeune**
  clejeune@rgrdlaw.com

- **Jeffrey S Leonard**
  jeffrey.leonard@sackstierney.com,frances.fulwiler@sackstierney.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com

- **Peter S Linden**
  plinden@kmllp.com

- **Judson E Lobdell**
  jlobdell@mofo.com,mblackmer@mofo.com

- **Susan Joan Martin**
  smartin@martinbonnett.com,tmahabir@martinbonnett.com,mblawfirm@aol.com

- **Michael Craig McKay**
  mmckay@schneiderwallace.com,efilings@schneiderwallace.com

- **Danielle S Myers**
  danim@rgrdlaw.com

- **Patrick Powers**
  patrick@powerstaylor.com,sarah@powerstaylor.com

- **Ira Michael Press**
  ipress@kmllp.com

- **Jay N Razzouk**
  jrazzouk@robbinsarroyo.com,notice@robbinsarroyo.com

- **Brian J Robbins**
  brobbins@robbinsarroyo.com,rsalazar@robbinsarroyo.com,notice@robbinsarroyo.com

- **Darren J Robbins**
  darrenr@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Hart Lawrence Robinovitch**
  AZDocketing@zimmreed.com,stacy.bethea@zimmreed.com,Hart.Robinovitch@zimmreed.com

- **Joseph Nathaniel Roth**
  jroth@omlaw.com,bwendt@omlaw.com

- **David R Scott**
  drscott@scott-scott.com,efile@scott-scott.com

- **Mark Solomon**
  marks@rgrdlaw.com

- **Christopher Dennis Stewart**
  CStewart@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Edward M Varga , III**
  evarga@kmllp.com

- **Samuel M Ward**
  sward@barrack.com,lxlamb@barrack.com

- **Anna Erickson White**
  awhite@mofo.com,rwebb@mofo.com,avickery@mofo.com

- **Garrett Webster Wotkyns**
  gwotkyns@schneiderwallace.com,efilings@schneiderwallace.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)