James P. Bennett (*Admitted pro hac vice*)
JBennett@mofo.com
Paul Flum (*Admitted pro hac vice*)
PaulFlum@mofo.com
Jordan Eth (*Admitted pro hac vice*)
JEth@mofo.com
Judson E. Lobdell (*Admitted pro hac vice*)
JLobdell@mofo.com
Anna Erickson White (*Admitted pro hac vice*)
AWhite@mofo.com
Philip T. Besirof (*Admitted pro hac vice*)
PBesirof@mofo.com
Mark R.S. Foster (*Admitted pro hac vice*)
MFoster@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
(415) 268-7000

Maureen Beyers, Arizona Attorney No. 017134
MBeyers@omlaw.com
Joseph N. Roth, Arizona Attorney No. 025725
JRoth@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue
Phoenix, Arizona 85012-2793
(602) 640-9000

Attorneys for Defendants
First Solar, Inc., Michael J. Ahearn, Robert J. Gillette,
Mark R. Widmar, Jens Meyerhoff, James Zhu,
Bruce Sohn, and David Eaglesham

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Bruce Sohn, and David Eaglesham,<br><br>Defendants. | CASE NO.   CV12-00555-PHX-DGC<br><br>**REBUTTAL DECLARATION OF ADAM D'ANGELO IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

REBUTTAL DECL. OF D'ANGELO IN SUPPORT OF DEFS.' MOT. FOR SUMMARY JUDGMENT
sf-3537962

I, ADAM D'ANGELO, declare as follows:

1.    I make this Rebuttal Declaration on personal knowledge.  If called as a witness, I could testify to the following facts.

2.    In this Rebuttal Declaration, I use the term "work paper" to refer to the documents that were generated and/or kept in the normal course of PwC's work as the external auditor for First Solar (the "Company"), as described in paragraph 11 of my prior Declaration in Support of Defendants' Motion for Summary Judgment of March 25, 2015 (Dkt. No. 321).

3.    Rebuttal Exhibit 4 is a true and correct copy of a work paper from the audit for the period ended December 31, 2010.  This work paper reflects the analysis of PwC auditors as to the Company's inventory reconciliation, including the Company's valuation of previously sold solar modules that were returned to the Company (which the work paper refers to as "LPM Modules").  PwC auditors noted no exception to the inventory reconciliation or valuation.

4.    I have reviewed the document that the Plaintiffs submitted as Exhibit 284 to the Declaration of Daniel S. Drosman in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment.  This document was generated as part of PwC's review of the Company's interim financial statement for the third quarter of 2010.  This is confirmed by Rebuttal Exhibit 5, which is a true and correct copy of the introductory page for the document that Plaintiffs submit as Exhibit 284.

5.    Rebuttal Exhibit 6 is a true and correct excerpt from one of the work papers from our 2010 annual audit that is part of PwC's assessment of the Company's LPM remediation accruals, as described in paragraph 14 of my prior declaration.

6.    Rebuttal Exhibit 7 is a true and correct copy of an excerpt from a board presentation that PwC received from First Solar in connection with PwC's review of the Company's interim financial statement for the first quarter of 2011.

7.    Rebuttal Exhibit 8 is a true and correct copy of a memorandum that PwC received from First Solar in connection with PwC's review of the Company's interim financial statement for the third quarter of 2011.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 21 day of May, 2015, in New York, New York.

_____
ADAM D'ANGELO