WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>First Solar Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-12-00555-PHX-DGC<br><br>**ORDER** |

Clifford Tindall, Britt Nederhood, Eng Kwang Tan, and Eric Feigin ("Derivative Plaintiffs") move to lift the stay of the above-captioned action ("Securities Class Action"), intervene permissively under Rule 24(b), and unseal all court records filed in connection with the summary judgment motion filed by First Solar, Inc. ("First Solar") and the individual defendants (collectively, "Defendants"). In the alternative, Derivate Plaintiffs move for access to the sealed records. The motion has been fully briefed (Docs. 410-412), and the Court concludes that oral argument will not aid its decision. For the reasons stated below, the Court will deny Derivative Plaintiffs' motion.

**I.     Background.**

The Securities Class Action alleges that First Solar and various officers and directors committed securities fraud between 2008 and 2012 by failing to disclose the existence of an "LPM defect" and a "hot climate defect" in solar panels produced by the company. Doc. 93. The class plaintiffs allege that the failure to disclose these defects

resulted in their purchasing First Solar stock at inflated prices and suffering financial losses when the defects eventually were disclosed. *Id.*

On April 12, 2012, Derivative Plaintiffs filed a Derivative Action on behalf of First Solar against fourteen of its directors and officers ("Derivative Defendants").  The Derivative Action alleged that the defendants breached fiduciary duties owed to First Solar and violated various laws by failing to disclose the LPM and hot climate defects, resulting in "hundreds of millions of dollars in damages to First Solar's reputation, goodwill, and standing in the business community." *Tindall v. Ahearn,* Case 2:12-cv-00769-DGC, Doc. ("Derivative Doc.") 1, ¶ 1.  Derivative Plaintiffs did not make a demand on the First Solar board of directors before filing the complaint, but instead alleged that any demand would be futile. *Id.*  Later in 2012, Derivative Plaintiffs filed an amended complaint, again asserting that demand would be futile. Derivative Doc. 36.

The Court stayed the Derivative Action pending resolution of the Securities Class Action. Derivative Doc. 45.  The stay lasted more than three years, but was lifted by the Court in February 2016.  Derivative Doc. 65.  Once the stay was lifted, Derivative Plaintiffs filed a second amended complaint asserting claims for breach of fiduciary duty, insider trading, and unjust enrichment.  Derivative Doc. 67.  Derivative Defendants responded with a motion to dismiss, arguing that Derivative Plaintiffs had not shown demand futility as required by Federal Rule of Civil Procedure 23.1.  Derivative Doc. 70.  The Court agreed, and on June 30, 2106, dismissed the insider trading and unjust enrichment claims without leave to amend. *In re First Solar Derivative Litig.*, No. CV-12-00769-PHX-DGC, 2016 WL 3548758 (D. Ariz. June 30, 2016).  The Court dismissed the breach-of-fiduciary-duty claim with leave to amend and denied Derivative Plaintiffs' request to unseal evidence in the Securities Class Action, finding that "discovery should not be permitted to supplement allegations of demand futility – allegations that should reflect facts known to Plaintiffs when they elected not to make a demand on First Solar's board." *Id.* at *14 (quoting Derivative Doc. 65 at 5).[1]

---

[1] In the Securities Class Action, the Court had previously granted First Solar's

Derivative Plaintiffs now seek to intervene in the Securities Class Action and obtain access to the sealed information, hoping to find support for their demand futility claim. Derivative Plaintiffs argue that the Court should allow permissive intervention because the requirements of Rule 24(b) are met. Doc. 410 at 5-6. They further argue that the Court should unseal the documents because the Derivative Defendants have not overcome the strong presumption favoring public access to court records. *Id.* at 8.

Derivative Defendants argue that the common claim or defense requirement of Rule 24(b) has not been met. Doc. 411 at 6. They add that even if the Court finds all Rule 24(b) requirements satisfied, the Court should exercise its discretion to refuse intervention because granting the motion would contravene the important policy against derivative plaintiff access to discovery before satisfaction of Rule 23.1. *Id.* at 10.

**II.    Legal Standard.**

Three conditions must exist to satisfy Rule 24(b): (1) an independent ground for jurisdiction, (2) a timely motion, and (3) a common question of law and fact between the movant's claim or defense and the main action. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). Requirements one and two are not in dispute here.[2] The parties instead focus on whether there is a common question of law or fact between Derivative Plaintiffs' claim and the Securities Class Action. A district court may deny a motion for permissive intervention on discretionary grounds even if all three Rule 24(b) requirements are met. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999) ("motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court").

---

uncontested motion to file under seal six exhibits used to support Defendants' motion for summary judgment. Doc. 387. These exhibits were said to contain trade secrets which, if released to the public, could be used by competitors to gain an unfair advantage over First Solar in the solar power market. *Id.*

[2] The Ninth Circuit has held that an independent basis for jurisdiction is not required when the purpose of the proposed intervention is to modify a protective order, rather than to litigate claims or defenses on the merits. *Beckman*, 966 F.2d at 473. And, First Solar does not claim that this motion is untimely under Rule 24(b).

**III.     Analysis.**

   **A.     Commonality.**

As Derivative Plaintiffs correctly note, the commonality requirement is construed liberally when a party's sole purpose for seeking intervention is to modify a protective order. *Beckman*, 966 F.2d at 474 ("There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order"). Although the commonality requirement is relaxed in such cases, it is not eliminated. This Court has previously found that the commonality requirement survives *Beckman* and later cases. *Bobolas v. Does*, No. CV-10-2056-PHX-DGC, 2011 WL 304874, at *2 (D. Ariz. Jan. 28, 2011).

In *Beckman*, the court found the commonality requirement satisfied when the intervenors, who were litigating claims in state court concerning the scope of an insurance policy, sought to intervene for the purpose of modifying a protective order in a federal case concerning the same policy. 966 F.2d at 471. All cases were against the same defendant. The *Beckman* court found:

> The issue of interpretation of the policy supplies a sufficiently strong nexus between the district court action and the state actions to satisfy the commonality requirement. Further specificity, *e.g.,* that the claim involve the same clause of the policy, or the same legal theory, is not required when intervenors are not becoming parties to the litigation.

*Id.* at 474.

To address commonality, the Court must consider the interests of the proposed intervenors and their similarity to issues in the Securities Class Action. As Derivative Plaintiffs note, derivative actions consist of "two distinct types of claims." Doc. 412 at 7. The first "is the equivalent of a suit by the shareholders to compel the corporation to sue." *Aronson v. Lewis*, 473 A.2d 805, 811 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000). Before shareholders may bring a derivative action on behalf of a corporation, they must either demand action from the board or show that demand would be futile. Fed. R. Civ. P. 23.1(b)(3). If shareholders who have not made a demand fail to show demand futility, they lack standing to bring the underlying

- 4 -

1  claim, which belongs solely to the corporation. The second claim in a derivative action,
2  if standing exists, is the suit on behalf of the corporation. *Aronson*, 473 A.2d at 811. In
3  this case, that claim is the alleged breach of fiduciary duty that Derivative Plaintiffs hope
4  to reassert in a third amended complaint. *In re First Solar Derivative Litig.*, 2016 WL
5  3548758, at *13.

6  For purposes of Rule 24(b) commonality analysis, the relevant claim is the first –
7  Derivative Plaintiffs' assertion that a demand on the board of directors would have been
8  futile. They seek to intervene in this action to obtain evidence supporting that argument.

9  The demand requirement promotes "the basic principle of corporate governance
10 that the decisions of a corporation – including the decision to initiate litigation – should
11 be made by the board of directors or the majority of shareholders." *Daily Income Fund,*
12 *Inc. v. Fox*, 464 U.S. 523, 530 (1984). "Because the board is presumptively entitled to
13 make the decision to bring suit, shareholders seeking to bring such an action must plead
14 with particularity whether they demanded that the directors bring the action, and, if not,
15 why it would have been futile to make such a demand." *In re First Solar Derivative*
16 *Litig.*, 2016 WL 3548758, at *3. "This requirement allows the court to determine, at the
17 outset of the litigation, whether the board is capable of representing the interests of the
18 corporation faithfully, or whether a majority of the directors has a conflict of interest that
19 justifies the plaintiff shareholders' bypassing of the board." *Id.*

20 Derivative Plaintiffs have sued eight individuals who were members of First
21 Solar's board of directors during the relevant period of 2008 to 2012. *Id.* at *2. Seven of
22 these defendants were members of First Solar's 11-person board when Derivative
23 Plaintiffs filed their second amendment complaint in March 2016. *Id.* at *4. Because
24 four members of the board were not directors during the relevant time period and were
25 not named as defendants in the Derivative Action, they are considered disinterested as a
26 matter of law. *Id.* at *5. Thus, to establish demand futility, Derivative Plaintiffs must
27 show that at least six of the seven directors who are defendants in the Derivative Action
28 face a substantial likelihood of personal liability. *Id.* at *6.

In some respects, the demand futility claim is quite distinct from the Securities Class Action. Demand futility presents a different legal question than securities fraud, and six of the seven directors against whom demand futility is directed are not defendants in the Securities Class Action.

On the other hand, Rule 24(b)(1)(B) also considers common questions of *fact*, and there clearly is factual overlap between the Securities Class Action and the demand futility claim. Plaintiffs in the Securities Class Action must prove, among other elements, that the defendants failed to disclose the LPM and hot climate defects with scienter – a mental state embracing intent to deceive, manipulate, or defraud. *Smilovits v. First Solar Inc.*, 119 F. Supp. 3d 978, 1001 (D. Ariz. 2015). Derivative Plaintiffs must show that the relevant directors face a substantial likelihood of personal liability because they knew of the LPM and hot climate defects, participated in a decision not to disclose them, and did so in bad faith, knowingly, or intentionally. *In re First Solar Derivative Litig.*, 2016 WL 3548758, at *6. Both cases focus on what the corporation and its directors and officers knew, and when. The Court concludes that this is a sufficiently strong factual nexus to satisfy the commonality requirement under *Beckman*, 966 F.2d at 474.

### B. Discretionary Factors

As noted above, however, a "motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." *Bobolas*, 2011 WL 304874, at *1 (internal quotations omitted); *see also North Dakota ex rel. Stenehjem v. U.S.*, 787 F.3d 918, 923 (8th Cir. 2015) ("A decision on this question is wholly discretionary."); 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary* at 601 (2016). A court may "consider other factors in making its discretionary decision on the issue of permissive intervention . . . includ[ing] the nature and extent of the intervenors' interest." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

The Supreme Court has stated that conditions supporting a finding of demand futility must be "extraordinary." *Kamen v. Kemper Fin. Servs., Inc.,* 500 U.S. 90, 95-96

(1991); *see also In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.,* 493 F.3d 393, 396 (3d Cir. 2007) (referring to the "the narrow exception where demand may be excused"). And when shareholders elect to argue demand futility, they "are required to establish that demand would have been futile at the time they commenced litigation." *Id.* at 400.

Derivative Plaintiffs have alleged in all of their complaints that any demand on First Solar's board would have been "a futile and useless act." Derivative Docs. 1, ¶ 153; 36, ¶ 216; 67, ¶ 291. In other words, Plaintiffs claim that conditions existing *before they filed suit* made clear to them that any demand on the board would have been futile. As a result, there is good reason to deny them discovery:

> When a plaintiff fails to make a pre-suit demand upon the board they must be aware, at the time of filing the complaint, of particularized facts which lead them to believe demand would be futile. The demand requirement would be rendered meaningless if a plaintiff who cannot establish demand futility when he files suit is nonetheless permitted to amend his pleading using materials later obtained during discovery to justify his failure to make a pre-suit demand.

*In re Merck & Co., Inc.*, No. CIV.A. 05-1151, 2006 WL 1228595, at *18 (D.N.J. May 5, 2006) (citation omitted), *rev'd on other grounds*, *In re Merck*, 493 F.3d at 400 ("As we have stated, derivative plaintiffs are required to establish that demand would have been futile at the time they commenced litigation. A corollary of this rule is that discovery generally may not be used to supplement allegations of demand futility.") (citations omitted); *see also Rales*, 634 A.2d at 934 n.10 ("derivative plaintiffs . . . are not entitled to discovery to assist their compliance with Rule 23.1"). Allowing Plaintiffs access to sealed records obtained after significant discovery in the Securities Class Action would be tantamount to permitting Plaintiffs to conduct discovery in aid of their demand futility argument. As twice before, the Court will exercise its discretion to deny Plaintiffs such discovery. *See In re First Solar Derivative Litig.*, 2016 WL 3548758, at *14; *In re First Solar Derivative Litig.*, No. CV-12-00769-PHX-DGC, 2016 WL 687138, at *2-3 (D.

- 7 -

Ariz. Feb. 19, 2016).

Derivative Plaintiffs argue that seeking access to the sealed Securities Class Action records is not tantamount to discovery, but rather an invocation of their rights to access documents in the public record. Doc. 412 at 8. The Court disagrees. The present motion is not a First Amendment inquiry from a generally interested citizen, but a clear attempt to avoid the Court's previous rulings that discovery should not be available to assist Derivative Plaintiffs in showing why *they* did not make a demand on First Solar's board before bringing the Derivative Action. It is, in essence, an attempt to maneuver around the well-accepted rule that "discovery may not be used to supplement demand futility allegations." *Merck*, 493 F.3d at 398.

The Court again notes that while discovery is not available, shareholders do have "many avenues available to obtain information bearing on the subject of their claims," such as a books and records inspection under Delaware law, 8 Del. Code § 220, and "a variety of public sources . . . including the media and governmental agencies such as the Securities and Exchange Commission." *Rales*, 634 A.2d at 935; *Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart,* 845 A.2d 1040, 1056 (Del. 2004); *In re Walt Disney Co. Derivative Litig.*, 825 A.2d 275, 279 (Del. Ch. 2003). Derivative Plaintiffs appear to have failed to take advantage of these tools.

Considering the policy behind the demand requirement, the Court's previous two denials of discovery to support demand futility, and the availability of a books and records inspection, the Court exercises its discretion to deny intervention. The fact that Derivative Plaintiffs have made three unsuccessful attempts to present a valid demand futility claim – a claim which should be supported by facts known to them when they commenced the Derivative Action – further counsels against intervention.

**IT IS ORDERED** that Derivative Plaintiffs' Motion to (1) Lift the Stay for a Limited Purpose; (2) Intervene for a Limited Purpose; and (3) Unseal Court Records (Doc. 410) is **denied.**

Dated this 30th day of September, 2016.

_____
David G. Campbell
United States District Judge