**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Bruce Sohn and David Eaglesham,<br><br>Defendants. | No. CV2:12-cv-00555-DGC<br><br>**ORDER** |

Class Counsel Robbins Geller Rudman & Dowd LLP moves for entry of a set-aside order which would establish a framework under which Class Counsel could seek Court-approved compensation for work performed in this litigation that benefits all purchasers of First Solar, Inc. stock between May 2, 2008 and February 29, 2012. Doc. 550. Under the proposed order, 12% of any settlement or judgment obtained by a plaintiff that has opted out of the class in this case (the "Class") would be withheld and deposited by Defendants in an escrow account. Payments from the account would be subject to Court approval after a showing by Class Counsel of the benefits that Class Counsel has conferred on opt-out plaintiffs. *Id.* Account funds not paid out in this manner would be disbursed to the plaintiffs who secured them by settlement or judgment.

Maverick Fund, L.D.C., Maverick Fund USA, Ltd., Maverick Fund II, Ltd., Maverick Neutral Fund, Ltd., Maverick Neutral Levered Fund, Ltd., Maverick Long Fund,

Ltd., and Maverick Long Enhanced Fund, Ltd. (collectively, "Maverick") move to intervene in this case for the sole purpose of opposing Class Counsel's motion. Doc. 623. Maverick is the plaintiff in *Maverick Fund, L.D.C., et al. v. First Solar, Inc., et al.*, No. CV15-1156-PHX-DGC (D. Ariz.) (the "Maverick Action").

Defendants have taken no position on Class Counsel's request for a set-aside fund.

These matters are fully briefed, and no party has requested oral argument. For the reasons set forth below, the Court will grant Maverick's motion to intervene for a limited purpose and grant in part Class Counsel's motion to establish the set-aside fund and procedures for seeking compensation from the fund.

### A. Intervention.

No party opposes Maverick's motion to intervene. Intervention is warranted because Maverick "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest[.]" Fed. R. Civ. P. 24(a)(2). Intervention is granted for the limited purposes of opposing creation of the set aside fund and participating in any future requests for compensation from the fund.

### B. The Parties' Positions.

Class counsel argues that the Court's authority to enter a "set-aside order 'derives from the Supreme Court's common benefit doctrine.'" *In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2017 WL 3478810, at *1 (N.D. Cal. Aug. 14, 2017) (quoting *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, No. M:05-cv-01699-CRB, 2006 WL 471782, at *1 (N.D. Cal. Feb. 28, 2006)). Class Counsel notes that "the doctrine is designed to spread litigation costs proportionately among all the beneficiaries so that the active beneficiary does not bear the entire burden alone and the 'stranger' beneficiaries do not receive their benefits at no cost to themselves." *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). Class Counsel further asserts that the Court has authority under its inherent management powers and the Private Securities Litigation Reform Act of 1995 ("PSLRA") to ensure that Class Counsel is fairly compensated for work it performs

on behalf of all plaintiffs. *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644, 653 (E.D. Pa. 2003) ("A necessary corollary to court appointment of lead and liaison counsel and appropriate management committees is the power to assure that these attorneys receive reasonable compensation for their work."); Fed. R. Civ. P. 23(h); 15 U.S.C. § 78u-4(a)(8).

Maverick argues that a common benefit fund has never been created in a non-MDL securities fraud case, a proposition Class Counsel does not dispute; that such a fund should be created only in extraordinary circumstances, which do not exist here; that the fund is barred by the PSLRA; and that the fund would be contrary to the class notice in this case. Maverick also argues that Class Counsel has not conferred a substantial benefit on Maverick that would warrant payment from a common benefit fund.

### C. Benefits Conferred on Maverick.

Although the ultimate determination of whether Class Counsel is entitled to compensation from any common benefit fund must await conclusion of this litigation and the Maverick Action, the Court has no difficulty concluding preliminarily that Class Counsel has conferred substantial benefits on Maverick. Over the past seven years, Class Counsel has investigated and drafted a 133-page Class Complaint (Doc. 93); successfully opposed Defendants' motion to dismiss (Docs. 109, 114); negotiated search terms and custodians – and filed motions to compel – resulting in the production of relevant documents; analyzed more than 515,000 documents from more than 40 First Solar custodians and third-parties; taken 21 fact depositions, which Maverick has obtained and may rely on to reduce the number of depositions in its own case; conducted substantial expert discovery and submitted expert reports which Maverick has obtained; and defeated Defendants' motion for summary judgment, interlocutory appeal to the Ninth Circuit, and petition for a writ of certiorari to the Supreme Court. Maverick has not participated in any of these legal battles, and yet clearly is benefitting from Class Counsel's work.

### D. Maverick's Arguments.

Maverick contends that the set-aside fund is barred by this provision of the PSLRA: "Restrictions on payment of attorneys' fees and expenses. Total attorneys' fees and

expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C. § 78u-4(a)(6). This provision is a limitation on the amount of attorneys' fees, not the source. It mandates that the total fees awarded to Class Counsel cannot exceed a reasonable percentage of the amount of damages actually paid to the Class, but it does not state that the fees must come from those damages. The Court interprets this provision to mean that any fees awarded to Class Counsel from the Class recovery, plus any fees awarded to Class Counsel from the set-aside fund – the "total" attorneys' fees awarded by the Court to Class Counsel – cannot collectively exceed a reasonable percentage of the damages actually paid to the Class. But this provision does not bar the Court from applying the common fund doctrine and awarding fees to Class Counsel from the set-aside fund, an issue on which the PSLRA is silent. *C.f., Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("unless Congress has forbidden the application of the common fund doctrine in cases in which attorneys could potentially recover fees under the type of fee-shifting statutes at issue here, the courts retain their equitable power to award common fund attorneys' fees").

> The Ninth Circuit has explained the common fund doctrine in these words:
>
> The common fund doctrine provides that a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees. The doctrine is employed to realize the broadly defined purpose of recapturing unjust enrichment. That is, the doctrine is designed to spread litigation costs proportionately among all the beneficiaries so that the active beneficiary does not bear the entire burden alone and the "stranger" beneficiaries do not receive their benefits at no cost to themselves.

*Vincent*, 557 F.2d at 769 (quotation marks and citation omitted). The Supreme Court has also "recognized that courts have the right and power to require those who benefit from a lawsuit to share in the costs of the litigation which benefitted them[.]" *In re Linerboard Antitrust Litigation*, 292 F. Supp. 2d at 654 (citing *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 166-67 (1939)).

Maverick argues that the common fund doctrine is usually applied in the mass tort MDL context and should not be applied to a securities fraud class action. Doc. 623 at 4. But Maverick cites no authority for this conclusion (*id.*), Class Counsel notes that no court has held that the common fund doctrine does not apply to securities fraud class actions, and the Court finds that the equitable purposes of the doctrine are well-suited to this case. The five factors identified by the Ninth Circuit in *Vincent* as necessary for application of the doctrine all satisfied here. 557 F.2d at 770-71.

First, any additional fees for Class Counsel would not be assessed against Defendants. Second, no contractual relationship exists between Class Counsel and Maverick. Third, Maverick and any other beneficiaries of Class Counsel's work would pay fees only in proportion to the benefits Class Counsel produced for them. Fourth, Maverick has not hired counsel and appeared in this case. And Fifth, any claim of Class Counsel would be satisfied out of the set-aside fund, which the Ninth Circuit held be a sufficient "fund" for purposes of the common fund doctrine.[1] Other courts have concluded that the common fund doctrine is not limited to the mass tort MDL setting. *See In re Lidoderm Antitrust Litigation*, 2017 WL 3478810 at *1 ("Defendants are correct that the majority of cases relied on by EPP Class Counsel arose in the context of mass tort litigation. But defendants fail to show why the equitable principles that the mass torts courts recognized to justify set-aside orders do not apply in the class action context. They do.").[2]

The Court does not agree that creation of a set-aside fund would be contrary to the class notice. The notice did say that Class Counsel could seek to recover attorneys' fees from benefits conferred on the Class and that opt outs would be required to litigate their own cases at their own expense. But it said nothing about whether Class Counsel would also be permitted to seek fees from recoveries of opt-out plaintiffs, and Maverick does not

---

[1] The Court finds preliminarily, as did the district court in *Vincent*, that money placed in the set-aside fund will have been procured in part by the efforts of Class Counsel. 557 F.2d at 771 & n.10. Maverick will be free to challenge the accuracy of this preliminary finding when Class Counsel seeks compensation from the fund.

[2] Maverick cites *Brewer & Pritchard, P.C. v. Hexcel Corp.*, 1998 U.S. App. LEXIS 576, *1 (9th Cir. 1998), an unpublished decision that cannot be cited under Ninth Circuit rules. *See* Fed. R. App. P. 32.1; Ninth Circuit Rule 36-3(c).

- 5 -

claim that it opted out in reliance on the fact that such fees would be unavailable. If the Court concludes that Maverick has been benefited substantially in its recovery by the work of Class Counsel, compensation of Class Counsel out of a portion of Maverick's recovery would be consistent with Maverick litigating to a conclusion at its own expense.

Maverick argues that Class Counsel may recover from a common fund only if it shows that its efforts "were a significant cause-in-fact" of any settlement Maverick achieves. Doc. 623 at 8 (quoting *Vincent*, 557 F.2d at 771). This may be true, but the argument is premature. Before authorizing any payments to Class Counsel from the set-aside fund, the Court will first determine that Class Counsel meets the appropriate legal standard. Those issues will be fully litigated, with participation by Maverick, when and if the point arrives for the Court to consider an award of fees from the set-aside fund. *See Staton*, 327 F.3d at 970 ("courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the . . . plaintiffs. Accordingly, fee applications must be closely scrutinized. Rubber-stamp approval, even in the absence of objections, is improper." (quotation marks and citation omitted)).

### E. Conclusion.

The Court will grant Class Counsel's request to establish a set-aside fund for possible payment of fees to Class Counsel when this case and the Maverick Action have been resolved. The Court accepts Class Counsel's proposed order with one exception. The Court finds that a 10% set-aside fund will be sufficient in this case. *See In re Lidoderm Antitrust Litig.*, 2017 WL 3478810 at *3 (adopting 10% set aside after reviewing cases).

**IT IS ORDERED:**

1. In the event a person or entity that has opted out of the Class in this action (an "opt-out plaintiff") obtains a settlement or judgment in an action filed in this Court or transferred to this Court related to securities fraud claims arising from the events at issue in this action, Defendants shall establish and thereafter maintain an insured escrow account entitled "First Solar Securities Class Action Fee and Expense Account" ("the Account");

2. For any settlement or judgment obtained by such an opt-out plaintiff, Defendants shall set aside and place into the Account 10% of the total monetary value of such settlement or judgment;

3. No amounts shall be paid from the Account unless and until approved by the Court;

4. The set-aside funds shall be available, at the Court's discretion, to pay attorneys' fees and expenses incurred by Class Counsel or other counsel for their common benefit work, subject to a showing of entitlement to such payments;

5. The common benefit work eligible for compensation from the Account includes the work outlined in the Court's Case Management Orders (Docs. 131, 177) and Amended Scheduling Order (Doc. 462);

6. Upon conclusion of this action and litigation brought by opt-out plaintiffs, Class Counsel and counsel for the opt-out plaintiffs shall meet and confer and attempt in good faith to agree on an appropriate allocation of the set-aside funds. If counsel reach agreement, they shall report to the Court and seek Court approval of the agreed-upon allocation. If no agreement is reached, Class Counsel shall file with the Court within 14 days of reaching impasse an application for compensation supported by a showing of relevant common benefit work performed and expenses incurred. Any opposition may be filed within 14 days of the filing of the initial application, with any replies due no more than 7 days later. Whether or not Class Counsel and counsel for opt-out plaintiffs reach agreement, the Court will make an independent determination of the reasonableness of fees to be awarded any counsel from the Account. Consistent with 15 U.S.C. § 78u-4(a)(6), the Court will ensure that the total attorneys' fees and expenses awarded by the Court to Class Counsel, from any source including the Account, shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the Class;

7. Any other counsel for one or more opt-out plaintiffs that believe they have performed compensable common benefit work shall also be permitted to apply to the Court for compensation from the Account as described above;

8. Any set-aside funds not paid to Class Counsel or other counsel for common benefit work shall be remitted pro rata to the opt-out plaintiffs from whose settlements or judgments the set-aside funds were withheld;

9. This order shall apply to all actions filed in this Court or transferred to this Court related to securities fraud claims arising from Defendants' alleged material misrepresentations and omissions concerning First Solar's underperforming solar modules during the Class period;

10. Class Counsel's motion for a set-aside order (Doc. 550) is **granted in part** as set forth above. Maverick's motion to intervene for the limited purpose of opposing the Account and any future request for an award of fees from the Account (Doc. 623) is **granted**.

Dated this 16th day of December, 2019.

David G. Campbell
Senior United States District Judge