IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Bruce Sohn and David Eaglesham,<br><br>Defendants. | No. CV-12-00555-PHX-DGC<br><br>CLASS ACTION<br><br>ORDER GRANTING PRELIMINARY APPROVAL PURSUANT TO FED. R. CIV. P. 23(E)(1) AND PERMITTING NOTICE TO THE CLASS |

WHEREAS, an action pending before this Court is styled *Smilovits v. First Solar, Inc. et al.*, No. 2:12-cv-00555-DGC (D. Ariz.) (the "Litigation");

WHEREAS, Lead Plaintiffs having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated February 13, 2020 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation with prejudice upon, and subject to, the terms and conditions set forth therein; and the Court having read and considered: (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and the Settlement set forth therein as fair, reasonable and adequate, subject to further consideration at the Final Approval Hearing (as defined in ¶3 below).

2. The Court preliminarily finds that the proposed Settlement should be approved as: (i) it is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval;

- 1 -

(iii) having no obvious deficiencies; (iv) there is no substantive deviation from the Class previously certified by the Court; and (v) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Final Approval Hearing described below.

3. A hearing shall be held before this Court on **June 30**, **2020**, **at 1:30 p.m.** (the "Final Approval Hearing"), at the Sandra Day O'Connor United States Courthouse, United States District Court for the District of Arizona, 401 West Washington Street, Phoenix, AZ, in Courtroom 603, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided in ¶1.11 of the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine the amount of attorneys' fees, costs, charges and expenses that should be awarded to Lead Counsel; to determine any award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); to hear any objections by Class Members to: (i) the Settlement or Plan of Allocation; (ii) the award of attorneys' fees and expenses to Lead Counsel; and (iii) awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); and to consider such other matters the Court deems appropriate. The Court may adjourn the Final Approval Hearing without further notice to the Class.

4. The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

5. The Court approves the form of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form annexed hereto as Exhibit A-3.

6. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

7. Not later than **March 25, 2020** (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release, substantially in the forms annexed hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the case-designated website, www.First SolarSecuritiesLitigation.com.

8. Not later than **April 1, 2020**, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

9. At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired First Solar publicly-traded securities between April 30, 2008 and February 28, 2012, inclusive, as record owners but not as beneficial owners. Such nominee purchasers are directed, within fourteen (14) business days of their receipt of the Notice,

to either forward copies of the Notice and Proof of Claim and Release to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release promptly to such identified beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim and Release to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim and Release to beneficial owners.

11.   The form and content of the notice program described herein and the methods set forth herein for notifying the Class of (a) the Settlement and its terms and conditions, (b) the Fee and Expense Application, and (c) the Plan of Allocation, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

12.   All fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility or liability for such fees, costs, or expenses.

13.   All Class Members (except Persons who requested exclusion pursuant to the Notice of Pendency of Class Action provided in December, 2013 and plaintiffs in the action

entitled *Maverick Fund, L.D.C. v. First Solar, Inc. et al.*, No. 2:15-cv-01156-DGC (D. Ariz.)) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

14. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than **July 1, 2020**. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against Lead Plaintiffs, Lead Counsel or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late submitted claims.

15. Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

16. Any Member of the Class may appear at the Final Approval Hearing and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges and expenses should not be awarded or awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) should not be awarded; provided, however, that no Class Member or any other Person shall be heard at the Final Approval Hearing or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees, together with costs and expenses to be awarded to Lead Counsel or any award to Lead Plaintiffs, unless the Person objecting has filed said written objections and copies of any papers and briefs with the Clerk of the United States District Court for the District of Arizona and mailed copies thereof by first-class mail to Robbins Geller Rudman & Dowd LLP, Daniel S. Drosman, 655 West Broadway, Suite 1900, San Diego, CA 92101, and Cravath, Swaine & Moore LLP, Daniel Slifkin, Worldwide Plaza, 828 Eighth Avenue, New York, NY 10019 no later than **June 9, 2020**. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed

Settlement as incorporated in the Stipulation, to the Plan of Allocation, or to the award of fees, costs, charges and expenses to Lead Counsel or Lead Plaintiffs, unless otherwise ordered by the Court. Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, charges and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Final Approval Hearing. Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

17. Any Class Member who does not object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees, costs, charges and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges and expenses.

18. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19. Any application by Lead Counsel for attorneys' fees, costs, charges and expenses, and awards to Lead Plaintiffs, shall be filed and served no later than **April 24, 2020**. All papers in support of the Settlement and Plan of Allocation shall be filed and served no later than **May 22, 2020**. Any reply papers shall be filed and served no later than **June 23, 2020**.

20. The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees, costs, charges or expenses submitted by Lead Counsel.

21. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, charges and expenses, should be approved. The Court reserves the right to enter the Order and Final Judgment approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or costs, charges and expenses.

22. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor Lead Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.11 or 2.13 of the Stipulation.

23. Neither this Order nor the Stipulation, nor any of their respective terms or provisions, nor any of the negotiations, discussions, proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or

the Settlement or this Order may be construed as an admission or concession by the Defendants or any other Released Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation or this Order.  The Released Persons, Lead Plaintiffs, Class Members, and each of their counsel may file the Stipulation, and/or this Order and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

24. All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or this Order.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

25. The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court

may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

26.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective litigation positions as of January 5, 2020.

Dated this 2nd day of March, 2020.

_____
David G. Campbell
Senior United States District Judge