UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Bruce Sohn and David Eaglesham,<br><br>Defendants. | No. 2:12-cv-00555-DGC<br><br><u>CLASS ACTION</u><br><br>ORDER AND FINAL JUDGMENT |

On June 30, 2020, the Court held a hearing to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated February 13, 2020 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in this case (the "Litigation"), including the release of the Released Persons; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and against all persons or entities who are Members of the Class who have not timely and validly requested exclusion from the Class; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Members of the Class; (4) whether and in what amount to award Lead Counsel fees and costs, charges and expenses; and (5) whether and in what amount to reimburse Lead Plaintiffs for their costs and expenses in representing the Class.

The Court has considered all matters submitted to it before and during the hearing. No substantive objections have been made by Class Members to the proposed settlement or the requests for fees and costs. All capitalized terms not otherwise defined in this order have the meanings set forth in the Stipulation.

IT IS ORDERED:

1. The Court has jurisdiction over the subject matter of this Litigation, the Lead Plaintiffs, all Class Members, and Defendants.

2. Excluded from the Class is any Class Member that validly and timely requested exclusion, which Class Members are identified in Exhibit A. Also excluded are the plaintiffs in the action captioned *Maverick Fund, L.D.C. v. First Solar, Inc. et al.*, No. 2:15-cv-01156-DGC, pending in this Court (the "Opt-Out Litigation").

3. Notice of the pendency of this Litigation and the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Litigation and the terms and conditions of the proposed Settlement meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all individuals and entities entitled to notice.

4. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects, fair, reasonable, and adequate. The Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Class; (b) the Settlement and Stipulation were negotiated at arm's length; (c) the relief provided for the Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) the absence of any agreement required to be

1 identified under Rule 23(e)(2); and (d) the proposed Plan of Allocation treats Class
2 Members equitably relative to each other.

3     5.    The Court authorizes and directs implementation and performance of all the
4 terms and provisions of the Stipulation, as well as the terms and provisions of this order.
5 Except for claims of Persons who have validly and timely requested exclusion from the
6 Class (identified in Exhibit A), and the plaintiffs in the Opt-Out Litigation, the Court
7 dismisses all Released Claims of the Class, as against the Released Persons, with prejudice.
8 The Settling Parties are to bear their own costs, except to and to the extent provided in the
9 Stipulation and this and related orders.

10     6.    The releases as set forth in ¶¶4.1-4.4 of the Stipulation (the "Releases"),
11 together with the definitions contained in ¶¶1.1-1.32 of the Stipulation, are expressly
12 incorporated in this order in all respects. The Releases are effective as of the Effective
13 Date.

14     7.    Upon the Effective Date, each of the Releasing Plaintiff Parties will be
15 forever barred and enjoined from commencing, instituting, prosecuting, or continuing to
16 prosecute any action or other proceeding in any court of law or equity, arbitration tribunal,
17 or administrative forum, asserting the Released Claims against any of the Released
18 Persons. Claims to enforce the terms of the Stipulation are not released.

19     8.    Upon the Effective Date, Lead Plaintiffs shall, and each and every Releasing
20 Plaintiff Party shall be deemed to have, and by operation of this Judgment shall have, fully,
21 finally, and forever waived, released, relinquished, discharged and dismissed each and
22 every one of the Released Claims (including Unknown Claims) against each and every one
23 of the Released Persons and shall forever be barred and enjoined from commencing,
24 instituting, prosecuting, or maintaining any and all of the Released Claims against any and
25 all of the Released Persons, whether or not such Releasing Plaintiff Party executes and
26 delivers the Proof of Claim and Release or shares in the Net Settlement Fund. Lead
27 Plaintiffs and each Releasing Plaintiff Party are bound by this Judgment, including, without
28 limitation, the release of claims as set forth in the Stipulation. The Released Claims are

hereby compromised, settled, released, discharged, and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. Claims to enforce the terms of the Settlement are not released.

9. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, the Class and Plaintiffs' Counsel from all Released Defendants' Claims (including Unknown Claims). Claims to enforce the terms of the Stipulation are not released.

10. Upon the Effective Date, to the fullest extent permitted by law, (i) all Persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Persons seeking as damages or otherwise the recovery of all or part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Litigation, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Released Persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any Persons seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to, or concerning any acts, facts, statements or omissions that were or could have been alleged in the Litigation, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration

proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; ***provided that*** clauses (i) and (ii) of this Paragraph shall not be construed to modify, amend, or supersede any agreements between or among the Released Persons with respect to claims between or among those Released Persons.

11. Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Litigation, and Defendants have represented that they entered into the Settlement because it would be beneficial to avoid the burden, inconvenience, and expense associated with continuing the Litigation and the uncertainty and risks inherent in any litigation. Neither this Order and Final Judgment, the Stipulation, nor any of their respective terms and provisions, nor any of the negotiations, discussions, or proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the documents or statements referred to therein, nor any payment or consideration provided for therein, shall be:

(a) offered or received against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any of the allegations in the Litigation or the validity of any claim that has been or could have been asserted against any of the Released Persons in the Litigation or in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, action, or proceeding, whether civil, criminal, or administrative in any court, administrative agency, or other tribunal, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Persons;

(b) offered or received against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Persons, or against Lead Plaintiffs or any Member of the

Class as evidence of, or construed as evidence of, any infirmity of the claims alleged by Lead Plaintiffs;

(c) offered or received against the Released Persons, Lead Plaintiffs, or any Member of the Class as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons, Lead Plaintiffs, or any Member of the Class with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Persons, Lead Plaintiffs, or any Member of the Class in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Order and Final Judgment; provided, however, that the Released Persons, Lead Plaintiffs, and any Member of the Class may refer to them to effectuate the liability protection granted them hereunder;

(d) offered or received against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons that the Settlement Amount represents the amount which could or would have been recovered after trial; or

(e) offered or received against Lead Plaintiffs or any Member of the Class as evidence of, or construed as evidence of, any presumption, concession, or admission by Lead Plaintiffs or any Member of the Class that any of their claims are without merit, or that any defenses asserted by the Defendants in the Litigation have any merit, or that damages recoverable in the Litigation would not have exceeded the Settlement Fund.

12. The Released Persons may file the Stipulation and/or this Order and Final Judgment in any action to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $350,000,000.00 to the Settlement Fund, in accordance with ¶2.2 of the Stipulation.

14. The Court finds and concludes that the Lead Plaintiffs, Plaintiffs' Counsel, Defendants and Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, dispositive motion, or other filing.

15. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application or awards to Lead Plaintiffs shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses, and awards to Lead Plaintiffs.

16. Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Lead Counsel and/or (b) this Court's approval regarding any attorneys' fee and expense applications, including any awards to Lead Plaintiffs, shall in no way disturb or affect the finality of the other provisions of this Order and Final Judgment nor the Effective Date of the Settlement.

17. Without affecting the finality of this Order and Final Judgment in any way, jurisdiction is hereby retained over Defendants, Lead Plaintiffs and Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, including administering and distributing the settlement proceeds to the Members of the Class.

18. In the event that the Effective Date does not occur in accordance with the terms of the Stipulation, or is terminated pursuant to ¶2.16 of the Stipulation, ¶¶7.4, 7.5 and 7.6 of the Stipulation shall apply and this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by

any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to January 5, 2020.

19. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

21. Lead Plaintiffs propose that any de miminis residual settlement funds be donated to CII Research and Education Fund ("CII-REF") (www.ciiref.org), a nonpartisan tax-exempt organization under §501(c)(3) of the Internal Revenue Code. The Court finds that any cy pres award in this case is likely to be de minimis in light of the proposed method of distributing the Settlement, and that CII-REF is an appropriate recipient of any such funds because there is a "nexus between the plaintiff class and the cy pres beneficiaries." *Nachsin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011). According to its website, CII-REF "focuses on educating the public, investors, corporations, and other financial market participants and policymakers about topical issues, including corporate governance, shareholder rights, investment, capital markets, accounting standards and securities litigation." Doc. 715 at 18. As it is "guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members" (*Nachshin*, 663 F.3d at 1039), CII-REF is a suitable recipient of any residual funds in this shareholder class action alleging violations of the federal securities laws. *See also Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012); *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1308 (9th Cir. 1990).

22. The Court has reviewed and considered the letters submitted by Class Members Katherine A. Vinceri and Jeanne I. Levesque. The Court finds that neither letter provides a meritorious objection to the Settlement.

23. This Litigation and all Released Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or this Order and Final Judgment.

24. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated this 30th day of June, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge