1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, Individually and on Behalf of All Others Similarly Situated, | No. CV-12-00555-PHX-DGC |
| Plaintiff, | CLASS ACTION |
| vs. | ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4) |
| First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Bruce Sohn and David Eaglesham, | |
| Defendants. | |

Lead Counsel seek an award of attorneys' fees and expenses incurred in the Litigation and an award to Lead Plaintiffs.  A hearing was held on June 30, 2020.

IT IS ORDERED:

1.     This order incorporates by reference the definitions in the Stipulation of Settlement, dated February 14, 2020 (the "Stipulation"), and all capitalized terms in this order shall have the same meanings as set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of this application and all matters related to it, including all Class Members who have not timely and validly requested exclusion.

3.     Notice of Lead Counsel's request for attorneys' fees and expenses was given to all Class Members who could be located with reasonable effort.  The form and method

1   of notifying the Class met the requirements of Rule 23 of the Federal Rules of Civil

2   Procedure and 15 U.S.C. § 78u-4(a)(7), the Securities Exchange Act of 1934, as amended

3   by the Private Securities Litigation Reform Act of 1995, and due process, constituted the

4   best notice practicable under the circumstances, and constituted due and sufficient notice

5   to all persons and entities entitled to notice.

6          4.      The Court awards Lead Counsel attorneys' fees of $65,905,000.00 (18.83%

7   of the Settlement Amount), plus expenses in the amount of $5,263,516.69, together with

8   the interest earned on both amounts for the same time period and at the same rate as earned

9   on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair,

10  reasonable, and appropriate under the "percentage-of-recovery" method.

11         Plaintiffs' counsel correctly note that 25% is the benchmark for percentage fees in

12  common fund cases in the Ninth Circuit.  *See Paul, Johnson, Alston & Hunt v. Graulty*,

13  886 F.2d 268, 272-73 (9th Cir. 1989); *Six (6) Mexican Workers v. Ariz. Citrus Growers*,

14  904 F.2d 1301, 1311 (9th Cir. 1990) ("In *Graulty*, we established 25 percent of the fund as

15  the 'benchmark' award that should be given in common fund cases."); *Roberts v. Heim*,

16  No. C 84-8069 TEH, 1991 WL 427888, at *6 (N.D. Cal. Aug. 28, 1991) ("It is . . . well-

17  established that the percentage of total recovery is an appropriate method to determine

18  attorney fees in securities class actions. . . .  According to the Ninth Circuit, attorney fees

19  should generally be between 20% and 30% of the settlement fund, with the bench mark

20  being 25%.") (citing *Graulty*); *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 3:17-CV-

21  2335-GPC-MDD, 2020 WL 520616, at *7 (S.D. Cal. Jan. 31, 2020) ("[T]he 'benchmark'

22  for attorneys' fees in the Ninth Circuit is typically 25% of the common fund[.]") (citing *In*

23  *re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)); *Marshall v.*

24  *Safeco Ins. Co. of Ill.*, No. CV 19-82-BLG-TJC, 2020 WL 773420, at *6 (D. Mont. Feb.

25  18, 2020) ("The Ninth Circuit has recognized that the benchmark for attorney fees in class

26  actions is typically 25% of the plaintiff's damages.") (citing *Hanlon v. Chrysler Corp.*, 150

27  F.3d 1011, 1029 (9th Cir. 1998)).

28

The amount awarded Lead Counsel is substantial, but well below the Ninth Circuit's 25% benchmark.  The Court finds it reasonable in light of the risk assumed by Lead Counsel in litigating this case for some eight years while investing more than $5 million of their own money and incurring more than $28 million in attorney time, as well as by the substantial and favorable result achieved for Lead Plaintiffs and the Class.  The Court also notes that the precise amount of the recovery – 18.83% of the settlement – is dictated by the fee agreement negotiated at the beginning of this case between Lead Counsel and Lead Plaintiffs, which are sophisticated entities.

Larger amounts have been approved by Courts in this Circuit in comparable securities fraud class actions.  In *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018), for example, the court found that "awarding $95.9 million in attorneys' fees is reasonable . . . [b]ecause the 20 percent award requested is below the 'benchmark' percentage for a reasonable fee award in the Ninth Circuit." *Id.* at *13.  The court relied in part on a report "document[ing] a median attorneys' fee of 22 percent in settlements of $100-500 million and 17 percent in settlements of $500 million-$1 billion[.]" *Id.* (citing NERA Economic Consulting, Recent Trends in Securities Class Action Litigation: 2017 Full-Year Review at 42 (2018)).  These numbers confirm the reasonableness of the fee request in this case.

5.      In making this award of fees and expenses, the Court finds that:

(a)      the Settlement has created a fund of $350,000,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

(b)      over 848,000 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 19% of the Settlement Amount and for expenses in an amount not to exceed $6,000,000, plus interest on both amounts, and no substantive objections were made;

1        (c)      Lead Counsel have pursued the Litigation and achieved the Settlement

2    with skill, perseverance, and diligent advocacy;

3        (d)      Lead Counsel have expended substantial time and effort pursuing the

4    Litigation on behalf of the Class;

5        (e)      Lead Counsel pursued the Litigation on a contingent basis, having

6    received no compensation during the Litigation, and any fee amount has been contingent

7    on the result achieved;

8        (f)      the Litigation involved complex factual and legal issues and, in the

9    absence of settlement, would have involved lengthy proceedings whose resolution would

10   be uncertain;

11       (g)      public policy concerns favor the award of reasonable attorneys' fees

12   and expenses in securities class action litigation; and

13       (h)      the attorneys' fees and expenses awarded are fair and reasonable and

14   consistent with awards in similar cases within the Ninth Circuit.

15       6.      The awarded attorneys' fees and expenses and interest shall be paid to Lead

16   Counsel immediately upon execution of the Order and Final Judgment and this order, and

17   subject to the terms, conditions and obligations of the Stipulation, and in particular the

18   terms of ¶6.2, which terms, conditions and obligations are incorporated herein.  After

19   considering the method for distribution of the Settlement to the Class, and the declaration

20   of Ross D. Murray (Doc. 721), the Court finds that the entirety of the Settlement Fund,

21   except for a small holdback for taxes and related expenses, will be paid to the Class.  The

22   Court therefore finds that the fees awarded Lead Counsel will not exceed a reasonable

23   percentage of the amount "actually paid to the class."  15 U.S.C. § 78u-4(a)(6).

24       7.      Any appeal or any challenge affecting this Court's approval regarding the

25   Fee Motion shall in no way disturb or affect the finality of the Order and Final Judgment

26   entered with respect to the Settlement.

27       8.      Pursuant to 15 U.S.C. § 78u-4(a)(4), the Court awards $42,591.42, plus

28   interest, to Lead Plaintiffs Mineworkers Pension Scheme and the British Coal Staff

1   Superannuation Scheme in order to reimburse them for their time and expenses directly

2   related to their representation of the Class.

3          9.      In the event that the Settlement is terminated or does not become Final or the

4   Effective Date does not occur in accordance within the terms of the Stipulation, this order

5   shall be rendered null and void to the extent provided in the Stipulation and shall be vacated

6   in accordance with the Stipulation.

7          10.     The Court has reviewed the letters submitted by Katherine A. Vinceri and

8   Jeanne I. Levesque, and finds that they raise no substantive objection to this motion.

9          Dated this 30th day of June, 2020.

_David G. Campbell_

David G. Campbell
Senior United States District Judge