**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Smilovits, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>First Solar, Inc., Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff, James Zhu, Bruce Sohn and David Eaglesham,<br><br>Defendants. | No. CV-12-00555-PHX DGC<br><br>**ORDER** |

Class Counsel Robbins Geller Rudman & Dowd LLP moves for an award of $1,900,000 in attorneys' fees from the $19,000,000 settlement obtained by opt-out Plaintiffs Maverick Fund, L.D.C., Maverick Fund USA, Ltd., Maverick Fund II, Ltd., Maverick Neutral Fund, Ltd., Maverick Neutral Levered Fund, Ltd., Maverick Long Fund, Ltd., and Maverick Long Enhanced Fund, Ltd. (collectively, "Maverick"). The motion is fully briefed and oral argument was held today. The Court will deny the motion.

The Court previously entered an order establishing a set-aside account for possible fee awards from opt-out settlements. Doc. 669. The Court stated that it would "make an independent determination of the reasonableness of fees to be awarded any counsel from the Account. Consistent with 15 U.S.C. § 78u-4(a)(6), the Court will ensure that the total attorneys' fees and expenses awarded by the Court to Class Counsel, from any source

including the Account, shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the Class." *Id.* at 7.

The Class Action settled for $350 million, and the Court awarded Class Counsel $65,905,000 in attorneys' fees (18.83% of the settlement amount) and $5,263,516.69 in expenses, with interest. Doc. 731 at 2. The Court found these amounts fair, reasonable, and appropriate. *Id.* The Court learned from Class Counsel's fee application, and noted in its order awarding fees, that "the precise amount of the recovery – 18.83% of the settlement – is dictated by the fee agreement negotiated at the beginning of this case between Lead Counsel and Lead Plaintiffs, which are sophisticated entities." Doc. 731 at 3. Class Counsel received the maximum amount they were allowed under the fee agreement they negotiated.

The Court concludes that the fees and expenses already paid to Class Counsel constitute "a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C. § 78u-4(a)(6). Class Counsel themselves established the reasonableness of this percentage in their agreement with Lead Plaintiffs. Because the PSLRA provides that "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed" a reasonable percentage (*id.*), and Class Counsel themselves established the reasonableness of their percentage, the Court, in its discretion, will not award more. Class Counsel have been well and fully paid for the work they did in this litigation, including any work that may have benefitted Maverick.

**IT IS ORDERED:**

1. Class Counsel's application for additional attorneys' fees (Doc. 737) is **denied**. Money in the "First Solar Securities Class Action Fee and Expense Account" shall be remitted pro rata to the opt-out plaintiffs from whose settlements it was withheld.

2. The motion to seal (Doc. 742) is **granted**.

Dated this 4th day of September, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge